UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş.<br><br>  Plaintiff,<br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>  Defendant. | 22-cv-00349 |

**COMPLAINT**

Ereğli Demir ve Çelik Fabrikaları T.A.Ş. (Erdemir), a Turkish producer and exporter of merchandise subject to the antidumping duty order covering certain hot-rolled steel flat products from Turkey, by and through its counsel, brings this action against defendant, U.S. International Trade Commission (Commission). This case is about what should happen when the factual underpinnings of an injury determination are subsequently found to have been erroneous and thus do not support the injury determination at all. Should the Commission correct the error, or ignore the facts and carry on as if the factual underpinnings were not affected?

In 2016, the Commission simultaneously investigated imports of dumped and subsidized hot-rolled steel from Turkey. In the countervailing duties (CVD) injury investigation, the Commission found that imports from Turkey were negligible because U.S. imports from the largest shipper, Çolakoğlu Dis Ticaret A.Ş., were excluded from the universe of subject imports upon the Commerce Department's determination that Çolakoğlu was free of subsidies. The Commission found that the remaining import volume from Turkey, without Çolakoğlu, was below the 3% threshold and not likely to exceed that threshold, and the Commission therefore

made a negative injury determination in the CVD case. In the antidumping (AD) case, on the other hand, the Commerce Department found that Çolakoğlu had exported HRS to the United States at less-than-fair value (LTFV). The Commission therefore included imports from Çolakoğlu in the universe of subject imports, and went on to make an affirmative injury determination in the AD case against Turkey. In short, the Commission made a negative determination in the CVD case and an affirmative determination in the AD case, and the different outcomes were based solely on the exclusion of Çolakoğlu from the universe of imports in the CVD case and the inclusion of such imports in the AD case.

Çolakoğlu appealed Commerce's AD determination. The Court of International Trade (CIT) agreed that Commerce erred. After multiple remands, the Commerce Department ultimately corrected its methodological error and calculated a zero margin for Çolakoğlu, which was upheld by this Court. Çolakoğlu was thereupon excluded from the AD order retroactive to Commerce's preliminary determination. Had Commerce acted lawfully in its AD investigation, Commerce would have found that Çolakoğlu's U.S. sales were not at LTFV, and therefore would have made a negative final determination as to Çolakoğlu, just as it did in the CVD case. Further, the Commission would then have found imports from Turkey negligible in the AD investigation, just as it did in the CVD investigation; that is, the Commission would have terminated the injury investigation for both AD and CVD purposes. There would have been no AD Order.

When Çolakoğlu was excluded from the AD order by reason of Commerce's remand determination, Erdemir requested that the Commission address this change in the underlying facts either (1) in a reconsideration proceeding, (2) in a changed circumstances review (CCR), or (3) in the then-pending sunset review; Erdemir maintained that, with Çolakoğlu excluded from

the AD order, the remaining imports were insufficient to support the injury determination that is a necessary condition for the existence of a dumping order. The Commission elected to bypass Erdemir's claims and carry on as if the factual underpinnings of the AD Order had never been affected. Erdemir brings this appeal because it has been adversely aggrieved by the Commission's refusal to correct the error in a reconsideration proceeding. Erdemir alleges and states as follows:

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff seeks judicial review of the Commission's decision denying Erdemir's request to institute a reconsideration proceeding in *Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding and the United Kingdom*, 87 Fed. Reg. 73,331 (Int'l Trade Comm'n Nov. 29, 2022) ("*Reconsideration Denial*").

## JURISDICTION

2. Paragraph 1 is hereby realleged and incorporated by reference.

3. This Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1581(i)(2) and (4) and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, 704, & 706, because Erdemir has been adversely affected or aggrieved by the Commission's unlawful decision not to conduct a reconsideration proceeding, and this decision relates to "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue," and the "administration and enforcement" of those duties. The decision by the Commission not to conduct a reconsideration proceeding is not listed under 19 U.S.C. §§ 1516a or 1517, and thus jurisdiction here does not arise under 28 U.S.C. § 1581(c). The decision also does not arise

under other subsections of 28 U.S.C. § 1581(a) through (h), and thus jurisdiction is not available under any other subsection of 28 U.S.C. § 1581.

