UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş.<br><br>                    Plaintiff,<br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>                    Defendant. | 22-cv-00349 |

**OPPOSITION TO MOTION TO INTERVENE AS A MATTER OF RIGHT
OF UNITED STATES STEEL CORPORATION**

Plaintiff Ereğli Demir ve Çelik Fabrikaları T.A.Ş. (Erdemir), by and through its counsel, opposes the Motion To Intervene As A Matter Of Right (Mot. to Intervene) submitted by proposed defendant-intervenor, United States Steel Corporation ("USSC") for the reasons set forth herein.  USSC seeks to intervene of right in this case under 28 U.S.C. § 2631(j)(1)(B) and Rule 24(a) of the Rules of this Court.  But these are not the correct provisions under which to intervene here.  Further, USSC has failed to provide the Court with information required to intervene in this case under Rule 24 of the Court's rules.  Accordingly, this Court should deny USSC's motion.

Rule 24 of the Court's Rules provides for intervention of right for parties given an unconditional right to intervene by federal statute, in actions under 19 U.S.C. § 1517, or in actions under 28 U.S.C. § 1581(c).  *See* U.S.C.I.T. R.24(a).  The Rules allow for permissive intervention when a party has a conditional right to intervene by federal statute or "has a claim or defense that shares with the main action a common question of law or fact."  U.S.C.I.T. R.24(b)(1).  Similarly, section 2631(j) generally provides for intervention "by leave of court,"

but its subsection (b) provides for intervention as a matter of right in cases arising under 19 U.S.C. § 1516a to interested parties who were parties to the underlying proceeding. *See* 28 U.S.C. § 2631(j).

USSC seeks intervention under 28 U.S.C. § 2631(j)(1)(B) and Rule 24(a). These provisions apply to intervention of right in cases arising under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c). *See* 28 U.S.C. § 2631(j)(1)(B) and U.S.C.I.T. R.24(a). Under sections 2631(j)(1)(B) and Rule 24(a), a proposed intervenor merely need be an interested party that participated in the underlying administrative proceeding. *See id.* Indeed, these are the only factual precedents USSC asserts in its motion, along with its interest in the case. *See* Mot.to Intervene at 1-2. But these pleadings are insufficient to intervene in the present appeal.

Erdemir filed this case under 28 U.S.C. § 1581(i)(1)(B) and (D) and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, 704, & 706, because the decision Erdemir appeals here – the Commission's unlawful decision not to conduct a reconsideration proceeding – is not a decision listed under 19 U.S.C. § 1516a. *See Complaint*, ¶¶3, 5, 37-38. Thus, jurisdiction for this case does not arise under 28 U.S.C. § 1581(c), and intervention is not permitted under 28 U.S.C. § 2631(j)(1)(B) and Rule 24(a) of the Rules of this Court. Instead, the avenue for intervention is the general provision for intervention with leave of this Court under 28 U.S.C. § 2631(j)(1) and (2) and the specific rule for permissive intervention under Rule 24(b) of the Rules of this Court. This Court has previously clarified so: "{i}n 28 U.S.C. § 1581(i) cases, intervention is left to the sound discretion of the court." *See Neo Solar Power Corp. v. United States*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2 (June 17, 2016) (*citing Vivitar Corp. v. United States*, 7 CIT 165, 169, 585 F. Supp. 1415, 1419 (1984) (applying USCIT Rule 24(b) and 28 U.S.C. § 2631(j)); *see also Severstal Exp. GmbH v. United States*, Slip Op. 18-41, 2018

Ct. Intl. Trade LEXIS 41 (April 13, 2018) (addressing permissive intervention in a case arising under 28 U.S.C. § 1581(i)).  Because USSC incorrectly seeks intervention of right, and not permissive intervention, this Court should deny USSC's motion.

Even were the Court to consider permissive intervention, the Court should decline to grant intervention because USSC has not provided the Court with information the Court needs to exercise its discretion.  USSC provides only its status as interested party and incorrectly claims to have been a party to the underlying proceeding.[1]  A proper motion for permissive intervention requires much more.  Under Rule 24(c) of the Rules of this Court, USSC must have also included "a pleading that sets out the claim or defense for which intervention is sought."  Further, under Rule 24(b)(3) of the Rules of this Court, and section 2631(j)(2), when the Court determines whether to grant permissive intervention, the Court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  USSC has neither included the required pleading nor addressed undue delay or prejudice.

