UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş.<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>      Defendant. | 22-cv-00349 |

**OPPOSITION TO MOTION TO INTERVENE**
**OF CLEVELAND-CLIFFS INC.**

  Plaintiff Ereğli Demir ve Çelik Fabrikaları T.A.Ş. (Erdemir), by and through its counsel, opposes the Partial Consent Motion To Intervene submitted by proposed defendant-intervenor, Cleveland-Cliffs Inc. ("CC"). CC seeks permissive intervention in this case under 28 U.S.C. § 2631(j)(2) and Rule 24(b)(1) of the Rules of this Court. CC, however, omits relevant information about this appeal, incorrectly claims it was a party to the proceeding below, and fails to provide the Court with information required for intervention under Rule 24 of the Court's rules. Accordingly, this Court should deny CC's motion with prejudice.

  **I. CC OMITS RELEVANT FACTUAL INFORMATION ABOUT THIS APPEAL**

  CC omits relevant information in its discussion of the factual background of this action. CC asserts that Erdemir sought reconsideration "because Commerce found, on remand, that another Turkish producer named Colakoglu had not sold its hot-rolled steel in the United States at less than fair value," and that Erdemir sought a changed circumstances review (CCR), arguing

1

that a CCR "was warranted by the change in margins for Colakoglu on appeal." *See* CC Mot. at 2. CC omits from its discussion two key pieces of information and the larger context for this appeal:

1. Colakoglu's margin changed from above *de minimis* to below *de minimis*, and thus Colakoglu was retroactively excluded from the antidumping duty (AD) order;

2. Without Colakoglu's import volume, total subject imports from Turkey fell below the threshold for negligible imports, which requires that the ITC terminate an AD investigation; and

3. When the same negligibility finding was made in the countervailing duty investigation (that Colakoglu's imports were not subsidized), the ITC found that subject imports from Turkey fell below negligible levels and terminated the CVD investigation of hot-rolled steel from Turkey.

The mere exclusion of a respondent from an AD or CVD order, by itself, is not grounds for reconsideration. When the exclusion is paired with a drop in subject import volume to below negligible levels – a situation that would normally result in termination of the investigation – the circumstances are ripe for reconsideration. This appeal centers on the Commission's decision to ignore the effect of the drop in subject import volume retroactive to the investigation.

Similarly, although not relevant to the reconsideration request, the mere change in margins, without more is not grounds for a CCR. The change in margins from above *de minimis* to below *de minimis* coupled with a decrease in subject import volumes to below negligible levels, retroactive to the investigation, provide a showing of "changed circumstances sufficient to warrant a review." 19 U.S.C. § 1675(b)(1). In the investigation, such a change would lead to termination of the investigation. This appeal seeks the same result despite the delay in finding Colakoglu's imports were fairly traded and should not have been included with subject import volume for purposes of the negligibility determination.

The facts giving rise to this appeal are compelling.  During the investigation, the Department of Commerce found Colakoglu's imports were not subsidized, and thus its import volume was excluded from subject imports considered by the Commission.  *See* ECF 4, *Complaint* at ¶¶10-11, 13.  With Colakoglu's import volume excluded, subject imports from Turkey were negligible and the ITC properly terminated the CVD investigation.  *See* ECF 4, *Complaint* at ¶13.  The Commission's CVD negligibility determination was affirmed by this Court when domestic producer appealed.  *See* ECF 4, *Complaint* at ¶16 (*citing Nucor Corp. v. United States*, 296 F. Supp. 3d 1276 (Ct. Int.'l Trade 2018)).

This Court found that Commerce should have found Colakoglu's imports in the AD investigation to be fairly traded, and thus Colakoglu was excluded from the AD order.  *See* ECF 4, *Complaint* at ¶¶17-18.  Had Commerce acted in accordance with law during the investigation, Colakoglu's import volume would have been excluded from subject imports considered by the ITC, and subject imports from Turkey would have been negligible for the ITC AD investigation just as they were for the CVD investigation.  The Commission would have made the same negligibility finding and terminated the AD investigation as well.  The fact that Commerce action not in accordance with law was determined several years later should not continue the prejudice Erdemir.

Further, CC mistakenly claims a procedural fact:  that it "was a party to the proceedings before the {Commission} that are the subject of this action."  CC Mot. at 1.  CC's description of its involvement in administrative proceedings establishes the opposite.  CC references only comments filed in the changed circumstances review and the sunset review.  *See id.* at 2-3; *see also id.* at 4-5 (identifying participation in the changed circumstances review and the sunset review).  CC makes no claim to have submitted an information or argument in a proceeding

3

specifically evaluating Erdemir's request for reconsideration. In fact, CC did not participate in the any proceeding by the Commission in response to Erdemir's request for reconsideration of the negligibility decision in the original investigation. *See* ECF 4, *Complaint* at ¶¶ 31-32, 34, 37-38; *Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding and the United Kingdom*, 87 Fed. Reg. 73,331, 73,332-33 (Int'l Trade Comm'n Nov. 29, 2022) ("*CCR and Reconsideration Decision*") (addressing both the request for changed circumstances review and the request for a reconsideration proceeding).

