# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş.<br><br>                          Plaintiff,<br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>                          Defendant. | 22-cv-00349 |

## OPPOSITION TO MOTION TO INTERVENE OF STEEL DYNAMICS, INC., AND SSAB ENTERPRISES, LLC

Plaintiff Ereğli Demir ve Çelik Fabrikaları T.A.Ş. (Erdemir), by and through its counsel, opposes the Partial Consent Motion To Intervene As Defendant-Intervenors submitted by proposed defendant-intervenor, Steel Dynamics, Inc., and SSAB Enterprises, LLC (collectively, "SDI/SSAB").[1] SDI/SSAB seeks intervention as a right under Rule 24(a)(2) of the Rules of this Court, and alternatively, permissive intervention in this case under 28 U.S.C. § 2631(j)(2) and Rule 24(b)(1) of the Rules of this Court.

Intervention is not available under Rule 24(a)(2) in this case because SDI/SSAB has not demonstrated a legally protectable interest, that this case would have direct and immediate effect on SDI/SSAB, or that its interest would not be adequately protected by the Commission. Morevover, SDI/SSAB has not established how it would be adversely aggrieved or affected by a decision in this case, or that its participation would not cause undue delay and prejudice to the original parties to this proceeding, as is required to support a motion for permissive intervention

---

[1] We note that SDI/SSAB has failed to comply with Rule 7 of this Court's rules because it filed a separate motion and brief in support of its motion on January 24, 2023, contrary to Rule 7(b)(1)(B) (effective as of Jan. 23, 2023).

1

under Rule 24(b) of this Court's rules. Accordingly, this Court should deny intervention of right under Rule 24(a)(2), deny permissive intervention under Rule 24(b), and dismiss SDI/SSAB's motion with prejudice.

## I. SDI/SSAB DOES NOT QUALIFY FOR INTERVENTION UNDER RULE 24(a)(2)

Intervention is not available to SDI/SSAB under Rule 24(a)(2) in this case because SDI/SSAB has not demonstrated a legally protectable interest, that this case would have direct and immediate effect on SDI/SSAB, or that its interest would not be adequately protected by the Commission.

The second clause of Rule 24(a)(2) provides for intervention of right to a party that "claims an interest in the property or transaction that is the subject of the action." USCIT R.24(a)(2). This Court has analyzed arguments for intervention of right under this clause by a standard developed by the Federal Circuit in *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315 (Fed. Cir. 2012), a case arising under similarly worded rules of the Court of Federal Claims. This standard has four requirements:

> (1) the motion is timely;
>
> (2) the movant asserts a legally protectable interest in the property at issue;
>
> (3) the movant's interest is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment"; and
>
> (4) the movant's interest will not be adequately represented by the government.

*See GreenFirst Forest Prods. v. United States*, 577 F. Supp. 3d 1349, 1353-54 (Ct. Int'l Trade 2022) (*quoting Wolfsen Land & Cattle*, 695 F.3d at 1315). "Failure to satisfy any one of these requirements defeats the movant's right to intervene under CIT Rule 24(a)(2)." *Seneca Foods*

*Corp. v. United States*, Slip Op. 22-149, 2022 Ct. Intl. Trade LEXIS 148 at *7 (Dec 21, 2022) (*citing Vivitar Corp. v. United States*, 7 CIT 165, 167, 585 F. Supp. 1415, 1417 (1984)).

Intervention under Rule 24(a)(2) has been repeatedly denied by this Court, except in two cases where the proposed intervenor had an actual stake in the property or transaction at issue. First, this Court granted intervention under Rule 24(a)(2) in a case brought by an importer challenging a decision by U.S. Customs and Border Protection (CBP) under section 517(g) of the Tariff Act of 1930 (19 U.S.C. § 1517), the Enforce and Protect Act (EAPA). *See Global Aluminum Distrib. LLC v. United States*, 579 F. Supp. 3d 1338, 1340 (Ct. Int'l Trade 2021). (Challenges to EAPA decisions are specifically to in the first clause of Rule 24(a)(2).) The proposed intervenor, Kingdom Aluminio S.R.L., was the producer and exporter of the merchandise that allegedly evaded duties. *Id.* The Court in *Global Aluminum* granted intervention because the producer and exporter of the merchandise subject to the action had a direct stake in the action insofar as CBP had found that Kingdom did not deliver the subject merchandise as agreed under the contract for sale and delivery of the merchandise. *Id.* at 1341-42. Kingdom's interest in the contract itself was not merely an economic interest, but the protectable legal interest against a finding by CBP that Kingdom had breached the contract. *Id.* at 1342-43.

