UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş.,<br><br>                    Plaintiff,<br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>                    Defendant. | 22-cv-00349 |

**OPPOSITION TO MOTION TO INTERVENE**
**OF NUCOR CORPORATION**

      Plaintiff Ereğli Demir ve Çelik Fabrikaları T.A.Ş. (Erdemir), by and through its counsel, opposes the Partial Consent Motion To Intervene As Defendant-Intervenors submitted by proposed defendant-intervenor, Nucor Corporation. Nucor seeks intervention as a right under Rule 24(a)(2) of the Rules of this Court, and alternatively, permissive intervention in this case under 28 U.S.C. § 2631(j)(2) and Rule 24(b)(1) of the Rules of this Court.

      Intervention is not available under Rule 24(a)(2) in this case because Nucor has not demonstrated a legally protectable interest, that this case would have direct and immediate effect on Nucor, or that its interest would not be adequately protected by the Commission. Moreover, permissive intervention under Rule 24(b) of this Court's rules is not available because Nucor has not established how it would be adversely aggrieved or affected by a decision in this case, or that its participation would not cause undue delay and prejudice to the original parties to this proceeding. Accordingly, this Court should deny intervention of right under Rule 24(a)(2), deny permissive intervention under Rule 24(b), and dismiss Nucor's motion with prejudice.

1

## I.      NUCOR DOES NOT QUALIFY FOR INTERVENTION UNDER RULE 24(a)(2)

Intervention is not available to Nucor under Rule 24(a)(2) in this case because Nucor has not demonstrated that it has a legally protectable interest, that this case would have direct and immediate effect on Nucor, or that its interest would not be adequately protected by the Commission.

### A.  Whether Rule 24(a)(2) Can Be Applied To This Case Is Questionable

It is questionable whether Rule 24(a)(2) can be applied to this case.  Rule 24(a)(2) appears to apply only to cases under section 517(g) of the Tariff Act of 1930 (the Enforce and Protect Act (EAPA), 19 U.S.C.S. § 1517).  In such case, Nucor could not qualify for intervention of right.

Rule 24(a) of this Court's rules governs intervention of right – when, "{o}n timely motion, the court must permit anyone to intervene who" qualifies under subparagraphs (1) – (3). Subparagraph (1) allows intervention of right to any party "given an unconditional right to intervene by a federal statute."  USCIT R. 24(a)(1).  Subparagraph (3) defines "timely" for purposes of subparagraph (1).  USCIT R.24(a)(3).  Subparagraph (1) applies to actions challenging certain antidumping (AD) and countervailing (CVD) determinations made by the Commission or the Department of Commerce, *see* 28 U.S.C. § 2631(j)(1)(B); 19 U.S.C. § 1516a, and actions challenging a Commerce refusal to grant access to confidential information in an AD or CVD proceeding.  *See* 28 U.S.C. § 2631(j)(1)(B); 19 U.S.C. § 1677f(c)(2).  No party suggests that intervention of right is available under Rule 24(a)(1).

Subparagraph (2) of Rule 24(a) allows intervention of right under certain circumstances described in two clauses of the rule (separated below for ease of reference):

> (2) in an action described in section 517(g) of the Tariff Act of 1930, is a person determined to have entered merchandise through evasion or is the interested party that filed the allegation;

2

> or claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

USCIT R.24(a)(2). The first clause of Rule 24(a)(2) pertains specifically to actions arising under EAPA, which are actions related to findings that a foreign producer, foreign exporter, and/or U.S. importer have improperly evaded paying AD or CVD duties. *See, e.g., Global Aluminum Distrib. LLC v. United States*, 579 F. Supp. 3d 1338, 1340 (Ct. Int'l Trade 2021). The first clause provides for intervention of right to two parties: "a person determined to have entered merchandise through evasion" and "the interested party that filed the allegation." USITC R.24(a)(2).

　　The second clause of Rule 24(a)(2) seems connected to the first. The first clause gives the intervention right to the most relevant two parties "in an action" under EAPA – the evader (likely the exporter or the importer) and the accuser (likely a member of the domestic industry or some other competitor). The evader and the accuser are not the only parties connected to the entering of merchandise into the United States. There may be a producer, an exporter, an importer, a consignee, a party with a financing interest in the transaction, perhaps an ultimate purchaser, and possibly others that are not the evader or the accuser but have an interest in the property or transaction. The second clause of Rule 24(a)(2) seems to refer back to the EAPA action referenced in the first clause and give these other interested parties a right to intervene. Specifically, the second clause provides for intervention of right to a party that "claims an interest in the property or transaction that is the subject of *the action*." USCIT R.24(a)(2) (emphasis added). By pointing to "the action," rather than "an action," the second clause appears limited to, and referencing back to, the first clause's specific mention of "an action" under EAPA.

