UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE TIMOTHY M. REIF

|  |  |  |
|---|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş., | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Court No. 22-00349 |
| UNITED STATES INTERNATIONAL TRADE COMMISSION, | ) ) ) | |
| *Defendant.* | ) ) ) | |

## MOTION TO INTERVENE AND FOR LEAVE TO FILE ANSWER

Pursuant to Rules 24(b) and (c) of the Rules of the United States Court of International Trade, United States Steel Corporation ("U. S. Steel") respectfully requests that the Court grant its motion to intervene by leave of the Court in the above-captioned action as defendant-intervenor.

Plaintiff Eregli Demir ve Celik Fabrikalari T.A.S. ("Plaintiff" or "Erdemir") instituted this action pursuant to 28 U.S.C. § 1581(i) and the Administrative Procedure Act, 5 U.S.C. §§ 702, 704, and 706, to contest the U.S. International Trade Commission's (the "Commission") decision to deny Erdemir's request to reconsider the original affirmative injury determination concerning Turkish hot-rolled steel flat products, as published at *Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding Concerning the Commission's Affirmative Determination in Investigation No. 731-TA-1296 (Final), Hot-Rolled Steel Flat Products From Turkey*, 87 Fed. Reg. 73,331 (Int'l Trade Comm'n Nov. 29, 2022) ("*ITC CCR Determinations*"). Complaint, ECF No. 4 at para. 1; Amended Complaint, ECF No. 14 at para. 1.

U. S. Steel is a domestic producer of hot-rolled steel flat products in the United States and

was a petitioner in the original antidumping investigation that gave rise to the antidumping duty

order that Erdemir now challenges. *See Certain Hot-Rolled Steel Flat Products from Australia,*

*Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom*, 81 Fed. Reg. 66,996,

66,997 (Int'l Trade Comm'n Sept. 29, 2016).  U. S. Steel also participated in the Commission

proceeding that Erdemir directly contests by filing comments, as noted in the determination.  *See*

*ITC CCR Determinations*, 87 Fed. Reg at 73,332.  Accordingly, U. S. Steel is an interested party

under 19 U.S.C. § 1677(9)(C).

U. S. Steel meets the requirements for permissive intervention under Rule 24(b).  As

described above, U. S. Steel has a strong interest in the outcome in this litigation as it could

jeopardize the antidumping order that U. S. Steel petitioned for and now benefits from as a

domestic producer of hot-rolled steel.  Indeed, U. S. Steel participated in the recently completed

five-year review of the underlying order before the Commission to advocate for the continuation

of the order on hot-rolled steel from Turkey.  *See Hot-Rolled Steel from Australia, Brazil, Japan,*

*Netherlands, Russia, South Korea, Turkey, and the United Kingdom*, Inv. Nos. 701-TA-545-546,

731-TA-1291-1297, 731-TA-808, USITC. Pub. 5380 (Nov. 2022) (First Review) (Fourth

Review) at 6-8.

In addition, U. S. Steel's defenses share with the main action's common questions of law

or fact. *See, e.g.*, *Canadian Wheat Bd. v. United States*, 637 F. Supp. 2d 1329, 1338 (Ct. Int'l

Trade 2009) (assessing permissive intervention in a challenge to a trade remedy proceeding and

observing that "the facts of the case are necessarily shared by all entities interested in the case.").

Specifically, U. S. Steel intends to argue that this Court lacks subject-matter jurisdiction over

Erdemir's claim, that Erdemir has not raised a claim for which relief can be granted, and that

Erdemir's claim that it was entitled to a reconsideration review lacks merit.  From a practical standpoint, it makes logical sense to allow U. S. Steel to intervene in this action because issues related to jurisdiction impact the companion cases where U. S. Steel has a statutory right to intervene and any disposition of substantive issues in this appeal may impact those appeals.  *See* CIT Ct. Nos. 22-350, 22-351.  Finally, given the very early stage of this appeal, intervention at this time will not unduly prejudice the other parties to this action. Thus, U. S. Steel should be permitted to intervene in the above-captioned action pursuant to 28 U.S.C. § 2631(j)(2) and Rule 24(b)(1) of this Court.

This motion is timely as it is being made prior to February 21, 2023, which is the date set by the Court's February 6, 2023, order.  *See* CM/ECF No. 29.  In accordance with Rule 24(c)(1), this motion is accompanied by a pleading that sets out the defenses for which U. S. Steel seeks intervention.  In the event that the court permits U. S. Steel to intervene in this action, U. S. Steel requests that the court additionally grant leave for U. S. Steel to file the attached pleading. Although not explicitly required by Rule 7, U. S. Steel has contacted the parties to this action concerning this motion.  Ms. Casson indicated her client, the Commission, consents to this motion.  Mr. Lehnardt indicated his client, Erdemir, opposes this motion.

We, therefore, respectfully request that the Court grant U. S. Steel's motion to intervene as a defendant-intervenor in the above-captioned action.

Court No. 22-349

Respectfully submitted,

/s/ Sarah E. Shulman

Thomas M. Beline
Sarah E. Shulman

CASSIDY LEVY KENT (USA) LLP
900 19th Street, NW, Suite 400
Washington, D.C. 20006
Phone:  (202) 567-2316
Fax:  (202) 567-2301
Email: sshulman@cassidylevy.com

*Counsel to United States Steel Corporation*

Dated:  February 21, 2023