UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE TIMOTHY M. REIF

|  |  |
|---|---|
| Ereğli Demir ve Çelik Fabrikalari T.A.Ş., <br>       *Plaintiff,* <br><br> v. <br><br> United States International Trade Commission, <br>       *Defendant.* | Court No. 22-00349 |

### ANSWER OF PROPOSED DEFENDANT-INTERVENOR UNITED STATES STEEL CORPORATION

United States Steel Corporation ("U. S. Steel"), hereby answers the complaint filed by Plaintiff Eregli Demir ve Celik Fabrikalari T.A.S. ("Plaintiff" or "Erdemir") in the above-captioned action. Amended Complaint, ECF No. 14. This answer is filed pursuant to Rule 24(c)(1) of the Rules of the United States Court of International Trade and accompanies the motion to intervene filed by U. S. Steel. U. S. Steel hereby admits, denies, and avers as follows:

The initial unnumbered paragraph of Erdemir's amended complaint includes Plaintiff's description of its own business and operations and conclusions of law, to which no answer is required. To the extent that this paragraph may be deemed to contain allegations of fact, U. S. Steel admits that hot-rolled flat products from Turkey are subject to an antidumping order, lacks sufficient information to admit or deny the descriptions of Erdemir's business operations, and denies the remainder of the paragraph.

In the second unnumbered paragraph of Plaintiff's amended complaint, U. S. Steel admits to the first five sentences. The remainder of the paragraph consists of Plaintiff's characterizations and conclusions of law, to which no answer is required. To the extent that the remainder of the

paragraph may be deemed to contain allegations of fact, they are denied.

In the third unnumbered paragraph of Plaintiff's amended complaint, U. S. Steel admits to the first four sentences. The remainder of the paragraph consists of Plaintiff's characterizations and conclusions of law, to which no answer is required.  To the extent that the remainder of the paragraph may be deemed to contain allegations of fact, they are denied.

With respect to the fourth unnumbered paragraph, U. S. Steel admits the allegations in the first sentence to the extent they are supported by the administrative record and otherwise deny the allegations. The allegations in the second and third sentences contain a characterization of Plaintiff's actions and the relief sought. As such, no answer is required.  To the extent the second and third sentences may be deemed to contain allegations of fact, they are denied.

## **ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1.	U. S. Steel admits that Plaintiff challenges the International Trade Commission's (the "Commission") decision denying Erdemir's request to institute a reconsideration proceeding as published at *Hot-Rolled Steel Flat Products from Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding and the United Kingdom*, 87 Fed. Reg. 73,331 (Int'l Trade Comm'n Nov. 22, 2022) ("*ITC Determinations*").

## **JURISDICTION**

2.	U. S. Steel admits that Plaintiff challenges the Commission's decision denying Erdemir's request to institute a reconsideration proceeding. *See* ITC Determinations, 87 Fed. Reg. 73,331 (Int'l Trade Comm'n Nov. 22, 2022).

3.	U. S. Steel denies that this Court has jurisdiction over the subject matter of the amended complaint pursuant to 28 U.S.C. § 1581(i) because jurisdiction could have been

available under 28 U.S.C. § 1581(c) and the remedy would not have been manifestly inadequate. This paragraph contains Plaintiff's characterizations of actions in its case and/or conclusions of law, to which no answer is required. To the extent that this paragraph may be deemed to contain allegations of fact, they are denied.

## STANDING

4. With respect to paragraph 4 of Plaintiff's amended complaint, paragraphs 1-3 are admitted or denied as discussed above.

5. Paragraph 5 of Plaintiff's amended complaint consists of conclusions of law, to which no answer is required. To the extent that a response is deemed required, U. S. Steel denies the allegations in this paragraph.

## TIMELINESS OF ACTION

6. With respect to paragraph 6 of Plaintiff's amended complaint, paragraphs 1-5 are admitted or denied as discussed above.

7. Paragraph 7 of Plaintiff's amended complaint consists of conclusions of law, to which no answer is required. To the extent that a response is deemed required, U. S. Steel denies the allegations in this paragraph.

