# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

**EREGLI DEMIR VE CELIK FABRIKALARI T.A.S.,**

                **Plaintiff,**

    **v.**

**UNITED STATES INTERNATIONAL TRADE COMMISSION,**

                **Defendant.**

**Before: Hon. Timothy M. Reif, Judge**

**Court No. 22-00349**

## REPLY OF DOMESTIC INTERESTED PARTIES TO PLAINTIFF'S OPPOSITIONS TO DOMESTIC INTERESTED PARTIES' MOTIONS TO INTERVENE

On behalf of Cleveland-Cliffs Inc. ("Cleveland-Cliffs"), Nucor Corporation ("Nucor"), Steel Dynamics, Inc. ("SDI"), and SSAB Enterprises, LLC ("SSAB") (collectively "Domestic Interested Parties"), domestic producers of the hot-rolled steel products that are at issue in this appeal, we hereby reply to the responses filed by Plaintiff Eregli Demir ve Celik Fabrikalari T.A.S. ("Plaintiff" or "Erdemir") in opposition to the motions to intervene as defendant-intervenors filed by Cleveland-Cliffs, Nucor, SDI, and SSAB. As detailed in Domestic Interested Parties' motions, and as discussed below, Domestic Interested Parties have strong and compelling bases for intervening in this appeal, and Plaintiff has failed to show otherwise. Thus, we respectfully request that the Court grant our motions and permit Cleveland-Cliffs, Nucor, SDI, and SSAB to each enter this appeal as an intervenor on the side of Defendant U.S. International Trade Commission ("Defendant" or "Commission").

I.      **DOMESTIC INTERESTED PARTIES PARTICIPATED IN THE UNDERLYING PROCEEDINGS AND MAINTAIN A SIGNIFICANT INTEREST IN THE OUTCOME OF THIS ACTION**

As Domestic Interested Parties demonstrated in their respective motions to intervene, they participated fully in the underlying proceedings and have a significant interest in the outcome of this appeal. *See* Mem. in Supp. of Steel Dynamics, Inc. and SSAB Enterprises, LLC Partial Consent Mot. to Intervene as Defendant-Intervenors (Jan. 24, 2023), ECF No. 15 at 4-7 ("SDI & SSAB Mot. to Intervene"); Cleveland-Cliffs Inc. Partial Consent Mot. to Intervene (Jan. 24, 2023), ECF No. 16 at 5-6 ("Cleveland-Cliffs Mot. to Intervene"); Nucor Corporation Partial Consent Mot. to Intervene (Jan 25, 2023), ECF No. 25 at 2-3 ("Nucor Mot. to Intervene"). Plaintiff's claims to the contrary are without merit, and Domestic Interested Parties should be entered as defendant-intervenors in this action. *See* Pl. Opp. to Mot. to Intervene of Cleveland-Cliffs Inc. (Feb. 14, 2023), ECF No. 31 at 3-9 ("Pl. Opp. to Cleveland-Cliffs Mot. Intervene"); Pl. Opp. to Mot. to Intervene of Steel Dynamics, Inc. and SSAB Enterprises, LLC (Feb. 14, 2023), ECF No. 32 at 6-11 ("Pl. Opp. to SDI & SSAB Mot. to Intervene"); Pl. Opp. to Mot. to Intervene of Nucor Corporation (Feb. 15, 2023), ECF No. 33 at 9-16 ("Pl. Opp. to Nucor Mot. to Intervene").

A.      **Domestic Interested Parties Participated in the Underlying Proceedings**

Domestic Interested Parties participated in the proceedings underlying this action, which demonstrates their strong interest in the outcome of this case. At several points in 2021 and 2022, Erdemir requested that the Commission reconsider its original injury determination supporting the antidumping duty order on hot-rolled steel imports from Turkey (the "Order") or conduct a changed circumstances review of the Order. Domestic Interested Parties responded to these requests and have consistently opposed Erdemir's actions.

As an initial matter, on December 2, 2021, the Commission issued a notice in the *Federal Register*, requesting comments on Erdemir's request for a changed circumstance review of the

Order. *Hot-Rolled Steel Flat Products from Turkey; Request for Comments Regarding the Institution of a Section 751(b) Review Concerning the Commission's Affirmative Determination*, 86 Fed. Reg. 68,512 (Int'l Trade Comm'n Dec. 2, 2021). In response to the Commission's request for comments, Domestic Interested Parties submitted comments addressing Erdemir's requests for a changed circumstances review and its alternative request for a reconsideration of the Order. *See Hot-Rolled Steel Flat Products from Turkey; Denial of Request to Institute a Section 751(b) Review; Denial of Request to Institute a Section 751(b) Review or Reconsideration Proceeding Concerning the Commission's Affirmative Determination in Investigation No. 731-TA-1296 (Final), Hot-Rolled Steel Flat Products from Turkey*, 87 Fed. Reg. 73,331, 73,332 (Int'l Trade Comm'n Nov. 29, 2022).

