UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş.<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>　　　　　　　　　Defendant. | 22-cv-00349 |

OPPOSITION TO MOTION TO INTERVENE
OF USSC CORPORATION

Plaintiff Ereğli Demir ve Çelik Fabrikaları T.A.Ş. (Erdemir), by and through its counsel, opposes the Motion To Intervene And For Leave To File Answer submitted by proposed defendant-intervenor, U.S. Steel Corporation (USSC).  USSC seeks permissive intervention in this case under 28 U.S.C. § 2631(j) and Rules 24(b) and (c) of the Rules of this Court.

Erdemir filed this appeal under 28 U.S.C. § 1581(i)(1)(B) and (D) and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, 704, & 706, because the decision Erdemir appeals here – the Commission's unlawful decision not to initiate a reconsideration proceeding – is not a decision listed under 19 U.S.C. § 1516a.  Thus, the general statutory provision for intervention with leave of this Court under 28 U.S.C. § 2631(j) and the specific Court rule for permissive intervention under Rule 24(b) of the Rules of this Court apply to USSC's motion.  This Court has previously clarified:  "{i}n 28 U.S.C. § 1581(i) cases, intervention is left to the sound discretion of the court."  *See Neo Solar Power Corp. v. United States*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2 (June 17, 2016) (*citing Vivitar Corp. v. United States*, 7 CIT 165, 169, 585 F. Supp. 1415, 1419 (1984) (applying USCIT Rule 24(b) and 28 U.S.C. § 2631(j)); *see also*

*Severstal Exp. GmbH v. United States*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 (April 13, 2018) (addressing permissive intervention in a case arising under 28 U.S.C. § 1581(i)).

Permissive intervention under Rule 24(b) of this Court's rules is not available because USSC has not established how it would be adversely affected or aggrieved by a decision in this case, or that its participation would not cause undue delay and prejudice to the original parties to this proceeding. USSC essentially copies the motion submitted by Nucor but adds inapposite case law and an irrelevant "practical" argument. Further, although this Court recently granted intervention to three domestic interested parties, Erdemir has filed a request for reconsideration of those orders. *See* ECF43, Mot. for Reconsideration. For the reasons provide below and in Erdemir's Motion for Reconsideration, this Court should deny permissive intervention and dismiss USSC's motion with prejudice.

## I.    USSC FAILED TO ESTABLISH THAT IT WOULD BE ADVERSELY AFFECTED OR AGGRIEVEDBY A DECISION IN THIS CASE

The Court should reject USSC's motion to intervene permissively under Rule 24(b) because USSC has not established that it would be adversely affected or aggrieved by a decision in this case. Permissive intervention requires that the movant "be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade." 28 U.S.C. § 2631(j). There is no possible outcome of this case that could adversely aggrieve or affect USSC.

USSC asserts that it has a "has a strong interest in the outcome in this litigation as it could jeopardize the antidumping order that USSC petitioned for and now benefits from as a domestic producer of hot-rolled steel." USSC Mot. at 2. But this assertion is wrong because the outcome of this action will have no effect on the antidumping order.

This Court will not decide the merits of a reconsideration proceeding in this action, that is for the Commission to do in the first instance. This Court will address only whether the Commission's decision not to initiate a reconsideration proceeding presents a sufficient rationale in light of legal authorities applicable to the factual circumstances presented. Viewed in this correct light, there are only two possible outcomes of this action: (1) affirmance of the Commission's decision not to initiate a reconsideration proceeding, or (2) affirmance of a Commission remand determination to initiate a reconsideration proceeding. And while the final outcome in this action may be preceded by one or more remand proceedings, any such remand would only be an interim step in reaching one of these two possible outcomes.

Neither of these two actions can adversely aggrieve or affect USSC. If this Court affirms the Commission's refusal to initiate a reconsideration proceeding, the outcome is the result USSC hopes for: that Erdemir remain subject to the AD order. USSC would not be adversely affected or aggrieved by that outcome. Alternatively, if this Court affirms a decision by the Commission after remand to initiate a reconsideration proceeding, Erdemir – which is currently subject to the AD order – will continue to be subject to the AD order when that reconsideration proceeding begins. Either way, USSC cannot be adversely affected or aggrieved by the outcome of this appeal of the decision not to initiate a reconsideration proceeding.

