**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| ———————————————————— )<br>EREĞLI DEMIR VE ÇELIK FABRIKALARI   )<br>T.A.Ş,   )<br> )<br> *Plaintiff,*   )<br> )<br> *v.*   )<br> )<br>UNITED STATES INTERNATIONAL   )<br>TRADE COMMISSION,   )<br> )<br> *Defendant,*   )<br> )<br> *and*   )<br> )<br>CLEVELAND-CLIFFS INC., NUCOR   )<br>CORPORATION, STEEL DYNAMICS, INC.,   )<br>and SSAB ENTERPRISES, LLC,   )<br> )<br> *Defendant-Intervenors.*   )<br>———————————————————— ) | Court No. 22-00349 |

**DEFENDANT-INTERVENORS' RESPONSE IN**
**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant-Intervenors Cleveland-Cliffs Inc. ("Cleveland-Cliffs"), Nucor Corporation ("Nucor"), Steel Dynamics, Inc. ("SDI"), and SSAB Enterprises, LLC ("SSAB") (collectively, "Domestic Interested Parties") respectfully submit this response in opposition to the motion for reconsideration filed by Plaintiff Ereğli Demir ve Çelik Fabrikalari T.A.Ş. ("Erdemir"). *See* Motion for Reconsideration, Mar. 14, 2023, ECF No. 43 ("Erdemir Mot. for Reconsideration"). Erdemir seeks reconsideration of the Court's March 8, 2023 orders that granted each of the Domestic Interested Parties' motions to intervene in the above-captioned action as defendant-intervenors pursuant to Rule 24 of the Rules of this Court. As explained below, we respectfully

request that the Court deny Erdemir's motion because it is a thinly veiled attempt to relitigate the issue and fails to address, let alone satisfy, the high standard for reconsideration.

By way of background, Erdemir commenced this action to appeal the decision of the U.S. International Trade Commission not to institute a proceeding to reconsider its original material injury determination that led to the issuance of the antidumping duty order on Turkish imports of hot-rolled steel flat products. *See generally* Compl., Dec. 26, 2022, ECF No. 4. Each of the Domestic Interested Parties moved to intervene less than one month after the filing of Erdemir's complaint. *See* Partial Consent Mot. to Intervene as Def.-Intervenors, Jan. 24, 2023, ECF No. 14; Partial Consent Mot. to Intervene, Jan. 24, 2023, ECF No. 16; and Partial Consent Mot. To Intervene, Jan. 25, 2023, ECF No. 22. The motions demonstrated that each of the Domestic Interested Parties has standing to intervene as a matter of right under Rule 24(a) of the Rules of this Court or, in the alternative, to intervene permissively under Rule 24(b) of the Rules of this Court. Erdemir opposed each of the motions separately and at length, fully presenting the legal and factual reasons that it alleged should result in a denial of intervention. *See* Opp'n to Mot. to Intervene of Cleveland-Cliffs, Feb. 14, 2023, ECF No. 31; Opp'n to Mot. to Intervene of SDI and SSAB, Feb. 14, 2023, ECF No. 32; Opp'n to Mot. to Intervene of Nucor Corp., Feb. 15, 2023, ECF No. 33. On February 27, 2023, Domestic Interested Parties sought leave to file a reply to address legal and factual flaws in Erdemir's responses. *See* Mot. for Leave to File a Reply to Pl.'s Resps. To Mots. To Intervene, Feb. 27, 2023, ECF No. 37. The Court granted the motion for leave to file a reply and subsequently granted the motions to intervene on March 8, 2023. *See* Order, Mar. 8, 2023, ECF No. 38; Order, Mar. 8, 2023, ECF No. 40; Order, Mar. 8, 2023, ECF No. 41; Order, Mar. 8, 2023, ECF No. 42.

Erdemir now asks this Court to reconsider its decisions to grant each of the motions to intervene filed by the Domestic Interested Parties. Erdemir fails to cite to any specific legal authority for reconsideration under these circumstances and does not even identify the applicable standard. The Domestic Interested Parties construe Erdemir's motion as a request for reconsideration under Rule 59(e) of the Rules of this Court. "{A} motion for reconsideration serves as a mechanism to correct a significant flaw in the original judgment by directing the court to review material points of law or fact previously overlooked{.}" *RHI Refractories Liaoning Co. v. United States*, 752 F. Supp. 2d 1377, 1380 (Ct. Int'l Trade 2011) (quotations omitted). Whether to grant a motion for reconsideration is within the sound discretion of the Court. *See Entergy Nuclear Fitzpatrick, LLC v. United States*, 711 F.3d 1382, 1386 (Fed. Cir. 2013). However, a motion for reconsideration "is not an opportunity for the losing party to re-litigate the case or present arguments it previously raised." *Novolipetsk Steel Pub. Joint Stock Co. v. United States*, 503 F. Supp. 3d 1323, 1328 (Ct. Int'l Trade 2021) (quotations omitted). "{A} court should not disturb its prior decision unless it is 'manifestly erroneous.'" *Marvin Furniture (Shanghai) Co. v. United States*, 899 F. Supp. 2d 1352, 1353 (Ct. Int'l Trade 2013). The manifest error standard is high and requires a showing of extraordinary circumstances that include "an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice." *Ford Motor Co. v. United States*, 30 C.I.T. 1587, 1588 (2006).