## STANDING

4. Paragraphs 1-3 are hereby realleged and incorporated by reference.

5. Erdemir was adversely affected or aggrieved by the Commission's decision not to conduct a reconsideration proceeding within the meaning of the APA. 5 U.S.C. § 702; see 28 U.S.C. § 2631(i) ("Any civil action of which the Court of International Trade has jurisdiction . . . may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5."). Erdemir suffered injury in fact as a result of that decision. Accordingly, Erdemir has standing to bring its claim.

## TIMELINESS OF ACTION

6. Paragraphs 1-5 are hereby realleged and incorporated by reference.

7. The Commission published its *Reconsideration Denial* on November 29, 2022. Erdemir commenced this action by timely filing a Summons on December 26, 2022, within 2 years of the Commission's *Reconsideration Denial and* concurrently filing this Complaint. Accordingly, Erdemir has filed its summons and complaint within the time limits set forth in 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(3) of the Rules of the Court of International Trade.

## BACKGROUND

8. Paragraphs 1-7 are hereby realleged and incorporated by reference.

9. The U.S. Department of Commerce (Commerce) and the Commission initiated antidumping (AD) and countervailing duty (CVD) investigations of hot-rolled steel from Turkey in August and September 2015. *See Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom; Institution of*

*Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations*, 80 Fed. Reg. 50,028 (Int'l Trade Comm'n Aug. 18, 2015) ("*Injury Initiation*"); *Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, the Republic of Korea, the Netherlands, the Republic of Turkey, and the United Kingdom: Initiation of Less-Than-Fair Value Investigations*, 80 FR 54261 (Dep't of Commerce Sept. 9, 2015) ("*AD Initiation*"); *Certain Hot-Rolled Steel Flat Products From Brazil, the Republic of Korea, and Turkey: Initiation of Countervailing Duty Investigations*, 80 Fed. Reg. 54,267 (Dep't of Commerce Sept. 9, 2015) ("*CVD Initiation*").

10. The Commission preliminarily found that imports from Turkey were above the 3% threshold for exclusion from investigation on grounds of negligibility. *See Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom*, Inv. Nos. 701-TA-545-547 & 731-TA-1291-1297 (prelim), USITC Pub. 4570 (Oct. 2015), at 14.

11. The Department of Commerce, however, found that subject imports of Çolakoğlu were not subsidized, and excluded Çolakoğlu from the CVD investigation. *Countervailing Duty Investigation of Certain Hot-Rolled Steel Flat Products From the Republic of Turkey: Final Affirmative Determination*, 81 Fed. Reg. 53,433, 53,434-53,435 (Dep't of Commerce Aug. 12, 2016) ("*Turkey CVD Final*").

12. In the AD investigation, Commerce calculated an above *de minimis* dumping margin for Çolakoğlu. *Certain Hot-Rolled Steel Flat Products From the Republic of Turkey: Final Affirmative Determination of Sales at Less Than Fair Value*, 81 Fed. Reg. 53,428, 53,429 (Dep't of Commerce Aug. 12, 2016) ("*Turkey Final LTFV*").

13. Because Commerce found Çolakoğlu unsubsidized, the Commission, in its final injury analysis, excluded Çolakoğlu's unsubsidized imports, and found Turkish subsidized import volume fell below negligible levels. Accordingly, the Commission terminated the injury investigation of subsidized imports from Turkey. *Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom*, 81 Fed. Reg. 66,996 (Sept. 29, 2016) ("*HRS ITC Notice*"); *see also, Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom*, Inv. Nos. 701-TA-545-547 & 731-TA-1291-1297 (Final), USITC Pub. 4638 (Sept. 2016) ("*HRS ITC Final*"), at 1 & n.2, 3, 12-14 ("We consequently determine that subsidized subject imports from Turkey are negligible and terminate the countervailing duty investigation on hot-rolled steel from Turkey.").