---

[1] USSC incorrectly claims to have been a party to the proceeding below.  USSC did not participate in the any proceeding by the Commission in response to Erdemir's request for reconsideration of the negligibility decision in the original investigation.  *See* ECF 4, *Complaint* at ¶¶ 31-32, 34, 37-38; *Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding and the United Kingdom*, 87 Fed. Reg. 73,331, 73,332-33 (Int'l Trade Comm'n Nov. 29, 2022) ("*CCR and Reconsideration Decision*")  (addressing both the request for changed circumstances review and, separately, the request for a reconsideration proceeding).  In contrast, USSC filed comments in response to the Commission's invitation to comment on Erdemir's request for changed circumstances review, and USSC participated in the sunset review.  *See id.*, 87 Fed. Reg. at 73,332; *Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom: Continuation of Antidumping Duty Orders (Australia, Japan, Korea, the Netherlands, Turkey, and United Kingdom) and Countervailing Duty Order (Korea) and Revocation of Antidumping and Countervailing Duty Orders (Brazil)*, 87 Fed. Reg. 78,642 (Int'l Trade Comm'n Dec. 22, 2022).  The Commission specifically declined to address reconsideration in the sunset review.  And the Commission addressed the request for changed circumstances review separately from reconsideration in the combined Federal Register notice addressing both requests.  *CCR and Reconsideration Decision*, 87 Fed. Reg. at 73,332-33.

This Court has previously found USSC's omissions to weigh against granting intervention.  In *Neo Solar Power*, this Court noted that proposed intervenor, "SolarWorld has not complied with Rule 24(c)(1) as it failed to file a pleading with its motion to intervene.  Accordingly, although SolarWorld has stated that it will oppose Neo's inclusion in the administrative review, SolarWorld has not indicated specifically what defenses and claims it will raise." *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2.  USSC has similarly failed to comply with Rule 24(c)(1), stating only that it "seeks intervention on the side of the Defendant," but provides no indication of defenses or claims it would raise.

Further USSC does not address the delay and prejudice to Erdemir as required by Rule 24(b)(3) of the Rules of this Court, and 28 U.S.C. § 2631(j)(2).  This Court has previously explained that "{a}additional parties always add additional time, effort, and expense." *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2-*3 (*citing Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943)); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6 (same).  Further, because USSC relies merely upon its interested-party and false claim of party-to-the-proceeding status, it fails to provide any reason why such a standard for intervention wouldn't unduly delay proceedings by allowing any interested party who was a party to the proceeding to intervene.  *See Neo Solar.* at *5 ("other domestic producers could seek to intervene on similar grounds in support of similar tangential interests, which would only cause undue delay and prejudice to the present parties" (*citing Vivitar*, 7 CIT at 169, 585 F. Supp. at 1419 ("Because of the potential for a vast number of applications for intervention by persons in the position of [the moving party], permitting intervention does not appear to be in the interest of judicial economy."); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *5 (same).  Without more, the Court can only speculate that

USSC's arguments would only be duplicative of the Commission's arguments, which weighs against intervention. *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6.

USSC's motion asserts a right to intervene when no such right exists. USSC failed to comply with Rule 24(b) and 28 U.S.C. § 2631(j)(2) by failing to include a pleading with its motion and failing to address delay and prejudice. USSC has not provided the Court with any grounds to grant its motion to intervene. Accordingly, this Court should reject USSC's motion.

                                                    Respectfully submitted,

                                                    David L. Simon, Esq.
                                                    Mark B. Lehnardt, Esq.

                                                    LAW OFFICES OF DAVID L. SIMON, PLLC
                                                    1025 Connecticut Avenue, NW, Suite 1000
                                                    Washington, DC 20036 USA
                                                    Tel. 202-481-9000
                                                    e-mail: DLSimon@DLSimon.com

                                                    *Counsel to Ereğli Demir Ve Çelik*
                                                    *Fabrikalari T.A.Ş.*

February 2, 2022