The fact that Erdemir tried to steer the Commission to a reconsideration proceeding by referring to the reconsideration request in filings submitted in the distinct changed circumstances proceeding and sunset review proceeding did not convert the those reviews into a reconsideration proceeding. Erdemir requested reconsideration. The Commission denied Erdemir's request. There was nothing else that can be called a reconsideration proceeding.

CC filed comments in response to the Commission's invitation to comment on Erdemir's request for changed circumstances review, and CC participated in the sunset review. *See id.*, 87 Fed. Reg. at 73,332; *Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom: Continuation of Antidumping Duty Orders (Australia, Japan, Korea, the Netherlands, Turkey, and United Kingdom) and Countervailing Duty Order (Korea) and Revocation of Antidumping and Countervailing Duty Orders (Brazil)*, 87 Fed. Reg. 78,642 (Int'l Trade Comm'n Dec. 22, 2022). The Commission specifically declined to address reconsideration in the sunset review. And the Commission addressed the request for changed circumstances review separately from reconsideration in the combined Federal Register notice addressing both requests. *CCR and Reconsideration Decision*,

4

87 Fed. Reg. at 73,332-33.  Accordingly, CC's claim to have been a party to the proceeding is incorrect.

Further, CC claims that its participation in the changed circumstances review and sunset review show a "strong and compelling interest in ensuring that the Turkish order not be revoked." *Id.* at 5.  Erdemir in this appeal, however, does not seek revocation of an order; Erdemir seeks retroactive termination of the investigation.  "Revocation" is the action that can be the result of a changed circumstances review or a sunset review.  *See* 19 U.S.C. § 1675(b)(2)(A) and (3)(A) (discussing "revocation" of an order pursuant to a changed circumstances review); 19 U.S.C. § 1675(c)(1), (2)(B), (3)(A), and (4)(B) (discussing "revocation" of an order pursuant to a sunset review); 19 U.S.C. § 1675(d)  (discussing "revocation" of an order pursuant to a changed circumstances review or sunset review).

In contrast, when subject imports are found to be negligible, the ITC "terminates" the investigation.  *See* 19 U.S.C. § 1671b(a)(1) ("If the Commission finds that imports of the subject merchandise are negligible or otherwise makes a negative determination under this paragraph, the investigation shall be terminated."); *accord* 19 U.S.C. §§ 1671d(b)(1), 1673b(a)(1), 1673d(b)(1); *see also* ECF 4, *Complaint* at ¶13 (*citing Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom*, Inv. Nos. 701-TA-545-547 & 731-TA-1291-1297 (Final), USITC Pub. 4638 (Sept. 2016), at 1 & n.2, 3, 12-14 ("We consequently determine that subsidized subject imports from Turkey are negligible and terminate the countervailing duty investigation on hot-rolled steel from Turkey."), *id*. at IV-11 ("The statute requires that an investigation be terminated without an injury determination if imports of the subject merchandise are found to be negligible." (*Citing* 19 U.S.C. §§ 1671b(a)(1), 1671d(b)(1), 1673b(a)(1), 1673d(b)(1))).

CC's description of the operative facts of this appeal belies its claim to have an interest in this appeal of the Commission's denial of Erdemir's request for reconsideration of the negligibility decision in the original investigation. Indeed, the facts as CC presents them would not warrant a reconsideration. Further, CC's claimed interest in avoiding revocation of the order is limited to the context of changed circumstances reviews and sunset reviews – the proceedings in which it participated. CC appears to misunderstand the nature of this action and not to have taken the time to consider the complete factual underpinnings. Regardless of why CC misunderstands this case, CC has failed to assert an interest relevant to this specific action.[1]

## II.     CC FAILED TO PROVIDE THE COURT WITH INFORMATION REQUIRED FOR INTERVENTION UNDER RULE 24 OF THE COURT'S RULES

The Court should decline to grant intervention because CC has not provided the Court with required information that the Court needs to evaluate CC's motion and to exercise its discretion. The rules of this Court allow for permissive intervention when a party has a conditional right to intervene by federal statute or "has a claim or defense that shares with the main action a common question of law or fact." USCIT R.24(b)(1). Further, 28 U.S.C. § 2631(j) generally provides for intervention "by leave of court." To evaluate a party's motion for permissive intervention, this Court requires that the party include with its motion "a pleading that sets out the claim or defense for which intervention is sought," USCIT R.24(c)(1), and provide information allowing the Court to "consider whether the intervention will unduly delay or

---

[1] Erdemir did not contest CC's interest in the changed circumstances review and sunset review. *See Ereğli Demir ve Çelik Fabrikaları T.A.Ş. v. United States*, CIT Ct. No. 22-350; *Ereğli Demir ve Çelik Fabrikaları T.A.Ş. v. United States*, CIT Ct. No. 22-351.

prejudice the adjudication of the rights of the original parties." 28 U.S.C. § 2631(j); USCIT R.24(b)(3).