The second case in which intervention under Rule 24(a)(2) was granted was *Luxury Int'l, Inc. v. United States*, 23 C.I.T. 694, 69 F. Supp. 2d 1364 (1999), where the importer challenged the denial of a protest of CBP exclusion of allegedly pirated copies of Nintendo's Tetris game. *Id.* at 1365-66. The proposed intervenor there, the intellectual property owner, had posted a $150,000 security bond and filed necessary paperwork to maintain the exclusion. *Id.* The Court there found that the proposed intevenor had an actual stake in the case: it could lose the security

it posted, and suffer reputational harm if pirated copies entered the stream of commerce. *Id.* at 1369-70. The Court further found that CBP could not adequately represent these interests, as CBP's interest was "quite different … seeing that its regulations are properly interpreted and applied." *Id.* at 1370.

Besides these two cases, intervention under Rule 24(a)(2) has been denied to domestic producers like SDI/SSAB in challenges by importers to Commerce's section 232 decisions, a challenge brought by an exporter to CBP's allegedly *ultra vires* interpretation of the scope of AD and CVD orders, and foreign governments' motions to intervene in a case where it was found that the foreign government parties lacked Article III standing. *See Seneca Foods Corp. v. United States*, Slip Op. 22-149, 2022 Ct. Intl. Trade LEXIS 148 (232 case); *NLMK Pa., LLC v. United States*, 553 F. Supp. 3d 1354 (Ct. Int'l Trade 2021) (232 case); *N. Am. Interpipe, Inc. v. United States*, 519 F. Supp. 3d 1313 (Ct. Int'l Trade 2021) (232 case); *PrimeSource Bldg. Prods. v. United States*, 494 F. Supp. 3d 1307 (Ct. Int'l Trade 2021) (232 case); *Severstal Exp. GmbH v. United States*, Slip Op. 18-37, 2018 Ct. Int'l Trade LEXIS 38 (Apr 13, 2018) (232 case); *Sunpreme Inc. v. United States*, 145 F. Supp. 3d 1271 (Ct. Int'l Trade 2016) (scope case, granting permissive intervention under Rule 24(b) based upon consent of the parties); *Canadian Wheat Bd. v. United States*, 33 C.I.T. 1204, 637 F. Supp. 2d 1329 (2009) (foreign governments, but granting uncontested permissive intervention under Rule 24(b)). The application of Rule 24(a)(2) has been narrowly applied and the four factors applied under *Wolfsen Land & Cattle* have been strictly interpreted.

SDI/SSAB did not cite the obvious precedent applicable here: *GreenFirst Forest Prods. v. United States*. There, domestic producers ("COALITION") sought to intervene of right under Rule 24(a)(2) in an action by a foreign producer and exporter challenging the denial by the

4

Department of Commerce of its request for a changed circumstances review. *GreenFirst*, 577 F. Supp. 3d at 1350. GreenFirst requested the changed circumstances review and Commerce refused to initiate the review – there was no actual proceeding. *Id*. at 1354. Domestic producers there claimed a right to intervene on five grounds that are strikingly similar to the grounds SDI/SSAB has asserted here:

> it (i) participated in the administrative proceeding at the agency level; (ii) has a legally protectable interest as the intended beneficiary of the Softwood Lumber from Canada order; (iii) has an interest "in ensuring that Commerce's CCR process is not selectively deployed by Canadian exporters and producers to manipulate their cash deposit rate"; and (iv) may lose market share if GreenFirst ultimately succeeds in this action. Alternatively, the COALITION contends that it should be permitted to intervene because it shares Defendant United States' presumed defense that Commerce properly denied GreenFirst's request for a CCR.

*Id.* at 1350. This Court in *GreenFirst* rejected all of the COALITIONS assertions.

The Court first found that the COALITION did not have a legally protectable interest as required under the Federal Circuit's standard. *See id*. at 1354-55. The Court explained that the action was limited to Commerce's decision not to conduct the changed circumstances review, with the only relief GreenFirst could gain being a remand for Commerce to conduct the review. *Id.* at 1354. The COALITION "fail{ed} to reconcile its purported interest in {that} action with what GreenFirst seeks." *Id.* The Court noted that GreenFirst was not attacking the countervailing duty order itself, it was only challenging Commerce's refusal to initiate the changed circumstances review. *Id.* The Court also noted that the COALITION may have had an interest in GreenFirst being subject to cash deposits and duties, but the cash deposit rate was not at issue in the action. *Id.* The Court also conceded that the COALITION may have "an interest in protecting the integrity of Commerce's {changed circumstances review} procedures against manipulation, but the only issue in this case is whether Commerce should have initiated the

5

{changed circumstances review}…. Indeed, GreenFirst's deposit rate will remain unchanged regardless of the outcome of this action." *Id.* at 1354-55. Finally, addressing the COALITION's claim to have participated in the proceeding, the Court rejected this claim, because there was no proceeding:

> the COALITION may have an interest in challenges to a CCR in which it participates, but there was no CCR here. Commerce decided not to conduct a CCR, which is the administrative proceeding in which the COALITION would participate. Having not conducted the relevant administrative proceeding, the COALITION has no participatory interest that is relevant to GreenFirst's action.