The words "the action," in the second clause of Rule 24(a)(2) appear to look for an antecedent reference for their definition. The rule of the last antecedent provides that "'a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows.'" *Lockhart v. United States*, 577 U.S. 347, 351, 136 S. Ct. 958, 962 (2016) (*quoting Barnhart v. Thomas*, 540 U.S. 20, 26, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003), and *citing* Black's Law Dictionary 1532-1533 (10th ed. 2014) ("{Q}ualifying words or phrases modify the words or phrases immediately preceding them and not words or phrases more remote, unless the extension is necessary from the context or the spirit of the entire writing"); A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 144 (2012). Applying this rule of last antecedent, the preceding related reference is found in the first clause's reference to "an action" under EAPA.

This analysis also makes sense looking at the context of the entirety of Rule 24. *See Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809, 109 S. Ct. 1500, 103 L. Ed. 2d 891 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme"). The instances where the court "must permit anyone to intervene" are limited specifically to when there is unconditional right provided by statute and when the action is an EAPA action. Had the second clause of Rule 24(a)(2) used the word "an action" – such that the rule granted intervention of right to anyone who "claims an interest in the property or transaction that is the subject of an *action*" – the words could refer to any action brought before this Court. Such a general grant of intervention of right to anyone claiming an interest in any action brought before this Court would seem be the impermissible case of an exception swallowing the general rule, severely limiting the discretion this Court has to grant or deny permissive intervention. *See* 28

4

U.S.C. § 2631(j) (allowing for permissive intervention in all cases, with two exceptions for intervention of right); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010) (limiting what can be called a "void judgment" and challenged under Rule 60(b)(4), "otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule").

### B. Even if Rule 24(a)(2) applies to this case, Nucor has not satisfied the requirements for intervention of right

Despite the apparent limitations on intervention of right contemplated by the plan language of the Court's rules, this Court has analyzed arguments for intervention of right under the second clause of Rule 24(a)(2) in multiple instances that did not involve EAPA actions. This Court has applied a standard developed by the Federal Circuit in *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315 (Fed. Cir. 2012), a case arising under similarly worded rules of the Court of Federal Claims. This standard has four requirements:

> (1) the motion is timely;
>
> (2) the movant asserts a legally protectable interest in the property at issue;
>
> (3) the movant's interest is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment"; and
>
> (4) the movant's interest will not be adequately represented by the government.

*See GreenFirst Forest Prods. v. United States*, 577 F. Supp. 3d 1349, 1353-54 (Ct. Int'l Trade 2022) (*quoting Wolfsen Land & Cattle*, 695 F.3d at 1315). "Failure to satisfy any one of these requirements defeats the movant's right to intervene under CIT Rule 24(a)(2)." *Seneca Foods Corp. v. United States*, Slip Op. 22-149, 2022 Ct. Intl. Trade LEXIS 148 at *7 (Dec 21, 2022) (*citing Vivitar Corp. v. United States*, 7 CIT 165, 167, 585 F. Supp. 1415, 1417 (1984)).

Intervention under Rule 24(a)(2) has been repeatedly denied by this Court, except in two cases where the proposed intervenor had an actual stake in the property or transaction at issue. First, this Court granted intervention under Rule 24(a)(2) in an EAPA case brought by an importer challenging a decision by CBP. *See Global Aluminum Distrib. LLC v. United States*, 579 F. Supp. 3d 1338, 1340 (Ct. Int'l Trade 2021). The proposed intervenor, Kingtom Aluminio S.R.L., was the producer and exporter of the merchandise that sold the merchandise to the importer that allegedly evaded duties. *Id.* The Court in *Global Aluminum* granted intervention because Kingtom had a direct stake in the action insofar as CBP had found that Kingtom did not deliver the subject merchandise as agreed under the contract for sale and delivery of the merchandise. *Id.* at 1341-42. Kingtom's interest in the contract itself was not merely an economic interest, but the protectable legal interest against a finding by CBP that Kingtom had breached the contract. *Id.* at 1342-43. This case falls in neatly with the interpretation of the second clause of Rule 24(a)(2) described above.