## BACKGROUND

8. With respect to paragraph 8 of Plaintiff's amended complaint, paragraphs 1-7 are admitted or denied as discussed above.

9. Admits.

10. Admits.

11. Admits.

12. Admits.

13. Admits.

14. Admits.

15. Admits.

16. Paragraph 16 of Plaintiffs' amended complaint consists of non-factual characterizations to which no answer is required. To the extent that a response is deemed required, U. S. Steel admits to the extent supported by the court decision referenced therein; otherwise denies.

17. Paragraph 17 of Plaintiffs' amended complaint consists of non-factual characterizations to which no answer is required. To the extent that a response is deemed required, U. S. Steel admits to the extent supported by the court decision referenced therein; otherwise denies.

18. Admits.

19. Paragraph 19 of Plaintiffs' amended complaint consists of non-factual characterizations to which no answer is required. To the extent that a response is deemed required, U. S. Steel denies.

20. Denies.

21. Denies.

22. U. S. Steel lacks sufficient information to admit or deny.

23. Denies.

24. Admits.

25. Admits.

26. Admits.

27. Admits.

28. Paragraph 28 of Plaintiffs' amended complaint consists of non-factual characterizations of Plaintiff's actions and/or conclusions of law, to which no answer is required. To the extent that a response is deemed required, U. S. Steel admits that Erdemir filed comments but denies the remainder of the paragraph.

29. Admits.

30. Admits.

31. Admits.

32. Paragraph 32 of Plaintiffs' amended complaint consists of non-factual characterizations of Plaintiff's actions and/or conclusions of law, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

33. Admit.

34. Admit.

35. Admit.

## COUNT I

36. With respect to paragraph 36 of Plaintiff's amended complaint, paragraphs 1-35 are admitted or denied as discussed above.

37. U. S. Steel lacks sufficient information to admit or deny.

38. Denies.

## PRAYER FOR RELIEF

Proposed defendant-intervenor U. S. Steel denies that Plaintiff is entitled to the relief that it seeks in the section of its amended complaint titled "prayer for relief."

## AFFIRMATIVE DEFENSES

In addition to the foregoing, and in accordance with Rule 24(c) of the rules of this Court,

U. S. Steel asserts the following affirmative defenses that preclude Erdemir from obtaining any relief in this case.

39. This Court lacks subject matter jurisdiction over Plaintiff's claim. 28 U.S.C. § 1581(i) does not confer jurisdiction where another remedy is or could be available under another subsection of 28 U.S.C. § 1581 unless such remedy would be manifestly inadequate. Because Erdemir could pursue remedies under another subsection of 28 U.S.C. § 1581 and those remedies would not be manifestly inadequate, 28 U.S.C. § 1581(i) does not confer jurisdiction over this action upon this Court.

40. Plaintiff's amended complaint fails to state a claim on which relief can be granted. The Commission's affirmative material injury determination in the original investigation became final and could not be reconsidered after the time to appeal that determination under 28 U.S.C. § 1581(c) expired.

41. The Commission's rejection of Erdemir's request for a reconsideration proceeding or changed circumstances review was not unlawfully withheld, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law nor otherwise unlawful under 5 U.S.C. § 706.

42. U. S. Steel expressly reserves the right to assert all additional defenses available in law or equity that may be revealed or developed in the course of this proceeding.

WHEREFORE, U. S. Steel requests that the Court dismiss Erdemir's action with prejudice and grant Defendant such other relief as the Court may deem just and proper.

Court No. 22-349

Respectfully submitted,

/s/ Sarah E. Shulman

Thomas M. Beline
Sarah E. Shulman

CASSIDY LEVY KENT (USA) LLP
900 19th Street, NW, Suite 400
Washington, D.C. 20006
Phone:  (202) 567-2316
Fax:  (202) 567-2301
Email: tbeline@cassidylevy.com

*Counsel to United States Steel Corporation*

Dated:  February 21, 2023