Additionally, Domestic Interested Parties participated in the recently completed five-year review of the Order, where they addressed similar arguments raised by Erdemir concerning its request for reconsideration. There, Erdemir again asked the Commission to reconsider its original injury determination for Turkey. *See Hot-Rolled Steel from Australia, Brazil, Japan, Netherlands, Russia, South Korea, Turkey, and the United Kingdom*, Inv. Nos. 701-TA-545-546, 731-TA-1291-1297, 731-TA-808, USITC Pub. 5380 (Nov. 2022) (First Review) (Fourth Review) at 26 n.132 & 48 n.298. During the course of that review, Domestic Interested Parties made clear that reconsideration was not warranted under the statute or the Commission's practice.

In November 2022, the Commission ultimately rejected Erdemir's requests for a changed circumstances review and for a reconsideration proceeding. *Hot-Rolled Steel Flat Products from Turkey*, 87 Fed. Reg. at 73,332. In doing so, the Commission specifically addressed Erdemir's request for reconsideration, noting that the agency "has chosen to exercise its authority to reconsider only when 'extraordinary circumstances' are present" and that, since "there is no

evidence of fraud or other facts that suggest extraordinary circumstances" in this case, the agency does "not find that the recalculation of the dumping margin by Commerce with respect to hot-rolled steel flat products from Turkey warrants reconsideration of our determination." *Id.*

Throughout this entire process, Domestic Interested Parties have participated fully in the formal Commission proceedings in which Erdemir asked the agency for reconsideration. Consequently, there is no basis for Plaintiff's claims that Domestic Interested Parties did not adequately participate in the underlying proceedings so as to have the opportunity to intervene in this appeal. Accordingly, the Court should reject Plaintiff's arguments and permit Domestic Interested Parties to intervene as defendant-intervenors in this action.

## B. Domestic Interested Parties Have A Significant Interest in the Outcome of this Appeal

As Domestic Interested Parties described in their respective motions to intervene, they have clear interests at stake in the pending litigation. *See* Cleveland-Cliffs Mot. to Intervene at 5-6; Nucor Mot. to Intervene at 2-3; SDI & SSAB Mot. to Intervene at 4-7. An adverse outcome in this appeal could jeopardize the import relief provided by the Order that Domestic Interested Parties petitioned for and now benefit from as domestic producers of hot-rolled steel. In requesting a reconsideration proceeding, Erdemir sought to challenge and terminate that import relief. Termination of the Order would have significant and tangible commercial effects for these companies. Plaintiff's claim that it "does not seek revocation of an order" but rather "retroactive termination of the investigation" is a distinction without a difference. Pl. Opp. to Cleveland-Cliffs Mot. to Intervene at 5. Either result would deprive Domestic Interested Parties of the trade relief they have benefitted from since the Order was put in place.

The interests of Domestic Interested Parties also share a common question of law with the main action. As shown above, Domestic Interested Parties have participated in the underlying

proceedings and maintain interests in addressing the legal questions now being raised by Plaintiff. Domestic Interested Parties have no alternative means of protecting these interests except to participate in this appeal. Further, Domestic Interested Parties intend to argue that this Court lacks subject matter jurisdiction over Plaintiff's claims, which represents a separate and unique legal interest in this proceeding. *See* Cleveland-Cliffs Mot. to Intervene at Attachment, p. 7; Nucor Mot. to Intervene at 3; SDI & SSAB Mot. to Intervene at 7.

Moreover, while government counsel will adequately represent the Commission's interests, they do not share the commercial interests and viewpoints of Domestic Interested Parties. Cleveland-Cliffs, Nucor, SDI, and SSAB are among the largest producers of hot-rolled steel in the United States and, thus, they bring unique industry perspectives that would benefit the Court during the course of this appeal. Further, while the Commission "determined not to exercise its authority to undertake a reconsideration of its negligibility analysis in its original material injury determination" relating to the Order, Domestic Interested Parties argued below that the agency lacks authority to reconsider its final material injury determination under the factual circumstances of this case. *See Hot-Rolled Steel Flat Products from Turkey*, 87 Fed. Reg. at 73,332. In sum, no other party could represent Domestic Interested Parties' significant interests in this case.