USSC's also cannot be adversely affected or aggrieved because its asserted interests do not match the substance of this action. This Court in *GreenFirst*, explained the same principle. There, GreenFirst was not attacking the order itself, it was only challenging Commerce's refusal to initiate a changed circumstances review. *See GreenFirst*, 577 F. Supp. 3d at 1354 (noting that proposed intervenor "fail{ed} to reconcile its purported interest in {that} action with what

GreenFirst seeks."). Because USSC's asserted interest does not match the substance of this action, it's claim to be adversely affected or aggrieved must be rejected.

Denying USSC's motion for failure to demonstrate how it would be adversely affected or aggrieved by this case will not limit USSC's ability to protect its interests in other contexts. USSC's ability to protect any interest it has will be preserved because the Commission likely will[1] allow USSC to participate in a reconsideration proceeding and raise every argument USSC believes is relevant. Further, requiring USSC to wait to raise its arguments in an appropriate setting is the correct outcome: this Court should allow the Commission to address USSC's arguments in the first instance. *See, e.g., Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 50 (1983) ("It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."); *INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002) ("A court of appeals 'is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.' {} Rather, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.' *Ibid*." (*Citing Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 84 L. Ed. 2d 643, 105 S. Ct. 1598 (1985)). Giving USSC the opportunity to raise those same arguments here would be premature.

USSC's citation to *Canadian Wheat Bd.* is inapposite. *See* USSC Mot. at 2 (*citing Canadian Wheat Bd. v. United States*, 637 F. Supp. 2d 1329 (Ct. Int'l Trade 2009). The plaintiffs in *Canadian Wheat Bd.* challenged Commerce's refusal to follow this Court's order to

---

[1] To the extent USSC has concerns that the Commission will not allow it or other interested parties to participate in the reconsideration proceeding – and Erdemir knows no reason why such would be the case – the Court could order the Commission to allow participation by all interested parties, or USSC could later challenge the Commission's decision not to allow USSC to participate in any reconsideration proceeding.

liquidate pre-*Timken Notice* entries without duties in accordance with a NAFTA panel's final ruling. *Canadian Wheat Bd.*, 637 F. Supp. 2d at 1332. The parties and proposed intervenors in that case (brought under 28 U.S.C. § 1581(i)) all had a direct stake in the outcome of the case in terms of duties required, the protection of a countervailing duty order, or the integrity of the NAFTA system. *Id.* Further, in contrast to the absence of any underlying proceeding in Erdemir's appeal, the parties in *Canadian Wheat Bd.* had all participated in the underlying NAFTA and administrative proceedings. Thus, USSC's citing to *Canadian Wheat Bd.*'s grant of permissive intervention where "the facts of the case are necessarily shared by all entities interested in the case," is inapposite to its motion here.

USSC fails to demonstrate it would be adversely affected or aggrieved by any possible outcome of this case, and thus does not qualify for permissive intervention per the requirement of 28 U.S.C. § 2631(j).

## II. USSC HAS NOT DEMONSTRATED THAT INTERVENTION WOULD NOT UNDULY DELAY OR PREJUDICE THE ADJUDICATION OF THE RIGHTS OF THE ORIGINAL PARTIES

USSC has not demonstrated that intervention would not unduly delay or prejudice the adjudication of the rights of the original parties. USSC's sole argument about delay and prejudice is that this case is at a "very early stage." USSC Mot. at 3. USSC's single assertion is insufficient to carry its burden.