Erdemir has not demonstrated that the Court's decisions to grant the Domestic Interested Parties' motions to intervene were manifestly erroneous, and its motion for reconsideration must be denied. In fact, Erdemir's motion makes no mention at all of the legal standard for

3

reconsideration under Rule 59 of the Rules of this Court and fails to address why it is appropriate to disturb the finality of the Court's decision under that standard. Erdemir instead argues that reconsideration is warranted because it was not given adequate time to respond to the Domestic Interested Parties' motion for leave to file a reply or to seek leave to file a surreply and insists that the Domestic Interested Parties do not satisfy the requirements for intervention as of right or permissive intervention. This reasoning reveals that Erdemir merely seeks another bite at the apple and to litigate the issue further, rather than to rectify a clear legal or factual error in the Court's decisions.

Erdemir had a reasonable and adequate opportunity to litigate the issue and, in fact, availed itself of that opportunity by filing separate responses totaling 37 pages of briefing that opposed each of the Domestic Interested Parties' motions to intervene. In its motion for reconsideration, Erdemir further develops the same line of argument that was presented in its previous responses to oppose intervention under Rule 24(a) and Rule 24(b) of the Rules of this Court. Mere disagreement with the Court's decisions is insufficient. As explained above, the purpose of a motion for reconsideration is not to go over previously plowed ground and relitigate the issue. Even if Erdemir's motion were to raise any new arguments, "{a}n argument made for the first time in a motion for reconsideration comes too late and is ordinarily deemed waived." *Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1369 (Fed. Cir. 2014). More importantly, none of the arguments in Erdemir's motion demonstrate that the Court's decisions to grant the motions to intervene were manifestly erroneous and, thus, do not "affect the result reached in the first instance." *Ford Motor Co.*, 30 C.I.T. at 1588.

Erdemir's motion for reconsideration inappropriately seeks to relitigate the intervention issue and does not identify a manifest error as required by the legal standard for reconsideration under Rule 59 of the Rules of this Court. It should, therefore, be denied.

Respectfully Submitted,

/s/ Stephen P. Vaughn
Stephen P. Vaughn
Neal Reynolds
Barbara Medrado
**KING & SPALDING LLP**
1700 Pennsylvania Ave., NW
Washington, DC 20006
(202) 737-0500
*Counsel to Cleveland-Cliffs Inc.*

/s/ Alan H. Price
Alan H. Price
Christopher B. Weld
Theodore P. Brackemyre
Nicole C. Hager
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000
*Counsel to Nucor Corporation*

/s/ Roger B. Schagrin
Roger B. Schagrin
Jeffrey D. Gerrish
Saad Y. Chalchal*
**SCHAGRIN ASSOCIATES**
900 Seventh Street, N.W., Suite 500
Washington, D.C. 20001
*Counsel to Steel Dynamics, Inc. and SSAB Enterprises, LLC*

Dated: April 4, 2023

*Only admitted in New York and New Jersey. Practice limited to matters before federal courts and agencies.

### UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |  |
|---|---|---|
| ———————————————————— | ) | |
| EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş, | ) | |
|  | ) | |
| *Plaintiff,* | ) | |
|  | ) | |
| *v.* | ) | |
|  | ) | |
| UNITED STATES INTERNATIONAL TRADE COMMISSION, | ) | |
|  | ) | Court No. 22-00349 |
| *Defendant,* | ) | |
|  | ) | |
| *and* | ) | |
|  | ) | |
| CLEVELAND-CLIFFS INC., NUCOR CORPORATION, STEEL DYNAMICS, INC., and SSAB ENTERPRISES, LLC, | ) | |
|  | ) | |
| *Defendant-Intervenors.* | ) | |
| ———————————————————— | ) | |

## ORDER

Upon consideration of the motion for reconsideration filed by the plaintiff, the response thereto filed by the defendant-intervenors, and all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the motion is **DENIED**.

.

_____
The Honorable Timothy M. Reif, Judge
U.S. Court of International Trade

Dated: _____, 2023
      New York, New York