14. Because Çolakoğlu was found to have an above *de minimis* dumping margin, the Commission included all Turkish imports as subject imports, found subject AD imports from Turkey were not negligible, and found material injury by reason of subject imports from Turkey and other subject countries. *See id.*, at 1, 3, 13 ("{I}mports from Turkey that are subject to the antidumping duty investigation are different from those subject to the countervailing duty investigation. Hot-rolled steel imports from Turkey that are subject to the antidumping duty investigation were 7.4 percent of total imports during this period and therefore were above negligible levels.").

15. Consequently, Commerce entered an AD order on hot-rolled steel from Turkey. *Certain Hot-Rolled Steel Flat Products From Australia, Brazil, Japan, the Republic of Korea, the Netherlands, the Republic of Turkey, and the United Kingdom: Amended Final Affirmative Antidumping Determinations for Australia, the Republic of Korea, and the Republic of Turkey*

*and Antidumping Duty Orders*, 81 Fed. Reg. 67,962 (Dep't of Commerce Oct. 3, 2016) ("*AD Order*").

16. The Domestic Interested Parties (DIPs) appealed the Commission's negative injury determination, based upon negligible imports, in relation to the Turkish CVD investigation. DIPs had raised several issues challenging the negligibility determination before the Commission, and raised them again before this Court. In that appeal, this Court rejected all of DIPs arguments and affirmed the Commission's negligibility determination. *Nucor Corp. v. United States*, 296 F. Supp. 3d 1276 (Ct. Int.'l Trade 2018).

17. Çolakoğlu and Erdemir appealed Commerce's final determination of sales at less than fair value (the *Turkey Final LTFV* and *AD Order*). For Çolakoğlu's appeal, this Court concluded that Commerce's decisions relating to duty drawback and the international freight expenses were unlawful as not supported by substantial evidence or reasoned explanations and, after three remands over four years, affirmed Commerce's redetermination on remand that Çolakoğlu's imports were not sold at less than fair value (that is, they were not dumped, they were fairly traded). *Ereğli Demir ve Çelik Fabrikaları T.A.Ş v. United States*, 308 F. Supp. 3d 1297, 1314-1320, 1328 (Ct. Int'l Trade 2018); *Ereğli Demir ve Çelik Fabrikaları T.A.Ş v. United States*, 357 F. Supp. 3d 1325, 1329-1334, 1336 (Ct. Int'l Trade 2018); *Ereğli Demir ve Çelik Fabrikaları T.A.Ş v. United States*, 415 F. Supp. 3d 1216, 1222-32 (Ct. Int'l Trade 2019); *Eregli Demir ve Çelik Fabrikalari T.A.S. v. United States*, 435 F. Supp. 3d 1378, 1380 (Ct. Int'l Trade 2020) ("The changes resulted in an estimated weighted-average dumping margin of zero percent for Çolakoğlu and, thus, Çolakoğlu will be excluded from the relevant antidumping duty order.").

18. Commerce therefore excluded Çolakoğlu from the antidumping duty order ("AD Order") retroactively to the original suspension of liquidation in the underlying investigation (*i.e.,* to the

date of the original preliminary determination) *Certain Hot-Rolled Steel Flat Products From Turkey: Notice of Court Decision Not in Harmony With the Amended Final Determination in the Less-Than-Fair-Value Investigation; Notice of Amended Final Determination, Amended Antidumping Duty Order; Notice of Revocation of Antidumping Duty Order in Part; and Discontinuation of the 2017–18 and 2018–19 Antidumping Duty Administrative Reviews, in Part*, 85 Fed. Reg. 29,399 (Dep't of Commerce May 15, 2020) ("*Turkey Partial Revocation*").