Erdemir filed this appeal under 28 U.S.C. § 1581(i)(1)(B) and (D) and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, 704, & 706, because the decision Erdemir appeals here – the Commission's unlawful decision not to conduct a reconsideration proceeding – is not a decision listed under 19 U.S.C. § 1516a.  Thus, the general provision for intervention with leave of this Court under 28 U.S.C. § 2631(j)(1) and the specific rule for permissive intervention under Rule 24(b) of the Rules of this Court apply to CC's motion.  This Court has previously clarified so: "{i}n 28 U.S.C. § 1581(i) cases, intervention is left to the sound discretion of the court." *See Neo Solar Power Corp. v. United States*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2 (June 17, 2016) (*citing Vivitar Corp. v. United States*, 7 CIT 165, 169, 585 F. Supp. 1415, 1419 (1984) (applying USCIT Rule 24(b) and 28 U.S.C. § 2631(j)); *see also Severstal Exp. GmbH v. United States*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 (April 13, 2018) (addressing permissive intervention in a case arising under 28 U.S.C. § 1581(i)).

Under Rule 24(c) of the Rules of this Court, "{t}he motion must … be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  USCIT R.24(c)(1). This Court has previously found omitting the pleading weighs against granting intervention.  In *Neo Solar Power*, this Court noted that proposed intervenor, "SolarWorld has not complied with Rule 24(c)(1) as it failed to file a pleading with its motion to intervene. Accordingly, although SolarWorld has stated that it will oppose Neo's inclusion in the administrative review, SolarWorld has not indicated specifically what defenses and claims it will raise." *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2.  CC has similarly failed to comply

with Rule 24(c)(1), stating only that it "seeks intervention on the side of the Defendant," but provides no indication of defenses or claims it would raise.

Similarly here, CC did not file with its motion "a pleading that sets out the claim or defense for which intervention is sought." USCIT R.24(c)(1). CC failed to identify specifically what defenses and claims it would raise, asserting only that it has a "unique perspective," and an interest in avoiding revocation of the order. These assertions are not a pleading. CC has failed to comply with the rules of this Court for permissive intervention.

Further, under Rule 24(b)(3) of the Rules of this Court, and 28 U.S.C. § 2631(j)(2), the Court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." This Court has previously explained that "{a}dditional parties always add additional time, effort, and expense." *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at \*2-\*3 (*citing Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943)); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at \*6 (same).

CC attempts to justify intervention by stating that this action is "at a very early stage." *See* ECF 16, CC Mot. at 6. But CC fails to provide any reason why a standard requiring only a "unique perspective" and early notice wouldn't unduly delay proceedings by allowing any interested party timely claiming a "unique perspective" to intervene. *See Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at \*5 ("other domestic producers could seek to intervene on similar grounds in support of similar tangential interests, which would only cause undue delay and prejudice to the present parties" (*citing Vivitar*, 7 CIT at 169, 585 F. Supp. at 1419 ("Because of the potential for a vast number of applications for intervention by persons in the position of {the moving party}, permitting intervention does not appear to be in the interest

8

of judicial economy."); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *5 (same). Further, CC's "very early stage" argument only addresses the time aspect of delay and prejudice, and ignores completely the "effort, and expense" aspects. *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2-*3 (*citing Crosby*, 51 F. Supp. at 973); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6 (same). Without more, the Court can only speculate that CC's arguments would only be duplicative of the Commission's arguments and add to the effort and expense required of the parties and this Court, which weigh against intervention. *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6.

### III.    CONCLUSION

CC's motion asserts an interest in the changed circumstances review and sunset review, and avoiding revocation, but its misunderstanding of relevant underlying substantive and procedural facts (and failure to take the time to get them right) belie any interest in the request for reconsideration. CC failed to comply with Rule 24(b) and 28 U.S.C. § 2631(j)(2) by failing to include a pleading with its motion and failing to adequately address delay and prejudice. CC has not provided the Court with sufficient grounds to grant its motion to intervene. Accordingly, this Court should deny CC's motion with prejudice.

                Respectfully submitted,

                David L. Simon, Esq.
                Mark B. Lehnardt, Esq.

                LAW OFFICES OF DAVID L. SIMON, PLLC
                1025 Connecticut Avenue, NW, Suite 1000
                Washington, DC 20036 USA
                Tel. 202-481-9000
                e-mail:  DLSimon@DLSimon.com

                *Counsel to Ereğli Demir Ve Çelik Fabrikalari T.A.Ş.*

February 2, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş.<br><br>　　　　　　　Plaintiff,<br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>　　　　　　　Defendant. | 22-cv-00349 |

**ORDER**

Upon consideration of the Motion To Intervene As A Matter Of Right ("Motion to Intervene") filed by proposed intervenor, Cleveland-Cliffs Inc., and all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the Motion to Intervene is denied with prejudice.

Dated: _____   _____
　　　　　New York, NY　　　　　　　　　　　　　　　　　JUDGE

0