*Id.* at 1355. Lastly, although the COALITION argued that it had an interest in the enforcement of trade remedy laws that was different from Commerce's interest, the Court found that Commerce was "perfectly capable to defending Commerce's decision." *Id.*

SDI/SSAB's claims are remarkably similar to the domestic producers in *GreenFirst*. SDI/SSAB claim, (1) they "participated in the proceeding that is the subject of his appeal"; (2) they "were petitioners in the original antidumping duty investigation" where "Commerce and the Commission reached affirmative final determinations {meaning} the domestic industry was legally entitled to import relief"; (3) the "action threaten{s} relief"; and (4) "{a}lthough government counsel will adequately represent the Commission's interests, the Commission does not share the commercial interests and unique perspectives of SDI and SSAB." SDI/SSAB Mot. at 4-5.

Similar to this Court's holding in *GreenFirst*, domestic producers SDI/SSAB did not participate in a proceeding because there was no proceeding. Although SDI/SSAB claim they participated in the underlying proceeding, SDI/SSAB only filed comments in response to the Commission's invitation to comment on Erdemir's request for changed circumstances review, and SDI/SSAB participated in the sunset review. *See id.*, 87 Fed. Reg. at 73,332; *Certain Hot-*

6

*Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom: Continuation of Antidumping Duty Orders (Australia, Japan, Korea, the Netherlands, Turkey, and United Kingdom) and Countervailing Duty Order (Korea) and Revocation of Antidumping and Countervailing Duty Orders (Brazil)*, 87 Fed. Reg. 78,642 (Int'l Trade Comm'n Dec. 22, 2022). SDI/SSAB makes no claim to have submitted an information or argument in a proceeding specifically evaluating Erdemir's request for reconsideration – no such proceeding existed.

Further, SDI/SSAB "does not have legally protectable interest in this action because this action is limited to the question of whether {the Commission} arbitrarily or capriciously decided not to conduct a {reconsideration proceeding}." *See GreenFirst*, 577 F. Supp. 3d at 1354; ECF 4, Complaint at ¶38. As this Court explained in *GreenFirst*, because Erdemir in this action is not challenging the AD order, but rather is challenging only the Commission's refusal to conduct a reconsideration proceeding, SDI/SSAB's claims regarding entitlement to import relief are inapplicable. *Id.* at 1354. "Indeed, {Erdemir being subject to the AD Order} will remain unchanged regardless of the outcome of this action." *Id.* at 1355. Thus not only does SDI/SSAB not have a legally protectable interest in this action, but it also does not have interest is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Id.* at 1353-54 (*quoting Wolfsen Land & Cattle*, 695 F.3d at 1315). Contrary to SDI/SSAB's claim, its interests are not directly tied to the outcome of this action. Further contrary to SDI/SSAB's claim, if this Court remands for the Commission to conduct a remand proceeding, it will have a full ability to participate and protect any interests they claim to have in that proceeding. *See* SDI/SSAB Mot. at 5.

Finally, despite SDI/SSAB's claim that "the Commission does not share the commercial interests and unique perspectives of SDI and SSAB," *id.*, those interests are not at stake in this action. The question here is whether the rationale asserted by the Commission for refusing to conduct a reconsideration proceeding is was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. ECF 4, *Complaint* at ¶38. The question about whether the Commission has authority to conduct a reconsideration proceeding despite its prior reconsideration proceedings was not addressed in the Commission's decision. *See Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding Concerning the Commission's Affirmative Determination in Investigation No. 731–TA–1296 (Final), Hot-Rolled Steel Flat Products From Turkey*, 87 Fed. Reg. 73,331 (Int'l Trade Comm'n Nov. 29, 2022). Because the Commission did not include an evaluation of whether it has authority to conduct a reconsideration proceeding, this issue that SDI/SSAB claims would not adequately be represented, is not before this Court. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 50 (1983) ("It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."). Any interest SDI/SSAB could assert in this case will be adequately represented by the Commission. *See GreenFirst*, 577 F. Supp. 3d at 1355-56.

Because SDI/SSAB has no legally protectable interest, its interest is not "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment," and any interest it has in arguments on the government's behalf wil "be adequately represented by the government," SDI/SSAB's motion fails on three separate

grounds. Accordingly, this Court should deny SDI/SSAB's motion to intervene of right under Rule 24(a)(2).

## II. SDI/SSAB FAILED TO ESTABLISH THAT WOULD BE ADVERSELY AGGRIEVED OR AFFECTED BY A DECISION IN THIS CASE

The Court should reject SDI/SSAB's motion to intervene because SDI/SSAB has not established that it would be adversely aggrieved or affected by a decision in this case or that its intervention would not unduly delay or prejudice the adjudication of rights of the original parties.