The second case in which intervention under Rule 24(a)(2) was granted was *Luxury Int'l, Inc. v. United States*, 23 C.I.T. 694, 69 F. Supp. 2d 1364 (1999), where the importer challenged the denial of its protest of CBP's exclusion of the importer's allegedly pirated copies of Nintendo's Tetris game. *Id.* at 1365-66. The proposed intervenor there, the intellectual property owner, had posted a $150,000 security bond and filed necessary paperwork to maintain the exclusion. *Id.* The Court found that the proposed intervenor had an actual stake in the case: it could lose the security it posted and suffer reputational harm if pirated copies entered the stream of commerce. *Id.* at 1369-70. The Court further found that CBP could not adequately represent these interests, as CBP's interest was "quite different … seeing that its regulations are properly interpreted and applied." *Id.* at 1370.

Besides these two cases, intervention under Rule 24(a)(2) has been denied to domestic producers like Nucor in challenges by importers to Commerce's section 232 decisions, a challenge brought by an exporter to CBP's allegedly *ultra vires* interpretation of the scope of AD and CVD orders, and foreign governments' motions to intervene in a case where it was found that the foreign government parties lacked Article III standing.  *See Seneca Foods Corp. v. United States*, Slip Op. 22-149, 2022 Ct. Intl. Trade LEXIS 148 (denying domestic interest party intervention of right in an importer's challenge to denial of a 232 exclusion); *NLMK Pa., LLC v. United States*, 553 F. Supp. 3d 1354 (Ct. Int'l Trade 2021) (same); *N. Am. Interpipe, Inc. v. United States*, 519 F. Supp. 3d 1313 (Ct. Int'l Trade 2021) (same); *PrimeSource Bldg. Prods. v. United States*, 494 F. Supp. 3d 1307 (Ct. Int'l Trade 2021) (same); *Severstal Exp. GmbH v. United States*, Slip Op. 18-37, 2018 Ct. Int'l Trade LEXIS 38 (Apr 13, 2018) (same); *GreenFirst Forest Prods.*, 577 F. Supp. 3d 1349 (denying domestic industry intervention of right in a challenge to Commerce's denial of a changed circumstances review request); *Sunpreme Inc. v. United States*, 145 F. Supp. 3d 1271 (Ct. Int'l Trade 2016) (denying intervention of right in a challenge to CBP decision that merchandise was subject to an AD order, but granting permissive intervention under Rule 24(b) based upon consent of the parties); *Canadian Wheat Bd. v. United States*, 33 C.I.T. 1204, 637 F. Supp. 2d 1329 (2009) (denying intervention of right in to foreign governments found not to have Article III standing, but granting uncontested permissive intervention under Rule 24(b)).  The application of Rule 24(a)(2) has been narrowly applied and the four factors applied under *Wolfsen Land & Cattle* have been strictly interpreted.

The most relevant precedent applicable here is *GreenFirst Forest Prods. v. United States*. In *GreenFirst*, domestic producers ("COALITION") sought to intervene of right under Rule 24(a)(2) in an action by a foreign producer and exporter challenging the denial by the

7

Department of Commerce of its request for a changed circumstances review.  *GreenFirst*, 577 F. Supp. 3d at 1350.  GreenFirst requested the changed circumstances review and Commerce refused to initiate the review – there was no actual proceeding.  *Id*. at 1354.  Domestic producers there claimed a right to intervene on four grounds:

> it (i) participated in the administrative proceeding at the agency level;
>
> (ii) has a legally protectable interest as the intended beneficiary of the Softwood Lumber from Canada order;
>
> (iii) has an interest "in ensuring that Commerce's CCR process is not selectively deployed by Canadian exporters and producers to manipulate their cash deposit rate"; and
>
> (iv) may lose market share if GreenFirst ultimately succeeds in this action.

*Id.* at 1350.  Nucor makes three claims to justify that are similar to the domestic producers in *GreenFirst*:

> (1) it "was a petitioner in the original antidumping investigation that gave rise to the antidumping duty order that Erdemir now challenges";
>
> that the relief Erdemir seeks, if granted, "will adversely impact Nucor's interests as a domestic producer of hot-rolled steel flat products and a beneficiary of the order at issue", and
>
> (2) it "participated in the Commission proceeding that Erdemir directly contests, which considered whether to revisit the original antidumping investigation";
>
> it "participated in the first five-year review of the underlying order, during which Nucor addressed arguments Erdemir raised concerning its request for a reconsideration proceeding or a changed circumstances review,"
>
> (3) "{a}lthough government counsel will adequately represent the Commission's interests, the Commission does not share the commercial interests and unique perspectives of SDI and SSAB."