## II. DOMESTIC INTERESTED PARTIES SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B)

### A. The Legal Standard for Permissive Intervention Under Rule 24(b) Is Broad and Contemplates Situations Like the Present Case

Plaintiff incorrectly argues that Domestic Interested Parties should not be permitted to intervene under Rule 24(b) of this Court. *See* Pl. Opp. to Cleveland-Cliffs Mot. Intervene at 6-9; Pl. Opp. to SDI & SSAB Mot. to Intervene at 9-11; Pl. Opp. to Nucor Mot. to Intervene at 13-16. Rule 24(b)(1) provides that "{o}n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that

shares with the main action a common question of law or fact." U.S. Ct. Int'l Trade R. 24(b)(1). Domestic Interested Parties satisfy both bases for intervention under Rule 24(b)(1).

Domestic Interested Parties satisfy the requirements of Rule 24(b)(1)(B) because they have "a claim or defense that shares with the main action a common question of law or fact." *Id.* at 24(b)(1)(B). As detailed above, Domestic Interested Parties have significant interests in the outcome of this litigation, as they would be significantly and adversely affected should the Order be terminated, and their interests with respect to keeping the Order in place and addressing jurisdictional issues share common questions of law and fact with those raised by Plaintiff in this action as well as in the underlying proceedings. Thus, the Court may permit Domestic Interested Parties to intervene in this appeal because they have "a claim or defense that shares with the main action a common question of law or fact," as established in Rule 24(b)(1)(B). *Id.*

Domestic Interested Parties have also satisfied the requirements for permissive intervention under Rule 24(b)(1)(A) and 28 U.S.C. § 2631(j). As domestic producers of hot-rolled steel, Domestic Interested Parties are "interested parties" as defined by 28 U.S.C. § 2631(k) and 19 U.S.C. § 1677(9)(C), and they could be "adversely affected or aggrieved" by the outcome of this case. *See* U.S. Ct. Int'l Trade R. 24(b)(1)(A); 28 U.S.C. § 2631(j).

The courts have interpreted the "adversely affected or aggrieved" standard broadly. "The phrase 'adversely affected or aggrieved,' which mirrors the language in numerous statutes, including the Administrative Procedure Act, 5 U.S.C. § 702, represents a 'congressional intent to cast the {intervention} net broadly—beyond the common-law interests and substantive statutory rights' traditionally known to law." *Ontario Forest Indus. Assoc. v. United States*, 30 CIT 1117, 1130, 444 F.Supp.2d 1309, 1322 (2006) (quoting *FEC v. Akins*, 524 U.S. 11, 19, (1998))*; accord Canadian Wheat Bd. v. United States*, 33 CIT 1204, 1211, 637 F.Supp.2d 1329, 1337 (2009) (the

permissive intervention statute "has been given a broad construction"). Indeed, this broad interpretation is precisely why domestic interested parties are given a statutory right of intervention in most trade remedy proceedings. *See* 19 U.S.C. §2631(j). It is only because Plaintiff attempted to do an end-run around the antidumping duty laws and seek a form of relief not contemplated by the statute, that Domestic Interested Parties are not provided a statutory right to intervene under 28 U.S.C. § 2631(j). This is little more than appellate gamesmanship, with Plaintiff attempting to box out the U.S. companies most directly affected by this proceeding.

Permitting Domestic Interested Parties to intervene in this action would be consistent with the Court's practice under similar circumstances. For instance, in a previous appeal challenging a decision by the Commission not to conduct a reconsideration proceeding of an original injury determination, domestic producers of the merchandise under consideration moved to intervene in support of the defendant, which this Court permitted. *See Consol. Fibers, Inc. v. United States*, Ct. No. 06-00018, ECF Nos. 4, 13, and 16.[1] Further, this Court regularly allows parties to intervene in cases brought under 28 U.S.C. § 1581(i) that concern the administration of the antidumping and countervailing duty laws. *See, e.g.*, *Ontario Forest*, 30 CIT at 1130, 444 F.Supp.2d at 1322 (granting domestic interested party's motion to intervene in proceeding concerning formation of a NAFTA panel); *Canadian Wheat*, 33 CIT at 1210, 637 F.Supp.2d at 1337 (granting Canadian government's motion to intervene in case concerning notice of revocation of antidumping and countervailing duty orders); *Sunpreme Inc. v. United States*, 145 F.Supp.3d 1271, 1278 (Ct. Int'l Trade 2016) (noting that the Court had granted a motion to intervene in an appeal challenging the