Under Rule 24(b)(3) of the Rules of this Court, and section 2631(j)(2), the Court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." This Court has previously explained that "{a}dditional parties always add additional time, effort, and expense." *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2-*3 (*citing Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*,

5

51 F. Supp. 972, 973 (D. Mass. 1943)); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6 (same).

The mere fact that a motion to intervene has been filed early in the proceeding is not something that can or should be considered sufficient to add "time, effort, and expense," to any proceeding. *Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *2-*3 (*citing Crosby*, 51 F. Supp. at 973); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6 (same). If filing a motion to intervene at a very early stage in the proceeding were sufficient, any interested party filing its motion early in the proceeding would be allowed to intervene. *See Neo Solar Power*, Slip Op. 16-60, 2016 Ct. Intl. Trade LEXIS 58 at *5 ("other domestic producers could seek to intervene on similar grounds in support of similar tangential interests, which would only cause undue delay and prejudice to the present parties" (*citing Vivitar*, 7 CIT at 169, 585 F. Supp. at 1419 ("Because of the potential for a vast number of applications for intervention by persons in the position of {the moving party}, permitting intervention does not appear to be in the interest of judicial economy."); *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *5 (same, denying intervention under USCIT R.24(b)(1)(B).

USSC does not address delay during the proceeding or increased cost, effort, and expense caused by additional parties participating, seeking extension of time for briefing, and filing additional volumes of briefing. (Here, four parties seek to intervene, and three have been granted intevention.) Indeed, USSC has already been the source of unnecessary delay and prejudice by filing a motion to intervene under a rule for intervention inapplicable to this case. *See* ECF 13, USSC Mot. to Intervene as a Matter of Right. That careless filing wasted both Erdemir's and this Court's time and resources, and delayed resolution of intervention issues.

Without further discussion of all aspects of delay and undue prejudice – including delays during the proceeding, increased costs, required effort, and overall expense caused by the presence of USSC and other intervenors in this case, the Court can only speculate that USSC's arguments would only be duplicative of the Commission's arguments, which weighs against intervention. *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6. An

To the extent USSC has arguments different from the Commission's, they are not relevant to this action. *See, Motor Vehicle*, 463 U.S. at 50 ("It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."). Further, although USSC's "'defense and that of the government are the same, this defense belongs, in essence, to the government, not {the movant}.'" *Severstal*, Slip Op. 18-41, 2018 Ct. Intl. Trade LEXIS 41 at *6 (*quoting Neo Solar*, Slip Op. 2016-60, 2016 WL 3390237, at *2). Accordingly, because USSC's arguments can only be duplicative or irrelevant, thus lead to delay and its participation – like all other parties who this Court should deny permissive intervention.

### III. USSC'S CLAIMS TO HAVE PARTICIPATED IN THE UNDERLYING PROCEEDING MUST BE REJECTED

USSC claims it "participated in the Commission proceeding that Erdemir directly contests by filing comments, as noted in the determination." USSC Mot. at 2. This claim is false. The claim also is legally irrelevant because participation in a proceeding is not an element under this Court's analysis for permissive intervention.

USSC's claim to have participated in a nonexistent proceeding is misleading and must be rejected. The Federal Register notice USSC cites acknowledges USSC's comments filed in response to the Commission's invitation to submit comments on whether to initiate a changed circumstances review (CCR). *See* USSC Mot. at 2 (*citing Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a*

*Section 751(b) Review or Reconsideration Proceeding Concerning the Commission's Affirmative Determination in Investigation No. 731–TA–1296 (Final), Hot-Rolled Steel Flat Products From Turkey*, 87 Fed. Reg. 73,331, 73,332 (Int'l Trade Comm'n Nov. 29, 2022)).  The instant action does not contest the Commission's decision not to initiate a CCR.  USSC did not point to any other submission besides its submission in the CCR proceeding, nor can it.  USSC did not submit comments in a proceeding to determine whether the Commission should initiate a reconsideration proceeding.  There was no such formal proceeding.

This Court in *GreenFirst* dismissed a similar claim by proposed intervenor there, the COALITION, that its participation in the underlying changed circumstances review (CCR) justified intervention of right.  *GreenFirst Forest Prods. v. United States*, 577 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2022).  This Court in *GreenFirst* rejected the claim because there was no proceeding:[2]

> the COALITION may have an interest in challenges to a CCR in which it participates, but there was no CCR here. Commerce decided not to conduct a CCR, which is the administrative proceeding in which the COALITION would participate. Having not conducted the relevant administrative proceeding, the COALITION has no participatory interest that is relevant to GreenFirst's action.