19. As a consequence of the determination that Çolakoğlu's sales were fairly traded during the period of investigation (POI), but for Commerce's initial unlawful decisions, the volume of subject imports considered by the Commission would have been below the negligibility threshold for the AD injury investigation, just as they had been for the CVD injury investigation: there would be no AD order on hot-rolled steel flat products from Turkey.

20. The Commission's record for LTFV imports is identical to the record for subsidized imports, thus – given that the CVD record finding of negligibility precluded a CVD order – the AD order could no longer be considered as having been supported by a sufficient level of subject imports from Turkey to warrant an affirmative injury determination.

21. In May 2021, Erdemir asked the Commission to reconsider its injury finding as to Turkey in light of Çolakoğlu's exclusion from the AD order.

22. The Commission took no action on that request.

23. In July 2021, Erdemir again asked the Commission to reconsider its injury finding as to Turkey.

24. In June 2022, the Commission initiated a full five-year review (sunset review) of hot-rolled steel from Turkey and other countries to determine whether revocation of the orders would lead to continuation or recurrence of injury.  See *Hot-Rolled Steel Flat Products From Australia,*

*Brazil, Japan, Korea, Netherlands, Russia, Turkey, and the United Kingdom; Scheduling of Full Five-Year Reviews*, 87 Fed. Reg. 36,343 (Int'l Trade Comm'n June 16, 2022) ("*Scheduling Notice*").

25. The Commission published the initiation of the sunset review on September 1, 2021. *Hot-Rolled Steel Flat Products From Australia, Brazil, Japan, Korea, the Netherlands, Russia, Turkey, and the United Kingdom; Institution of Five-Year Reviews*, 86 Fed. Reg. 49,057 (Int'l Trade Comm'n Sep. 1, 2021).

26. Also in September 2021, Erdemir supplemented its earlier request, noting that the Federal Circuit had dismissed the petitioners' appeal of the Çolakoğlu AD case, and thus Çolakoğlu's exclusion from the order became final and conclusive as to all parties. In this September 2021 submission, Erdemir requested that the Commission conduct a changed circumstances review (CCR) as to the continued viability of the AD order on HRS from Turkey, and, in the alternative, requested that the Commission could conduct a reconsideration proceeding.

27. In December 2021, the Commission published a request for comments on whether to initiate a CCR, and on whether a CCR addressing this issue could be conducted as part of the sunset review, stating that it was likely to conduct the CCR "on an overlapping basis with the {sunset} review." *Hot-Rolled Steel Flat Products From Turkey; Request for Comments Regarding the Institution of a Section 751(b) Review Concerning the Commission's Affirmative Determination*, 86 Fed. Reg. 68,512, 68,513 (Int'l Trade Comm'n Dec. 2, 2021) ("*Request for Comments*").

28. Erdemir filed comments in response to the *Request for Comments*, demonstrating that the legal standard for initiating a CCR was satisfied and that the Commission should conduct a CCR.

Erdemir also asserted that it would be preferable for the Commission to address the issue in a reconsideration proceeding rather than a CCR or the sunset review.

29. The Commission conducted its sunset review, receiving pre- and post-hearing briefs in September 2022.  Erdemir argued that the Commission should (i) reconsider its initial AD injury determination in light of the exclusion of Çolakoğlu from the AD order retroactive to Commerce's preliminary determination, (ii) find subject imports from Turkey negligible for AD purposes just as it had for CVD purposes, and (iii) retroactively terminate the AD injury investigation of subject imports from Turkey.

30. The Commission issued a decision declining to initiate a CCR, and declining to conduct a reconsideration proceeding on November 23, 2022.  *Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding and the United Kingdom*, 87 Fed. Reg. 73,331 (Int'l Trade Comm'n Nov. 29, 2022).