The rules of this Court allow for permissive intervention when a party has a conditional right to intervene by federal statute or "has a claim or defense that shares with the main action a common question of law or fact." USCIT R.24(b)(1). Further, 28 U.S.C. § 2631(j) generally provides for intervention for "{a}ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade … by leave of court." To evaluate a party's motion for permissive intervention, this Court requires that the party include with its motion "a pleading that sets out the claim or defense for which intervention is sought," USCIT R.24(c)(1), and provide information allowing the Court to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." 28 U.S.C. § 2631(j); USCIT R.24(b)(3).

Erdemir filed this appeal under 28 U.S.C. § 1581(i)(1)(B) and (D) and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, 704, & 706, because the decision Erdemir appeals here – the Commission's unlawful decision not to conduct a reconsideration proceeding – is not a decision listed under 19 U.S.C. § 1516a. Thus, the general provision for intervention with leave of this Court under 28 U.S.C. § 2631(j)(1) and the specific rule for permissive intervention under Rule 24(b) of the Rules of this Court apply to SDI/SSAB's motion. This Court has previously clarified so: "{i}n 28 U.S.C. § 1581(i) cases, intervention is left to the sound discretion of the

9

court." *See Neo Solar Power Corp. v. United States*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2 (June 17, 2016) (*citing Vivitar Corp. v. United States*, 7 CIT 165, 169, 585 F. Supp. 1415, 1419 (1984) (applying USCIT Rule 24(b) and 28 U.S.C. § 2631(j)); *see also Severstal Exp. GmbH v. United States*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 (April 13, 2018) (addressing permissive intervention in a case arising under 28 U.S.C. § 1581(i)).

SDI/SSAB has not satisfied the requirement that it be adversely aggrieved or affected by the outcome of this case. As established above, the outcome of this case will not change the fact that Erdemir is currently subject to the AD order on hot-rolled steel from Turkey. This action can only result in either the affirmance of the Commission's refusal to initiate a reconsideration proceeding, or a remand for the Commission to conduct a remand proceeding. Neither possible outcome would adversely aggrieve or affect SDI/SSAB.

Further, to the extent this Court remands, SDI/SSAB will have a full opportunity to raise any arguments it wants before the Commission, and the Commission must address any such issues in the first instance. *See Motor Vehicle Mfrs.*, 463 U.S. at 50 ("It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.").

Further, under Rule 24(b)(3) of the Rules of this Court, and section 2631(j)(2), the Court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." This Court has previously explained that "{a}additional parties always add additional time, effort, and expense." *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2-*3 (*citing Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943)); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6 (same).

SDI/SSAB's "unique perspective" is not something that can or should be considered sufficient to add "time, effort, and expense," to any proceeding. *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2-*3 (*citing Crosby*, 51 F. Supp. at 973); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6 (same). SDI/SSAB's standard could only unduly delay proceedings by allowing any interested party claiming a "unique perspective" to intervene. *See Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *5 ("other domestic producers could seek to intervene on similar grounds in support of similar tangential interests, which would only cause undue delay and prejudice to the present parties" (*citing Vivitar*, 7 CIT at 169, 585 F. Supp. at 1419 ("Because of the potential for a vast number of applications for intervention by persons in the position of {the moving party}, permitting intervention does not appear to be in the interest of judicial economy."); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *5 (same). Without more, the Court can only speculate that SDI/SSAB's arguments would only be duplicative of the Commission's arguments, which weighs against intervention. *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6. Accordingly, this Court should deny permissive intervention.

### III. CONCLUSION

SDI/SSAB has not demonstrated a legally protectable interest, that this case would have direct and immediate effect on SDI/SSAB, or that its interest would not be adequately protected by the Commission. Further, SDI/SSAB has not established how it would be adversely aggrieved or affected by a decision in this case, or that its participation would not cause undue delay and prejudice to the original parties to this proceeding, as is required to support a motion for permissive intervention under Rule 24(b) of this Court's rules. Accordingly, this Court should deny intervention of right under Rule 24(a)(2), deny permissive intervention under Rule 24(b), and dismiss SDI/SSAB's motion with prejudice.

.

                    Respectfully submitted,

                    David L. Simon, Esq.
                    Mark B. Lehnardt, Esq.

                    LAW OFFICES OF DAVID L. SIMON, PLLC
                    1025 Connecticut Avenue, NW, Suite 1000
                    Washington, DC 20036 USA
                    Tel. 202-481-9000
                    e-mail: DLSimon@DLSimon.com

                    *Counsel to Ereğli Demir Ve Çelik Fabrikalari T.A.Ş.*

February 14, 2022