8

Nucor Mot. at 2-3. This Court in *GreenFirst* rejected all of the COALITIONS assertions, and this Court here should also reject all of Nucor's assertions.

### 1. Nucor does not have a legally protectable interest

Nucor has not established a legally protectable interest in this action. Nucor claims a protIts assertions, like those in *GreenFirst*, must fail.

In *GreenFirst*, the Court first found that the COALITION did not have a legally protectable interest as required under the Federal Circuit's standard. *See id*. at 1354-55. The Court explained that the action was limited to Commerce's decision not to conduct the changed circumstances review, with the only relief GreenFirst could gain being a remand for Commerce to conduct the review. *Id.* at 1354. The COALITION "fail{ed} to reconcile its purported interest in {that} action with what GreenFirst seeks." *Id.* The Court noted that GreenFirst was not attacking the countervailing duty order itself, it was only challenging Commerce's refusal to initiate the changed circumstances review. *Id.*

The Court in *GreenFirst* also noted that although the COALITION may have had an interest in GreenFirst being subject to cash deposits and duties, the cash deposit rate was not at issue in the action. *Id.* The Court also conceded that the COALITION may have "an interest in protecting the integrity of Commerce's {changed circumstances review} procedures against manipulation, but the only issue in this case is whether Commerce should have initiated the {changed circumstances review}…. Indeed, GreenFirst's deposit rate will remain unchanged regardless of the outcome of this action." *Id.* at 1354-55.

Similarly, here, Nucor "does not have legally protectable interest in this action because this action is limited to the question of whether {the Commission} arbitrarily or capriciously decided not to conduct a {reconsideration proceeding}." *See GreenFirst*, 577 F. Supp. 3d at

9

1354; ECF 4, Complaint at ¶38.  Nucor claims a legally protectable interest because it is a beneficiary of the AD order on hot-rolled steel from Turkey.  Nucor Mot. at 2.  But because Erdemir in this action is not challenging the AD order, but rather is challenging only the Commission's refusal to conduct a reconsideration proceeding, Nucor's claims regarding entitlement to import relief are inapplicable.  *GreenFirst*, 577 F. Supp. 3d at 1354.  "Indeed, {Erdemir's status of being currently subject to the AD Order} will remain unchanged regardless of the outcome of this action."  *Id.* at 1355.

### 2. Nucor's interest is not "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment"

Not only does Nucor not have a legally protectable interest in this action, but it also does not have an interest that is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Id.* at 1353-54 (*quoting Wolfsen Land & Cattle*, 695 F.3d at 1315).  Nucor claims that its "interests would be directly affected by the Court's disposition of Erdemir's action," and Erdemir prevailing in this action "will adversely impact Nucor's interests as a domestic producer of hot-rolled steel flat products and a beneficiary of the order at issue."  Nucor Mot. at 2.  Contrary to Nucor's claim, its interests are not directly tied to the outcome of this action.  As described above even if Erdemir fully prevails in this action such that this Court remand for the Commission to conduct a remand proceeding, Erdemir will still be fully subject to the AD order on hot-rolled steel from Turkey.

### 3. Nucor's claims to have participated in the underlying proceeding must be rejected as incorrect and legally irrelevant

Nucor claims it "participated in the Commission proceeding that Erdemir directly contests." Nucor Mot. at 2.  This claim is false.  The claim also legally irrelevant because participation in a proceeding is not an element under this Court's analysis.

10

This Court in *GreenFirst* addressed a similar claim by the COALITION that its participation in the underlying changed circumstances review justified intervention of right. *GreenFirst*, 577 F. Supp. 3d at 1355.  This Court in *GreenFirst* rejected the claim because there was no proceeding:

> the COALITION may have an interest in challenges to a CCR in which it participates, but there was no CCR here. Commerce decided not to conduct a CCR, which is the administrative proceeding in which the COALITION would participate. Having not conducted the relevant administrative proceeding, the COALITION has no participatory interest that is relevant to GreenFirst's action.