---

[1] Domestic Interested Parties note that the Commission moved to dismiss this case on the grounds that the Court lacked subject matter jurisdiction under 28 U.S.C. § 1581(i) to hear the plaintiffs' claims. *Consol. Fibers, Inc. v. United States*, Ct. No. 06-00018, ECF Nos. 11 and 12. Plaintiffs filed a stipulation of dismissal dismissing that action. *Consol. Fibers, Inc. v. United States*, Ct. No. 06-00018, ECF Nos. 17 and 18.

collection of antidumping and countervailing duty cash deposits). These other 28 U.S.C. § 1581(i) residual jurisdiction cases show that the Court has permitted parties to intervene in similar situations, and it should do so again here.

**B.    The Court Should Reject Plaintiff's Arguments Opposing Domestic Interested Parties' Intervention under Rule 24(b)**

Setting aside that Domestic Interested Parties satisfy the requirements for intervention under Rule 24(b)(1)(B), Plaintiff also incorrectly argues that Domestic Interested Parties do not meet the requirements of permissive intervention under Rule 24(b)(1)(A). Pl. Opp. to Cleveland-Cliffs Mot. Intervene at 6-9; Pl. Opp. to SDI & SSAB Mot. to Intervene at 9-11; Pl. Opp. to Nucor Mot. to Intervene at 13-16. Contrary to those claims, Domestic Interested Parties would be adversely affected or aggrieved by any adverse decision in this action, and their intervention would not unduly delay this proceeding or prejudice other parties. Further, despite Plaintiff's arguments, Cleveland-Cliffs has provided the Court with the information necessary to grant its motion to intervene, and it is not required to reiterate Plaintiff's unfounded legal theories in its motion. Accordingly, for the reasons below, the Court should reject Plaintiff's arguments and permit Domestic Interested Parties to intervene in this action.

**1.    Domestic Interested Parties Would Be Adversely Affected or Aggrieved by Any Adverse Decision in this Action**

As demonstrated above, Domestic Interested Parties have shown that they have a strong interest in the outcome of this proceeding. An adverse decision could jeopardize the trade relief that Domestic Interested Parties have received as a result of the Order, and they have no alternative means of protecting that relief, except to participate in this appeal. Domestic Interested Parties also share common legal and factual questions with those raised by Plaintiff both in this action and in the underlying proceeding in which Domestic Interested Parties participated. Further, Domestic Interested Parties' interests will not be adequately represented by Defendant or any other party to

this proceeding. In fact, as detailed above, this Court has granted the motion to intervene of similarly situated domestic interested parties in another appeal challenging the Commission's decision not to reconsider an original injury determination. *See Consol. Fibers, Inc. v. United States*, Ct. No. 06-00018, ECF Nos. 4, 13, and 16.

Plaintiff claims that Domestic Interested Parties could not be adversely affected or aggrieved by any outcome of this case, as even if the Court were to instruct the Commission to conduct a reconsideration proceeding, Erdemir would remain subject to the Order for the duration of that proceeding and Domestic Interested Parties would be able to participate in the remand proceeding. This line of argument should be rejected. Plaintiff's reasoning makes little sense as the outcome of a remand redetermination proceeding would significantly and adversely affect the interests of Domestic Interested Parties, should the Order be terminated.[2] An interest in a potential remand proceeding still constitutes an interest in this court appeal. Indeed, it is clearly in Domestic Interested Parties' interest for the Court to sustain the Commission's decision not to institute a reconsideration proceeding in the first instance. Domestic Interested Parties have also argued that the Commission does not have the authority to reconsider its final material injury determination under the circumstances present here. The ability to make this argument would be lost if Domestic