Similar to this Court's holding in *GreenFirst*, domestic producers USSC did not participate in a reconsideration proceeding because there was no reconsideration proceeding.  Erdemir requested a reconsideration proceeding and the Commission denied Erdemir's request.

---

[2] *Id.*  The Department of Commerce CCR proceedings – similar to the Commission reconsideration proceeding – is not a proceeding until formally initiated.  *See* 19 U.S.C. § 1675(b); 19 C.F.R. § 351.216(b), (d) (requiring initiation of a CCR if Commerce finds a review is warranted).  In contrast to Commerce CCRs and Commission remand proceedings, the Commission CCR procedure requires that the Commission publish notice of receipt of a request for CCR and invite to interested parties to comment on whether a CCR should be initiated, later publishing the decision whether to initiate. 19 C.F.R. §  207.45(b).

*See* ECF 14 at ¶¶21-23, 26, 30.  The Commission did not request comments on whether to initiate a reconsideration proceeding as it did with Erdemir's separate request for a CCR.  *See* ECF 14, *Amended Complaint* at ¶¶27-28, 30.  The Commission did not otherwise take any action to set up a proceeding in response to Erdemir's request.

Further, while USSC accurately states that it participated in the five-year review of the antidumping duty order on hot-rolled steel from Turkey, this statement is meaningless.  USSC Mot. at 2 (*citing Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom: Continuation of Antidumping Duty Orders (Australia, Japan, Korea, the Netherlands, Turkey, and United Kingdom) and Countervailing Duty Order (Korea) and Revocation of Antidumping and Countervailing Duty Orders (Brazil)*, 87 Fed. Reg. 78,642 (Int'l Trade Comm'n Dec. 22, 2022)).  The sunset review was not a reconsideration proceeding; and in the sunset review, the Commission specifically did not address Erdemir's request for reconsideration.  *See* Amended Complaint, ¶34 ("the Commission declined to address the arguments in the sunset review, explaining that the Erdemir raised the arguments in 'proceedings outside of these {sunset} reviews and the Commission has addressed them there'") (*quoting Hot-Rolled Steel from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom*, Inv. Nos. 701-TA-45-46 and 731-TA-1291-1297 (Review), and 731-TA-808 (Fourth Review) USITC Pub. 5380 (Nov. 2022), at 48 & n.298.

**IV.    IT WOULD NOT MAKE LOGICAL SENSE TO GRANT INTEVENTION HERE**

Contrary to USSC's claim, it would not make logical sense to grant intervention here.  USSC claims it would make logical sense because the outcome of this case could affect other cases.  *See* USSC Mot. at 3.  The mere fact that the outcome of one case may affect another does not confer standing or rights to intervene on parties to the other case.  For example, an appeal of an antidumping duty order after the original investigation could lead to revocation of the order

9

and render moot appeals of subsequent administrative reviews, scope rulings, or changed circumstances reviews.  Yet, if a proposed intervenor in the appeal of the order did not participate in the investigation, it could not intervene, regardless of how connected the cases may be.

Further, this argument strays outside the requirements of 28 U.S.C. § 2631(j) and this Court's Rule 24(b).  USSC has not established that it is adversely affected or aggrieved, or that its participation would not unduly delay or prejudice the adjudication of rights of the original parties.  USSC's failure to establish both requirements for permissive intervention is fatal to its motion, and any claim to logic cannot overcome failure to establish either or both of these requirements.

**V.      CONCLUSION**

USSC has not established how it would be adversely affected or aggrieved by a decision in this case, or that its participation would not cause undue delay and prejudice to the original parties to this proceeding.  Both findings are required to support a motion for permissive intervention under Rule 24(b) of this Court's rules.  Accordingly, this Court should deny permissive intervention under Rule 24(b), and dismiss USSC's motion with prejudice.

Respectfully submitted,

David L. Simon, Esq.
Mark B. Lehnardt, Esq.

LAW OFFICES OF DAVID L. SIMON, PLLC
1025 Connecticut Avenue, NW, Suite 1000
Washington, DC 20036 USA
Tel. 202-481-9000
e-mail:  DLSimon@DLSimon.com

March 14, 2023

*Counsel to Ereğli Demir Ve Çelik Fabrikalari T.A.Ş.*