31. The Commission explained that it declined to conduct a reconsideration proceeding claiming that Erdemir's circumstances did not qualify under the Commission's definition of "extraordinary circumstances," that Erdemir could have challenged the original injury determination in 2016, and that the presumption of finality outweighs Erdemir's right to accuracy in decision making;  three of the five Commissioners further asserted that the statute and the *Statement of Administrative Action accompanying the Uruguay Round Agreements Act* ("SAA"), H.R. Doc. No. 103-316, vol. 1 (1994), *reprinted in* 1994 U.S.C.C.A.N. 4040, show that Congress intended changes of the type raised here should not be a basis for reconsideration. *Id.*, 87 Fed. Reg. at 73,332.

32. In reaching this decision not to conduct a reconsideration, the Commission ignored arguments raised by Erdemir, including arguments establishing that the Commission has reconsidered similar situations in the past and has stated that reconsideration is the preferred path for such circumstances and sidestepping entirely Erdemir's argument that it could not have appealed the original injury determination in light of precedents of this Court precluding parties from using CIT simply to maintain the appealability of an ITC case while an appeal of the Commerce side of an investigation is ongoing.

33. The Commission issued its sunset-review final determination on November 29, 2022, publishing concurrently its explanation for its decision. *Sunset Publication*, USITC Pub. 5380. The Commission published its decision on December, 2, 2022. *Sunset Final*, 87 Fed. Reg. 74,167.

34. The Commission acknowledged in the sunset review that Erdemir had raised arguments in the sunset review and in the requests for CCR and for reconsideration that the Commission could reconsider the original investigation negligibility decision in the sunset review. *Sunset Publication*, USITC Pub. 5380 at 26 and n.132, I-7 & n.30. But the Commission declined to address the arguments in the sunset review, explaining that the Erdemir raised the arguments in "proceedings outside of these {sunset} reviews and the Commission has addressed them there." *Sunset Final*, 87 Fed. Reg. 74,167, and *Sunset Publication*, USITC Pub. 5380 at 48 & n.298.

35. The Commission published its final decision in the sunset review, continuing the AD order on hot-rolled steel from Turkey. *See Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom: Continuation of Antidumping Duty Orders (Australia, Japan, Korea, the Netherlands, Turkey, and United*

*Kingdom) and Countervailing Duty Order (Korea) and Revocation of Antidumping and Countervailing Duty Orders (Brazil)*, 87 Fed. Reg. 78,642 (Int'l Trade Comm'n Dec. 22, 2022).

## CLAIMS

### COUNT I

36. Paragraphs 1-35 are hereby realleged and incorporated by reference.

37. Erdemir repeatedly requested that the Commission reconsider its AD injury determination in light of Çolakoğlu's exclusion from the AD order, but the Commission took no action on Erdemir's requests.

38. The Commission has the authority to reconsider and correct errors in the AD negligibility determination in the original investigation, and wrongfully declined to reconsider the negligibility decision of its original investigation in light of the retroactive exclusion of Çolakoğlu from the AD order. The Commission's rejection of Erdemir's requests for reconsideration was agency action unlawfully withheld; was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and otherwise not lawful under 5 U.S.C. § 706.

### PRAYER FOR RELIEF

Wherefore, and as challenged herein, Plaintiff respectfully requests that this Court enter judgment:

1. Holding the Commission's decision is unlawful as unlawfully withheld, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and otherwise not lawful under 5 U.S.C. § 706.

2. Sustaining Count I of plaintiff's complaint;

3. Remanding the matter to the Commission with instructions for the Commission to conduct a reconsideration inquiry, consistent with the decision of this Court; and,

4. Awarding plaintiff such additional relief as the Court may deem just and appropriate.

    Respectfully submitted,

    David L. Simon, Esq.
    Mark B. Lehnardt, Esq.

    LAW OFFICES OF DAVID L. SIMON, PLLC
    1025 Connecticut Avenue, NW, Suite 1000
    Washington, DC 20036 USA
    Tel. 202-481-9000
    e-mail: DLSimon@DLSimon.com
    Counsel to Ereğli Demir Ve Çelik
    Fabrikalari T.A.Ş.

December 26, 2022