*Id.*

Similar to this Court's holding in *GreenFirst*, domestic producers Nucor did not participate in a proceeding because there was no proceeding.  Erdemir requested a reconsideration proceeding and the Commission denied Erdemir's request.  *See* ECF 14 at ¶¶21-23, 26, 30.  The Commission did request comments on reconsideration proceeding as it did with Erdemir's separate request for a changed circumstances revie, *see* ECF 14, *Amended Complaint* at ¶¶27-28, 30, or otherwise take any action to set up a proceeding in response to Erdemir's request.  Although Nucor claims it participated in the underlying proceeding, Nucor only filed comments in response to the Commission's invitation to comment on Erdemir's request for changed circumstances review, and Nucor participated in the sunset review.  *See id.*, 87 Fed. Reg. at 73,332; *Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom: Continuation of Antidumping Duty Orders (Australia, Japan, Korea, the Netherlands, Turkey, and United Kingdom) and Countervailing Duty Order (Korea) and Revocation of Antidumping and Countervailing Duty Orders (Brazil)*, 87 Fed. Reg. 78,642 (Int'l Trade Comm'n Dec. 22, 2022).  Nucor makes no claim to have

y

submitted an information or argument in a proceeding specifically evaluating Erdemir's request for reconsideration – no such proceeding existed.

### 4. Any relevant Nucor interest will be adequately represented by the government

Any interest Nucor may have in this action will be adequately represented by the Commission. Nucor's claims that its interests will not be adequately protected by the Commission are based upon its misunderstanding of the nature of this action.

Nucor claims that it has an interest in an argument that the Commission lacks authority to conduct reconsideration proceeding, and those interests would not be adequately represented. Nucor Mot. at 2-3. But the question here is whether the rationale asserted by the Commission for refusing to conduct a reconsideration proceeding is was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. ECF 14, *Amended Complaint* at ¶38. The question about whether the Commission has authority to conduct reconsideration proceedings at all was not addressed in the Commission's decision. *See Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding Concerning the Commission's Affirmative Determination in Investigation No. 731–TA–1296 (Final), Hot-Rolled Steel Flat Products From Turkey*, 87 Fed. Reg. 73,331 (Int'l Trade Comm'n Nov. 29, 2022). Because the Commission did not include an evaluation of whether it has authority to conduct a reconsideration proceeding, this issue that Nucor claims would not adequately be represented, is not before this Court. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."). The Commission is "perfectly capable to defending Commerce's decision." *GreenFirst*, 577 F. Supp. 3d at

Should this Court conclude that the Commission's rationale was not lawful and remand for a reconsideration proceeding, however, Nucor would then have the opportunity to raise its concerns.  At this point, any interest Nucor could assert in this case will be adequately represented by the Commission.  *See id.* at 1355-56.

Because Nucor has no legally protectable interest, its interest is not "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment," and any interest it has in arguments on the government's behalf will "be adequately represented by the government," Nucor's motion fails on three separate grounds.  Accordingly, this Court should deny Nucor's motion to intervene of right under Rule 24(a)(2).

**II. NUCOR FAILED TO ESTABLISH THAT WOULD BE ADVERSELY AGGRIEVED OR AFFECTED BY A DECISION IN THIS CASE**

The Court should reject Nucor's motion to intervene permissively under Rule 24(b) because Nucor has not established that it would be adversely aggrieved or affected by a decision in this case, and it has not established that its intervention would not unduly delay or prejudice the adjudication of rights of the original parties.

Erdemir filed this appeal under 28 U.S.C. § 1581(i)(1)(B) and (D) and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, 704, & 706, because the decision Erdemir appeals here – the Commission's unlawful decision not to conduct a reconsideration proceeding – is not a decision listed under 19 U.S.C. § 1516a.  Thus, the general provision for intervention with leave of this Court under 28 U.S.C. § 2631(j)(1) and the specific rule for permissive intervention under Rule 24(b) of the Rules of this Court apply to Nucor's motion.  This Court has previously clarified: "{i}n 28 U.S.C. § 1581(i) cases, intervention is left to the sound discretion of the court."  *See Neo Solar Power Corp. v. United States*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2 (June 17, 2016) (*citing Vivitar Corp. v. United States*, 7 CIT 165, 169, 585 F. Supp.