---

[2] Moreover, it is the Commission's practice to limit participation in remand proceedings to parties to the appeal. *See, e.g.*, *Drill Pipe and Drill Collars from China*, 78 Fed. Reg. 59,972 (Int'l Trade Comm'n Sept. 30, 2013) ("{o}nly those persons who were interested parties to the reviews . . . and <u>parties to the appeal may participate in the remand proceeding</u>"); *Polyethylene Terephthalate Resin from Brazil, Indonesia, Korea, Pakistan, and Taiwan*, 85 Fed. Reg. 41,624 (Int'l Trade Comm'n July 10, 2020) ("{o}nly those persons who were interested parties that participated in the investigations . . . and <u>were also parties to the appeal may participate in the remand proceedings</u>"); *Polytetrafluoroethylene Resin From China and India*, 85 Fed. Reg. 38,157 (Int'l Trade Comm'n June 25, 2020) (same); *Softwood Lumber from Canada*, 84 Fed. Reg. 51,175 (Int'l Trade Comm'n Sept. 27, 2019) (same). Therefore, should the Court deny intervention, Domestic Interested Parties would likely not be allowed to participate in any remand proceeding that results from this appeal, contrary to Plaintiff's claim.

Interested Parties are not permitted to intervene in this action and the Court orders the Commission to conduct a reconsideration proceeding on remand. Further, the Court should encourage all interested and potentially affected parties to make arguments pertinent to the Court's analysis as early in the case as possible. This will best protect the rights of those parties while also assisting the Court and preserving its resources. The Court should not want to hear arguments for the first time during a remand proceeding, especially concerning fundamental jurisdictional issues, that could have been heard and addressed in this action.

> **2. Domestic Interested Parties' Intervention Would Not Unduly Delay this Proceeding or Prejudice Other Parties**

Domestic Interested Parties' motions to intervene were timely filed and consented to by the Commission. They were also all filed within 30 days of Plaintiff's complaint and before any other substantive filings were made.[3] Therefore, permitting Domestic Interested Parties to intervene in this case will not unduly delay or prejudice the rights of Plaintiff because the Court has not heard argument on any of the substantive issues. In fact, if any party has delayed this proceeding and prolonged the time required to reach the merits of this case, it is Plaintiff. By challenging each motion to intervene filed by Domestic Interested Parties separately and at length, Plaintiff has extended the timeline of this action and required significant resources to be expended by the Court and other parties in addressing Plaintiff's meritless claims opposing intervention. Once again, this is little more than appellate gamesmanship, which in itself has delayed the Court in reaching the substance of this appeal.

---

[3] Domestic Interested Parties note that Plaintiff filed an amended complaint on January 24, 2023, which was the same day that Cleveland-Cliffs, SDI, and SSAB filed their respective motions to intervene and one day before Nucor filed its motion to intervene.

Plaintiff fails to provide the Court with any evidence or argument indicating that the intervention of Domestic Interested Parties will cause Plaintiff or any other party undue prejudice. Plaintiff points to the fact that the intervention of Domestic Interested Parties would increase the number of parties involved in this appeal. However, as the Court knows, granting invention will necessarily increase the number of parties in any appeal. Without further explanation, this particular fact does not, by itself, justify denying intervention in this case.

This Court in *Ontario Forest* addressed and rejected similar arguments against intervention made by the plaintiff. There, the Court rejected the plaintiff's argument that the domestic interested parties' motion to intervene would delay the proceeding, noting that "{w}hile assuredly true, if the court were to accept this proposition, it would essentially be holding that permissive intervention can never be permitted." *Ontario Forest*, 30 CIT at 1131, 444 F.Supp.2d at 1322. The Court also found that "given that the court has an independent duty to ascertain whether it has jurisdiction in this matter, because many of the arguments the {proposed defendant-intervenor} raises are jurisdictional in nature, the additional research and argument may even save the court research (and, therefore, time)." *Id.*, 444 F.Supp.2d at 1322-23. The same logic applies here. Domestic Interested Parties moved to intervene as soon as possible, and they intend to address key jurisdictional issues that could greatly assist the Court. *See* Cleveland-Cliffs Mot. to Intervene at Attachment, p. 7; Nucor Mot. to Intervene at 3; SDI & SSAB Mot. to Intervene at 7.

Plaintiff also mistakenly argues that the "unique perspective" that Domestic Interested Parties would add as the leading producers of hot-rolled steel in the United States would not warrant the alleged "time, effort, and expense" their intervention would entail. Pl. Opp. to SDI & SSAB Mot. to Intervene at 11. This argument is entirely unsupported. As shown above, Domestic Interested Parties would bring unique industry viewpoints that would benefit the Court during the

course of this appeal. Plaintiff fails to support its claim that allowing Domestic Interested Parties to intervene at this early stage, especially given the value their participation would bring, would unduly add to the time and resources required from the Court and other parties.