13

1415, 1419 (1984) (applying USCIT Rule 24(b) and 28 U.S.C. § 2631(j)); *see also Severstal Exp. GmbH v. United States*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 (April 13, 2018) (addressing permissive intervention in a case arising under 28 U.S.C. § 1581(i)).

### A. Nucor Will Not Be Adversely Aggrieved Or Affected By Any Possible Decision In This Action

There is no possible outcome of this case that could adversely aggrieve or affect Nucor. Nucor argues that it has a "has a strong interest in the outcome in this litigation as it could jeopardize the antidumping order that Nucor petitioned for and now benefits from as a domestic producer of hot-rolled steel." Nucor Mot. at 3. But this claim is inapplicable in this action.

Permissive intervention is generally permitted for "{a}ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade … by leave of court." 28 U.S.C. § 2631(j). Nucor has not satisfied the requirement that it be adversely aggrieved or affected by the outcome of this case. As established above, the outcome of this case will not change the fact that Erdemir is currently subject to the AD order on hot-rolled steel from Turkey and will be after this case is finished regardless of outcome. If this Court affirms the Commission's refusal to initiate a reconsideration proceeding, the outcome is the result Nucor hopes for. It would not be adversely aggrieve or affect. Alternatively, this Court could remand for the Commission to conduct a remand proceeding. If this Court remands for a remand proceeding, Erdemir will still be subject to the AD order. There are no other possible outcomes in this case. Further, in a remand proceeding, Nucor would be permitted to participate and raise every argument it determines is relevant. Either way, Nucor will not be adversely aggrieved or affected.

### B. Nucor Has Not Demonstrated That Intervention Would Not Unduly Delay Or Prejudice The Adjudication Of The Rights Of The Original Parties

Nucor has not demonstrated that intervention would not unduly delay or prejudice the adjudication of the rights of the original parties. Nucor's sole argument about delay and prejudice is that this case is at a "very early stage." Nucor Mot. at 3. Nucor's single assertion is insufficient to carry its burden.

Under Rule 24(b)(3) of the Rules of this Court, and section 2631(j)(2), the Court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." This Court has previously explained that "{a}additional parties always add additional time, effort, and expense." *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2-*3 (*citing Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943)); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6 (same).

The mere fact that a motion to intervene has been filed early in the proceeding is not something that can or should be considered sufficient to add "time, effort, and expense," to any proceeding. *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2-*3 (*citing Crosby*, 51 F. Supp. at 973); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6 (same). If filing a motion to intervene at a very early stage in the proceeding were sufficient, any interested party filing its motion early in the proceeding would be allowed to intervene. *See Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *5 ("other domestic producers could seek to intervene on similar grounds in support of similar tangential interests, which would only cause undue delay and prejudice to the present parties" (*citing Vivitar*, 7 CIT at 169, 585 F. Supp. at 1419 ("Because of the potential for a vast number of applications for intervention by persons in the position of {the moving party}, permitting intervention does not appear to be in

the interest of judicial economy."); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *5 (same).  Nucor does not address delay during the proceeding or increased cost, effort, and expense caused by additional parties participating, seeking extension of time for briefing, and filing additional volumes of briefing.  (Here, four parties seek to intervene.)  Without further discussion of all aspects of delay and undue prejudice, the Court can only speculate that Nucor's arguments would only be duplicative of the Commission's arguments, which weighs against intervention.  *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6.  Accordingly, this Court should deny permissive intervention.

### III. CONCLUSION

Nucor has not demonstrated a legally protectable interest, that this case would have direct and immediate effect on Nucor, or that its interest would not be adequately protected by the Commission.  Further, Nucor has not established how it would be adversely aggrieved or affected by a decision in this case, or that its participation would not cause undue delay and prejudice to the original parties to this proceeding, as is required to support a motion for permissive intervention under Rule 24(b) of this Court's rules.  Accordingly, this Court should deny intervention of right under Rule 24(a)(2), deny permissive intervention under Rule 24(b), and dismiss Nucor's motion with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | David L. Simon, Esq.<br>Mark B. Lehnardt, Esq. |
|  | LAW OFFICES OF DAVID L. SIMON, PLLC<br>1025 Connecticut Avenue, NW, Suite 1000<br>Washington, DC 20036 USA<br>Tel. 202-481-9000<br>e-mail:  DLSimon@DLSimon.com |
| February 15, 2022 | *Counsel to Ereğli Demir Ve Çelik Fabrikalari T.A.Ş.* |