Plaintiff claims "the Court can only speculate" as to whether Domestic Interested Parties "arguments would only be duplicative of the Commission's arguments." Pl. Opp. to Nucor Mot. to Intervene at 16; Pl. Opp. to SDI & SSAB Mot. to Intervene at 11. This claim is patently false. Domestic Interested Parties have provided clear reasons why Defendant in this action would not adequately represent their interests or provide the same information and arguments for the Court's consideration. Domestic Interested Parties' separate and unique interests stand as a strong reason in favor of permitting Domestic Interested Parties to intervene in this appeal.

### 3. Cleveland-Cliffs Has Provided the Court with the Information Necessary for a Motion to Intervene on a Permissive Basis

There is no basis for Plaintiff's assertion that Cleveland-Cliffs failed to provide the Court with the information necessary for a motion for permissive intervention under Rule 24(b)(1). Plaintiff claims that Cleveland-Cliffs failed to attach a pleading setting out the claims and defenses for which intervention is sought to its motion. Pl. Opp. to Cleveland-Cliffs Mot. to Intervene at 6-9. This is simply not true. In its motion to intervene, Cleveland-Cliffs attached an answer that responds to each of the allegations contained in Plaintiff's complaint and sets forth the specific claims and defenses that Cleveland-Cliffs intends to make upon intervention. *See* Cleveland-Cliffs Mot. to Intervene at Attachment. Given this clear and incontrovertible fact, Plaintiff has no basis to argue that Cleveland-Cliffs failed to include such a pleading with its motion.

### 4. Cleveland-Cliffs Is Not Required to Reiterate Plaintiff's Legal Theories in its Motion to Intervene

Plaintiff also appears to argue that the Court should reject Cleveland-Cliffs' motion to intervene on the grounds that Cleveland-Cliffs failed to include in its motion certain allegedly

"relevant facts," most of which involve Plaintiff's assertion that the Commission acted unreasonably by denying Plaintiff's reconsideration request. Pl. Opp. to Cleveland-Cliffs Mot. to Intervene at 1-6. However, it is not the responsibility of Cleveland-Cliffs or any other party to repeat Plaintiff's unfounded claims that the Commission acted unreasonably when it rejected Plaintiff's reconsideration request. On the contrary, given that the Commission's decision to reject Plaintiff's request was reasonable and fully consistent with its past practice on this issue, Cleveland-Cliffs' "failure" to include these allegedly "relevant facts" in its motion to intervene is an entirely understandable rejection of Plaintiff's basic theory in this appeal. That is, this alleged "failure" on the part of Cleveland-Cliffs does not warrant rejecting Cleveland-Cliffs' request to intervene in this case, as Plaintiff would have it. Rather, this is yet another instance of Plaintiff trying to prevent domestic hot-rolled producers from participating in an action in which they clearly have a direct and compelling interest.

## III. THE COURT SHOULD GRANT INTERVENTION AS A MATTER OF RIGHT TO DOMESTIC INTERESTED PARTIES UNDER RULE 24(A)

While Domestic Interested Parties have demonstrated that they should be granted permissive intervention in this action under Rule 24(b), they should also be permitted to intervene as a matter of right under Rule 24(a) of this Court. Nevertheless, Plaintiff make several misplaced arguments regarding Domestic Interested Parties' ability to intervene under Rule 24(a). The Court should reject these arguments and permit Domestic Interested Parties to intervene as a matter of right pursuant to Rule 24(a).

### A. Plaintiff Incorrectly Asserts that Rule 24(a)(2) Only Applies to EAPA Cases

As an initial matter, Rule 24(a)(2) is not limited to intervention in Enforce and Protect Act ("EAPA") cases, as alleged by Plaintiff. *See* Pl. Opp. to Nucor Mot. to Intervene at 2-5; Pl. Opp. to SDI & SSAB Mot. to Intervene at 3. Rule 24(a)(2) contains two separate clauses that provide

distinct bases for qualifying for intervention as a matter of right. *See* U.S. Ct. Int'l Trade R. 24(a)(2). First, the rule provides that intervention is allowed "in an action described in section 517(g) of the Tariff Act of 1930" by "a person determined to have entered merchandise through evasion or is the interested party that filed the allegation." *Id.* Second, the rule establishes that intervention is permitted to anyone that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* As detailed in their motions to intervene, Domestic Interested Parties satisfy the latter of these two bases, as they "claim an interest relating to the property or transaction that is the subject" of the present action.

The language of Rule 24(a)(2) does not limit its applicability to EAPA cases, as Plaintiff asserts. In fact, the Court has previously granted motions to intervene based on Rule 24(a)(2) where the underlying proceeding did not implicate the EAPA statute. *See Consol. Fibers, Inc. v. United States*, Ct. No. 06-00018, ECF Nos. 4, 13, and 16; *Motion Sys. Corp. v. United States*, Ct. No. 03-00146, ECF Nos. 16 and 24. Even one of the cases referenced by Plaintiff in its oppositions, *Luxury International Inc.*, was not an EAPA case, yet the Court permitted intervention under Rule 24(a)(2). *See* Pl. Opp. to Nucor Mot. to Intervene at 6; Pl. Opp. to SDI & SSAB Mot. to Intervene at 3-4; *Luxury Int'l, Inc. v. United States*, 23 CIT 694, 69 F.Supp.2d 1364 (1999). Further, just as in the present litigation, both *Consolidated Fibers* and *Motion Systems* involved appeals of a federal agency's denial of a request for reconsideration. Therefore, as it did in those cases, the Court should find that Domestic Interested Parties meet the substantive requirements for intervention under Rule 24(a)(2).

### B. Domestic Interested Parties Satisfy the Substantive Requirements for Intervention Under Rule 24(a)(2)

Rule 24(a) provides that "{o}n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." U.S. Ct. Int'l Trade R. 24(a). This four-part test requires: (1) a timely motion; (2) a legally protectable interest in the property or transaction at issue in the litigation; (3) the relationship of the interest to the litigation is of such a direct and immediate character that the movant will either gain or lose by direct legal operation and effect of the judgment; and (4) the government does not adequately represent that interest. Contrary to Plaintiff's claims, Domestic Interested Parties satisfy each of these requirements and should be permitted to intervene under Rule 24(a).

First, Domestic Interested Parties filed timely motions to intervene. These motions were all filed within 30 days of Plaintiff's complaint and within one day of Plaintiff's amended complaint. Further, Domestic Interested Parties' motions were filed before any other substantive filings and, thus, will not unduly delay this proceeding because the Court has not heard argument on any of the substantive issues.

Second, Domestic Interested Parties have a legally protected interest. As demonstrated above, Domestic Interested Parties have a strong interest in the outcome of this action, which is inextricably linked to the continuation of the Order, and they fully participated in the underlying proceedings before the Commission. At risk is the import relief that has been in place since the Order was imposed and from which Domestic Interested Parties have benefited. Domestic Interested Parties have no other means to protect that interest except to participate in this litigation.

Third, Domestic Interested Parties have a "direct and immediate" interest that could be harmed by the result of this proceeding. If the Court instructs the Commission to conduct a reconsideration proceeding, as Plaintiff would have it, not only would an adverse finding in that remand proceeding significantly impact their commercial interests, but Domestic Interested Parties would also lose the opportunity entirely to argue against the Court's subject matter jurisdiction to hear Plaintiff's claims or otherwise address Plaintiff's substantive arguments in the first instance. Domestic Interested Parties would also be deprived of the ability to argue that the Commission has no authority to conduct a reconsideration proceeding under the circumstances present in this case. It is not sufficient that Domestic Interested Parties would be able to participate in a remand proceeding before the Commission.

Fourth, Domestic Interested Parties have an interest that would not be adequately represented by the Commission. As detailed above, the Commission does not share the same commercial interests and legal perspectives as Domestic Interested Parties, and the Court could benefit greatly from the participation of Domestic Interested Parties.

In arguing that Domestic Interested Parties do not satisfy the four-part test for Rule 24(a), Plaintiff repeatedly and mistakenly analogizes to the findings of this Court in *GreenFirst*, which is clearly distinguishable from the present action. *See* Pl. Opp. to Nucor Mot. to Intervene at 7-12; Pl. Opp. to SDI & SSAB Mot. to Intervene at 4-8; *GreenFirst Forest Prods. Inc. v. United States*, 577 F.Supp.3d 1349 (Ct. Int'l Trade 2022). Most notably, at issue in *GreenFirst* was the plaintiff's challenge to the U.S. Department of Commerce's decision not to initiate a changed circumstances review as to whether the plaintiff GreenFirst was the successor-in-interest to an acquired entity (*i.e.*, RYAM) for the purposes of applying RYAM's countervailing duty cash deposit rate to GreenFirst. *GreenFirst*, 577 F.Supp.3d at 1352-53. As Plaintiff itself has acknowledged,

"GreenFirst was not attacking . . . the order itself." Pl. Opp. to SDI & SSAB Mot. to Intervene at 5; Pl. Opp. to Nucor Mot. to Intervene at 9. That is, in *GreenFirst,* the nature of the requested changed circumstances review did not have the potential of resulting in revocation of the order. *See GreenFirst Forest Prods. Inc*, 577 F.Supp.3d at 1354. In contrast here, if Domestic Interested Parties are not permitted to intervene in the current action, the Order could be terminated in its entirety. In fact, the entire reason why Plaintiff is seeking a remand for the Commission to conduct a reconsideration proceeding is to obtain a termination of the Order.

In this case, while there was no formal reconsideration proceeding, Erdemir made its request for reconsideration multiple times, to which Domestic Interested Parties responded repeatedly. As such, to the maximum extent possible, Domestic Interested Parties have demonstrated a clear interest in responding to Erdemir's requests for reconsideration. Further, throughout this case, Domestic Interested Parties have argued that that agency lacks the authority to reconsider its original injury determination based on the circumstances of this case, which was a position not adopted by the Commission in declining Erdemir's request. *See Hot-Rolled Steel Flat Products from Turkey*, 87 Fed. Reg. at 73,332. Thus, Domestic Interested Parties not only have an interest in securing a favorable outcome in any consideration of Plaintiff's substantive claims, but they also have different legal interests and arguments than those of Defendant.

Plaintiff also mistakenly analogizes to numerous cases addressing challenges to the Section 232 tariffs, in which various parties were denied the opportunity to intervene. *See* Pl. Opp. to Nucor Mot. to Intervene at 7; Pl. Opp. to SDI & SSAB Mot. to Intervene at 4. The Court's reasoning in these cases is not applicable here. For instance, in *Seneca Foods*, the Court found that the domestic interested party seeking to intervene failed to establish that it had a "legally protectable interest," noting that the possibility of potential sales opportunities does not constitute that type of economic

interest normally recognized by the courts. *Seneca Foods Corp. v. United States*, Ct. No. 22-00243, slip op. 22-149 (Ct. Int'l Trade Dec. 21, 2022). Further, in *NLMK Pennsylvania, LLC,* the Court stated that the domestic interested party seeking intervention did not have a direct legally protectable beneficiary interest because "the goal of Section 232 is to protect the national security of the United States; any benefit to the domestic industry is secondary, and any benefit to specific domestic producers is incidental." *NLMK Pennsylvania, LLC v. United States*, 553 F. Supp. 3d 1354, 1362 (Ct. Int'l Trade 2021). Here, the interest in this action is far greater. As detailed at length above, Plaintiff's claims threaten the trade relief afforded to Domestic Interested Parties by the Order. Should the Order be terminated, that import relief would be removed entirely.

In short, Domestic Interested Parties satisfy the four-part test to qualify for intervention under Rule 24(a). Plaintiff's arguments to the contrary are unavailing, and its repeated comparisons to *GreenFirst* are inapposite and unpersuasive. Thus, Domestic Interested Parties should be permitted to intervene permissively under Rule 24(b) and as a matter of right under Rule 24(a).

## IV.    <u>CONCLUSION</u>

In summary, we respectfully request that the Court reject the arguments made by Plaintiff in its oppositions. For the reasons discussed here, as well as in Domestic Interested Parties' motions to intervene, we ask that the Court permit Cleveland-Cliffs, Nucor, SDI, and SSAB to enter this appeal as defendant-intervenors.

Respectfully submitted,

*/s/ Stephen P. Vaughn*
Stephen P. Vaughn, Esq.
Neal Reynolds, Esq.
Barbara Medrado, Esq.

**KING & SPALDING LLP**
1700 Pennsylvania Ave., NW
Washington, DC 20006
(202) 737-0500

*Counsel to Cleveland-Cliffs Inc.*

*/s/ Alan H. Price*
Alan H. Price, Esq.
Christopher B. Weld, Esq.
Theodore P. Brackemyre, Esq.
Nicole C. Hager, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Corporation*

*/s/ Jeffrey D. Gerrish*
Roger B. Schagrin, Esq.
Jeffrey D. Gerrish, Esq.

**SCHAGRIN ASSOCIATES**
900 Seventh Street, NW
Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel to Steel Dynamics, Inc. and SSAB Enterprises, LLC*

Dated: February 27, 2023