Slip Op. 23-73

## UNITED STATES COURT OF INTERNATIONAL TRADE

**EREĞLI DEMIR VE ÇELIK FABRIKALARI T.A.Ş.,**

       Plaintiff,

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION,**

       Defendant,

and

**STEEL DYNAMICS, INC.; SSAB ENTERPRISES, LLC; CLEVELAND-CLIFFS INC.; AND NUCOR CORPORATION,**

       Defendant-Intervenors.

**Before: Timothy M. Reif, Judge**

**Court No. 22-00349**

## OPINION AND ORDER

[Denying plaintiff's motion for reconsideration and denying proposed defendant-intervenor's motion to intervene.]

       Dated: May 15, 2023

David L. Simon and Mark B. Lehnardt, Law Offices of David L. Simon, PLLC, of Washington, D.C., for plaintiff Ereğli Demir ve Çelik Fabrikaları T.A.Ş.

Michael K. Haldenstein, Attorney-Advisor, Andrea C. Casson, Assistant General Counsel for Litigation, Ravi D. Soopramanien, Attorney-Advisor, Office of the General Counsel, United States International Trade Commission, of Washington, D.C., for defendant United States International Trade Commission.

Roger B. Schagrin, Jeffrey D. Gerrish, Saad Y. Chalchal, Schagrin Associates, of Washington, D.C., for Steel Dynamics, Inc. and SSAB Enterprises, LLC, defendant-intervenors.

Stephen P. Vaughn, Neal J. Reynolds, Barbara Medrado, King & Spalding LLP, of Washington, D.C., for Cleveland-Cliffs Inc., defendant-intervenor.

Alan H. Price, Christopher B. Weld, Derick G. Holt, Maureen E. Thorson, Theodore P. Brackemyre, Nicole C. Hager, Wiley Rein LLP, of Washington, D.C., for Nucor Corporation, defendant-intervenor.

Thomas M. Beline and Sarah E. Shulman, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for United States Steel Corporation, proposed defendant-intervenor.

Reif, Judge: Before the court are: (1) the motion for reconsideration of plaintiff Ereğli Demir Ve Çelik Fabrikaları T.A.Ş. ("plaintiff" or "Erdemir") of the court's order granting the motions to intervene as defendant-intervenors of SSAB Enterprises, LLC and Steel Dynamics, Inc. ("SSAB/SDI"), Cleveland-Cliffs Inc. ("Cleveland-Cliffs" or "CC") and Nucor Corporation ("Nucor") (collectively, "defendant-intervenors" or "DIPs"); and (2) the motion to intervene of proposed defendant-intervenor United States Steel Corporation ("proposed defendant-intervenor" or "USSC") under U.S. Court of International Trade ("USCIT" or the "Court") Rule 24(b).  Plaintiff invokes the Court's subject matter jurisdiction under 28 U.S.C. § 1581(i)(1)(B) and (D),[1] alleging that Erdemir has been "adversely affected or aggrieved" by the decision of the U.S. International Trade Commission ("Commission") not to conduct a reconsideration proceeding.  Plaintiff states that the Commission's decision relates to "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue," and the "administration and enforcement" of those duties.  28 U.S.C. §

---

[1] Further references to the U.S. Code are to the 2018 edition.

1581(i)(1)(B) and (D).  For the reasons discussed below, the court denies plaintiff's

motion for reconsideration and denies USSC's motion to intervene.

**BACKGROUND[2]**

Erdemir challenges the decision of the Commission to deny Erdemir's request to

institute a reconsideration proceeding of the Commission's final injury determination

with respect to imports of hot-rolled steel from the Republic of Turkey ("Turkey").  Pl.'s

Am. Compl. ("Am. Compl.") ¶¶ 1-5, ECF No. 14; *see Hot-Rolled Steel Flat Products*

*from Turkey; Denial of Request to Institute a Section 751(b) Review; Denial of Request*

*to Institute a Section 751(b) Review or Reconsideration Proceeding Concerning the*

*Commission's Affirmative Determination in Investigation No. 731-TA-1296 (Final), Hot-*

*Rolled Steel Flat Products from Turkey* ("*Denial of CCR and Reconsideration*"), 87 Fed.

Reg. 73,331 (ITC Nov. 29, 2022).[3]  Erdemir requested that the Commission reconsider

---

[2] Certain facts addressed in this section are taken from the Amended Complaint, and, although defendant-intervenors and proposed defendant-intervenor admit certain of these facts in their proposed answers, such facts constitute allegations at this stage of the case.  Nothing in this Opinion and Order shall be construed as the court accepting plaintiff's factual allegations as true or making any finding of fact where such facts are or may be disputed.  *GreenFirst Forest Prods. v. United States*, 46 CIT __, __, 577 F. Supp. 3d 1349, 1351 n.3 (2022).

[3] On September 29, 2016, the Commission determined that a U.S. industry was "materially injured by reason of imports of hot-rolled steel flat products" from Turkey found by the U.S. Department of Commerce ("Commerce") to be sold in the United States at less than fair value.  *See Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, Korea, the Netherlands, Turkey, and the United Kingdom* ("*2016 Injury Determination*"), 81 Fed. Reg. 66,996 (ITC Sept. 29, 2016).  The Commission's original injury determination related to Commerce's antidumping order. *Certain Hot-Rolled Steel Flat Products from Australia, Brazil, Japan, the Republic of Korea, the Netherlands, the Republic of Turkey, and the United Kingdom: Amended Final Affirmative Antidumping Determinations for Australia, the Republic of Korea, and*

its original injury determination with respect to imports of hot-rolled steel from Turkey,

rather than conduct a Changed Circumstances Review ("CCR") or sunset review, which

Erdemir requested at a later date.[4]  *See* Am. Compl. ¶¶ 21-28.

      On December 2, 2021, the Commission issued a notice requesting comments on

Erdemir's request for a CCR and whether such a CCR should be conducted as part of

the sunset review of the AD Order.  *Hot-Rolled Steel Flat Products from Turkey;*

*Request for Comments Regarding the Institution of a Section 751(b) Review*

*Concerning the Commission's Affirmative Determination* ("*Request for Comments*"), 86

Fed. Reg. 68,512, 68,513 (ITC Dec. 2, 2021).  In response to the *Request for*

*Comments*, several domestic producers of hot-rolled steel — DIPs and USSC —

provided comments with respect to Erdemir's CCR request.  *Denial of CCR and*

*Reconsideration*, 87 Fed. Reg. at 73,332.  The Commission denied Erdemir's requests

for reconsideration and a CCR.  *See id.*  In the denial, the Commission stated with

respect to Erdemir's request for reconsideration that the Commission previously "has

chosen to exercise its authority to reconsider only when 'extraordinary circumstances'

are present," and that since "there is no evidence of fraud or other facts that suggest

extraordinary circumstances, [the Commission] do[es] not find that the recalculation of

---

the Republic of Turkey and Antidumping Duty Orders ("*AD Order*"), 81 Fed. Reg. 67,962
(Dep't of Commerce Oct. 3, 2016); *see* 19 U.S.C. § 1673d(b), 1673e(a).

[4] Erdemir filed two additional actions seeking judicial review of the Commission's
decision to deny Erdemir's request to institute a CCR *Ereğli Demir ve Çelik Fabrikaları
T.A.Ş. v. United States*, CIT No. 22-00350 (filed Dec. 26, 2022), and the Commission's
decision to continue the AD Order on Turkish hot-rolled steel.  *Ereğli Demir ve Çelik
Fabrikaları T.A.Ş. v. United States*, CIT No. 22-00351 (filed Dec. 26, 2022).

the dumping margin by Commerce with respect to hot-rolled steel flat products from Turkey warrants reconsideration of our determination."  *Id.*

On December 26, 2022, plaintiff filed its original complaint in this action.  Pl.'s Compl., ECF No. 4.  On January 24, 2023, plaintiff filed an amended complaint in which plaintiff corrected the statutory provisions through which plaintiff seeks to invoke the Court's subject matter jurisdiction over this action.  *See* Am. Compl. ¶ 3.  In the Amended Complaint, plaintiff contests the Commission's denial of Erdemir's request for reconsideration.  *Id.* ¶ 1.

On January 12, 2023, USSC filed a motion to intervene as of right as defendant-intervenor under USCIT Rule 24(a).  Mot. to Intervene as a Matter of Right, ECF No. 13.  On February 2, 2023, plaintiff opposed USSC's motion to intervene as a matter of right.  Opp'n to USSC's Mot. to Intervene as a Matter of Right, ECF No. 26.  On February 6, 2023, the court denied USSC's motion to intervene as a matter of right without prejudice as to a potential motion for permissive intervention.  Order (Feb. 6, 2023), ECF No. 29.  On February 21, 2023, USSC filed a motion for permissive intervention.  Mot. to Intervene and for Leave to File Answer ("USSC Mot. to Intervene"), ECF No. 34.  On March 14, 2023, plaintiff opposed USSC's motion to intervene.  Opp'n to Mot. to Intervene of USSC ("Pl. Resp. in Opp'n to USSC"), ECF No. 44.

On January 24, 2023, SSAB/SDI and Cleveland-Cliffs filed motions to intervene as defendants-intervenors.  *See* SSAB/SDI's Partial Consent Mot. to Intervene as Def.-Intervenors ("SSAB/SDI Mot."), ECF No. 15; Cleveland-Cliffs' Partial Consent Mot. to Intervene ("CC Mot."), ECF No. 16.  On January 25, 2023, Nucor filed a motion to

intervene as defendant-intervenor.  Nucor's Partial Consent Mot. to Intervene ("Nucor Mot."), ECF No. 22.  On February 14, 2023, plaintiff opposed the respective motions to intervene of Cleveland-Cliffs and SSAB/SDI.  *See* Opp'n to Mot. to Intervene of Cleveland-Cliffs Inc. ("Pl. Resp. in Opp'n to CC"), ECF No. 31; Opp'n to Mot. to Intervene of SSAB/SDI ("Pl. Resp. in Opp'n to SSAB/SDI"), ECF No. 32.  On February 15, 2023, plaintiff opposed Nucor's motion to intervene.  Opp'n to Mot. to Intervene of Nucor ("Pl. Resp. in Opp'n to Nucor"), ECF No. 33.

On February 27, 2023, DIPs filed a motion for leave to file a reply to plaintiff's opposition to their respective motions to intervene.  Mot. for Leave to File a Reply to Pl.'s Resps. to Mots. to Intervene ("DIPs Mot. Leave Reply"), ECF No. 37.  On March 1, 2023, the court granted DIPs' motion for leave to file a reply to plaintiff's opposition to their motions to intervene.  *See* Order (Mar. 1, 2023), ECF No. 38; *see* Reply of DIPs to Pl.'s Opp'ns to DIPs' Mots. to Intervene ("DIPs Reply to Pl. Opp'n"), ECF No. 39.

On March 8, 2023, the court granted DIPs' motions to intervene as defendant-intervenors.  Order (Mar. 8, 2023), ECF No. 40; Order (Mar. 8, 2023), ECF No. 41; Order (Mar. 8, 2023), ECF No. 42.  On March 14, 2023, plaintiff filed a motion for reconsideration of the court's order.  Mot. for Recons. ("Pl. Mot. Recons."), ECF No. 43. In its motion for reconsideration, plaintiff argues that it did not have an opportunity to oppose DIPs' motion for leave to file a reply and that DIPs were granted intervention before plaintiff could file a motion for leave to file a surreply, which plaintiff argues would have been supported by "fundamental fairness."  *Id.* at 1.  Further, plaintiff argues that the court erred in granting DIPs' intervention.  *Id.* at 1, 20-27.

On April 4, 2023, DIPs filed a response to plaintiff's motion for reconsideration, arguing that the court should not reconsider its decision to grant DIPs' intervention. Def.-Intervenors' Resp. in Opp'n to Pl.'s. Mot. for Recons.  ("DIPs Resp. Recons."), ECF No. 45.

**JURISDICTION AND STANDARD OF REVIEW**

Plaintiff brings the instant action challenging the denial of a reconsideration proceeding by the Commission pursuant to 28 U.S.C. § 1581(i) and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, 706.  Am. Compl. ¶ 3.  Plaintiff notes that "the decision by the Commission not to conduct a reconsideration proceeding is not listed under 19 U.S.C. §§ 1516a or 1517, and alleges on this basis that jurisdiction here does not arise under 28 U.S.C. § 1581(c)."[5]  *Id.*  The court considers the questions of intervention and reconsideration thereof in the instant action under USCIT Rule 24 and USCIT Rule 54, respectively.

**DISCUSSION**

I.    **Plaintiff's motion for reconsideration**

A.    **Legal framework**

USCIT Rule 54(b) permits a court to "revise" or reconsider any order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" — that is, any order of interlocutory judgment — "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties."  USCIT

---

[5] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2018 edition.

R. 54(b).[6]  USCIT Rule 54(b) mirrors Rule 54(b) of the Federal Rules of Civil Procedure.

*See* Fed. R. Civ. Proc. 54(b).  A court may reconsider a non-final judgment, pursuant to

USCIT Rule 54 "'as justice requires,' meaning when the court determines that

'reconsideration is necessary under the relevant circumstances.'" *Irwin Indus. Tool Co.*

*v. United States*, 41 CIT __, __, 269 F. Supp. 3d 1294, 1300–01 (2017) (quoting *Cobell*

*v. Norton*, 355 F. Supp. 2d __531, 539 (D.D.C. 2005)), *aff'd*, 920 F.3d 1356 (Fed. Cir.

2019)).

　　　"Factors a court may weigh when contemplating reconsideration include whether

there has been a controlling or significant change in the law or whether the court

previously 'patently' misunderstood the parties, decided issues beyond those presented,

or failed to consider controlling decisions or data." *Irwin,* 269 F. Supp. 3d at 1300-01

(citing *In re Papst Licensing GmbH & Co. KG Litigation*, 791 F.Supp.2d 175, 182-83

(D.D.C. 2011); *Singh v. George Washington Univ.*, 383 F.Supp.2d 99, 101 (D.D.C.

2005).  "The movant carries the burden of proving that 'some harm, legal or at least

---

[6] USCIT Rule 54 (b) provides that:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

USCIT R. 54(b).

tangible,' would accompany a denial of the motion."  *Irwin,* 269 F. Supp. 3d at 1300-01

(quoting *Cobell*, 355 F.Supp.2d at 540).

"[A] court should not disturb its prior decision unless it is 'manifestly erroneous.'"

*Marvin Furniture (Shanghai) Co. v. United States*, 37 CIT 65, 66, 899 F. Supp. 2d 1352,

1353 (2013) (quoting *Dorsey,* 32 CIT at 270).  The "manifestly erroneous" standard

requires a showing of extraordinary circumstances that include "an intervening change

in the controlling law, the availability of new evidence, the need to correct a clear factual

or legal error, or the need to prevent manifest injustice."  *Ford Motor Co. v. United*

*States*, 30 CIT 1587, 1588 (2006) ("*Ford Motor I*") (citing *Virgin Atl. Airways, Ltd. v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)).

A motion for reconsideration should not be granted in circumstances in which an

error is found to be harmless.  *See id.*  USCIT Rule 61 provides that:

> Unless justice requires otherwise, no error in admitting or excluding
> evidence — or any other error by the court or a party — is ground for
> granting a new trial, for setting aside a verdict, or for vacating, modifying, or
> otherwise disturbing a judgment or order.  At every stage of the proceeding,
> the court must disregard all errors and defects that do not affect any party's
> substantial rights.

*Id.*  "[E]ven a clear legal error will not require a court to grant a motion for

reconsideration where that error does not affect the result reached in the first

instance."  *Ford Motor I*, 30 CIT at 1588 (citing USCIT R. 61).

### B.    Positions of the parties

In the instant case, plaintiff argues that it did not have an opportunity to oppose

defendant-intervenors' motion for leave to file a reply regarding intervention

notwithstanding that USCIT Rule 7 provides plaintiff with 21 days to do so.  Pl. Mot.

Recons. at 4 (citing USCIT R. 7).  Further, plaintiff argues that it was deprived of an

opportunity to file a surreply in response to DIPs' reply.  *Id.*  Last, plaintiff argues that

DIPs' motions to intervene were granted without "the significant arguments raised by the

parties being addressed . . . ."  *Id.*

DIPs argue that plaintiff fails to cite to any legal authority for reconsideration

under the present circumstances, stating that "Erdemir merely seeks another bite at the

apple and to litigate the issue further, rather than to rectify a clear legal or factual error

in the Court's decisions."  DIPs Resp. Recons. at 4.  DIPs argue also that plaintiff fails to

request explicitly reconsideration under USCIT Rule 59(e).  *Id.*

**C.    Analysis**

DIPs' argument that plaintiff's motion for reconsideration is inadequate because

plaintiff did not cite to USCIT Rule 59(e) fails.  USCIT Rule 54(b) applies in the instant

action because the court's order granting DIPs' motion to intervene constitutes an

interlocutory order "that adjudicates fewer than all the claims or the rights and liabilities

of fewer than all the parties . . . ."  USCIT R. 54(b).  The court concludes that plaintiff

"has not demonstrated circumstances requiring reconsideration, offering no reasons for

reconsideration beyond its disagreement with the court's opinion."  *Irwin*, 269 F. Supp.

3d at 1301.  The court addresses instead whether the court's error in failing to allow

plaintiff its right to oppose DIPs' motion for leave to file a reply constitutes an error that

affects any party's substantial rights.  *See* USCIT R. 61.

The court granted DIPs' motion for leave to file a reply to plaintiff's opposition to

their motion for intervention without providing plaintiff an opportunity to oppose DIPs'

motion in accordance with USCIT Rule 7.  The court's error does not constitute one that affects plaintiff's "*substantial* rights" with respect to the main action before the court. USCIT R. 61 (emphasis supplied).  The preemptive grant of leave for DIPs to file a reply would not disturb the court's decision to grant the permissive intervention of defendant-intervenors.  *See Ford Motor I*, 30 CIT at 1588 (citing USCIT R. 61).  Plaintiff filed three responses in opposition to intervention, opposing separately each motion to intervene. *See* Pl. Resp. in Opp'n to CC; Pl. Resp. in Opp'n to SSAB/SDI; Pl. Resp. in Opp'n to Nucor.  The court considered plaintiff's arguments in those briefs and considered plaintiff's further reiteration of its arguments in the brief accompanying plaintiff's motion for reconsideration.  *See generally* Pl. Mot. Recons.  The court concludes that the error is harmless and does not disturb the court's decision to grant DIPs' motions to intervene under USCIT Rule 24(b).

## II.    Intervention as a matter of right of SSAB/SDI and Nucor

### A.    Legal framework

USCIT Rule 24(a) provides in relevant part that "[o]n timely motion, the court must permit anyone to intervene who":

> [I]n an action described in section 517(g) of the Tariff Act of 1930, is a person determined to have entered merchandise through evasion or is the interested party that filed the allegation; or *claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest*.

USCIT R. 24(a)(2) (emphasis supplied).

This Court and the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit")

have interpreted the clause of Rule 24(a)(2) that does not pertain to evasion cases under

19 U.S.C. § 1517[7] to provide for a four-part test:

> (1) [T]he motion must be timely; (2) the moving party must claim an interest in the property or transaction at issue that is "'legally protectable'—merely economic interests will not suffice," (3) "that interest's relationship to the litigation must be 'of such a *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* legal operation and effect of the judgment,'"; and (4) "the movant must demonstrate that said interest is not adequately addressed by the government's participation."

*N. Am. Interpipe, Inc. v. United States*, 45 CIT __, __, 519 F. Supp. 3d 1313, 1323

(2021) (quoting *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*,

695 F.3d 1310, 1315 (Fed. Cir. 2012)), *aff'd sub nom. Cal. Steel Indus., Inc. v. United*

*States*, 48 F.4th 1336 (Fed. Cir. 2022); *Cal. Steel Indus.*, 48 F.4th at 1340 (first quoting

*N. Am. Interpipe*, 45 CIT at __, 519 F. Supp. 3d at 1323; then quoting *Wolfsen,* 695

F.3d at 1315).

### B.    Positions of the parties

SSAB/SDI and Nucor move to intervene in the instant action under USCIT Rule

24(a)(2).  *See* SSAB/SDI Mot. at 3-5; Nucor Mot. at 2.  Both SSAB/SDI and Nucor

argue that they satisfy the Federal Circuit's four-part test, are domestic producers of

---

[7] USCIT Rule 24(a)(2) states in relevant part:

> [T]he court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

USCIT R. 24(a)(2).

hot-rolled steel flat products — i.e., interested parties under 19 U.S.C. § 1677(9)(C) —
and were petitioners in the original antidumping duty ("AD") investigation, factors that,
according to SSAB/SDI and Nucor, weigh in favor of their intervention as a matter of
right.  SSAB/SDI Mot. at 4; Nucor Mot. at 2-3.

Plaintiff argues that SSAB/SDI and Nucor do not demonstrate "a legally
protectable interest, that this case would have direct and immediate effect on [Nucor
and] SDI/SSAB, or that [their] interest[s] would not be adequately protected by the
Commission."  Pl. Resp. in Opp'n to SSAB/SDI at 1; Pl. Resp. in Opp'n to Nucor at 1.
Plaintiff also argues that the statutory construction of USCIT Rule 24(a)(2) indicates that
this Rule does not apply beyond EAPA actions, stating that:

> [I]nstances where the court 'must permit anyone to intervene' are limited
> specifically to when there is unconditional right provided by statute and
> when the action is an EAPA action.  Had the second clause of Rule 24(a)(2)
> used the word 'an action' [sic] — such that the rule granted intervention of
> right to anyone who 'claims an interest in the property or transaction that is
> the subject of an action' — the words could refer to any action brought
> before this Court.

Pl. Resp. in Opp'n to Nucor at 4 (emphasis omitted).

### C.    Analysis

The court concludes that SSAB/SDI and Nucor fail to meet the second and third
factors of the four-part test, thereby failing to meet the standard for intervention as of
right under USCIT Rule 24(a).  *See N. Am. Interpipe*, 45 CIT at __, 519 F. Supp. at
1323 (quoting *Wolfsen*, 695 F.3d at 1315).  In denying intervention as of right under

USCIT Rule 24(a), the court analyzes the dispositive factors barring intervention as a

matter of right of SSAB/SDI and Nucor.[8]

The court addresses first the narrow issue of whether SSAB/SDI and Nucor have

a right to intervene under USCIT Rule 24(a) based on a "legally protectable" interest.

*Id.* (quoting *Wolfsen*, 695 F.3d at 1315).  SSAB/SDI and Nucor do not explain how their

interests in this action are "legally protectable" as opposed to "merely economic."  *Id.*

Further, the parties do not describe the "*direct* and *immediate* character that the

intervenor will either gain or lose by the *direct* legal operation and effect of the

judgment."  *Id.*

In *California Steel*, the Federal Circuit made the distinction between parties with

a "legally protectable interest" and parties that "participat[ed] in adversarial

administrative proceedings."  *Cal. Steel,* 48 F.4th at 1344 (finding no "legally protectable

interest[]" on the basis that proposed defendant-intervenors participated in

administrative proceedings that could have revoked tariffs in which the proposed

defendant-intervenors had an interest);[9] *see Glob. Aluminum Distrib. LLC v. United*

---

[8] The timeliness of SSAB/SDI's and Nucor's motions under the first factor is uncontested, and the parties demonstrate that the participation of the Commission would not be adequate under the fourth factor to defend SSAB/SDI's and Nucor's positions.  SSAB/SDI Mot. at 5-6; Nucor Mot. at 2-3.

[9] In the instant action, the court does not address the issue of standing — as the court previously did in *North American Interpipe* — because the parties do not raise this issue and the prayer for relief of defendant-intervenors parallels that of the Commission, *see* Def.'s Answer to Am. Compl.  ¶ 39, ECF No. 36; SSAB/SDI Answer to Am. Compl. at 8, ECF No. 15; Nucor Answer to Am. Compl. at 5, ECF No. 25 at 5, presenting "piggyback standing," *N. Am. Interpipe*, 519 F. Supp. at 1322 (citing *PrimeSource Bldg. Prods., Inc. v. United States*, 45 CIT __, __, 494 F. Supp. 3d 1307, 1319-20 (2021) (internal

*States*, 45 CIT __, __, 579 F. Supp. 3d 1338, 1341 (2021) (quoting *N. Am. Interpipe*,

519 F. Supp. 3d at 1323).  SSAB/SDI and Nucor make only limited arguments noting

their status as interested parties in the instant action, which they allege threatens the

relief from dumped imports that they obtained as a result of Commerce's AD Order on

hot-rolled steel flat products.  SSAB/SDI Mot. at 5; Nucor Mot. at 2.  SSAB/SDI and

Nucor fail to demonstrate that their interests in the instant action are "legally

protectable" and, further, do not identify the relationship of their interests to this

litigation, which must be "of such a *direct* and *immediate* character that the intervenor

will either gain or lose by the *direct* legal operation and effect of the judgment."

*Wolfsen*, 695 F.3d at 1315 (quoting *Am. Marine Transp., Inc. v. United States*, 870 F.2d

1559, 1561 (Fed. Cir. 1989)) (emphases in *Am. Marine Transp.*).

  Accordingly, SSAB/SDI and Nucor do not identify under the second factor of the

four-part test a "legally protectable interest" and do not establish under the third factor

that the "relationship" between any interest and this litigation is of such a "*direct* and

*immediate* character that [they] will either gain or lose by the *direct* legal operation and

---

citations omitted).  The Federal Circuit has explained that "[e]ven if it [is] unclear
whether the proposed intervenors request[] additional relief beyond what the
government request[s], the appropriate action [is] for the [Court] to request clarification
from the parties before *sua sponte* raising and deciding the standing inquiry."  *Cal.
Steel*, 48 F.4th at 1343 & n.4 (concluding that "[b]ecause in each of these cases the
proposed intervenors' requested relief is largely identical to the government's prayer for
relief, the proposed intervenors have established piggyback standing").  As discussed,
SSAB/SDI and Nucor request the same relief as the Commission — i.e., the denial of a
reconsideration proceeding.  *Compare* Def.'s Answer to Am. Compl.  ¶ 39, ECF No. 36,
*with* SSAB/SDI Answer to Am. Compl. at 8, ECF No. 15, *and* Nucor Answer to Am.
Compl. at 5, ECF No. 25.

effect of the judgment" and do not have a right of intervention under USCIT Rule 24(a).

*Id.*

### III.    Permissive intervention of Cleveland-Cliffs, Nucor and SSAB/SDI

### A.    Legal framework

The court may permit a party to intervene under USCIT Rule 24(b) if such a party

"has a claim or defense that shares with the main action a common question of law or

fact."  USCIT R. 24(b)(1)(B).  If a proposed intervenor satisfies the requirements of

USCIT Rule 24(b)(1)(B), the court may exercise its discretion to permit intervention.

USCIT R. 24(b)(3).  "Subject to the statutory provisions of 28 U.S.C. § 2631(j),

permissive intervention is governed by Rule 24(b) of the Rules of this Court."  *Manuli*

*Autoadesivi*, 9 CIT at 98.  "Any person who would be adversely affected or aggrieved by

a decision in a civil action pending in the Court of International Trade may, by leave of

court, intervene in such action . . . ."  28 U.S.C. § 2631(j)(1).  "In 28 U.S.C. § 1581(i)

cases, intervention is left to the sound discretion of the court as stated in [USCIT] Rule

24(b) and 28 U.S.C. § 2631(j)."  *Neo Solar Power*, 2016 WL 3390237, at *1 (citing

*Vivitar Corp. v. United States*, 7 CIT 165, 169, 585 F. Supp. 1415, 1419 (1984).

Further, "[i]n exercising its discretion, the court must consider whether the intervention

will unduly delay or prejudice the adjudication of the original parties' rights."  USCIT R.

24(b)(3).

The court considers three factors with respect to a motion for permissive

intervention under USCIT Rule 24(b)(1)(B): "a) whether the intervenor's [defense] has a

question of law or fact in common with the [defendant]; b) whether the application is

timely; and c) 'whether the intervention will unduly delay or prejudice the adjudicative rights of the original parties.'"  *Manuli Autoadesivi, S.p.A. v. United States*, 9 CIT 24, 26, 602 F. Supp. 96, 98 (1985) (citing USCIT R. 24(b)); *accord Neo Solar Power Corp. v. United States*, Slip Op. 16-60, 2016 WL 3390237, at *1 (CIT June 17, 2016).

Plaintiff does not dispute the timeliness of the application for intervention, so the court considers: (1) whether DIPs' defense has a question of law or fact in common with the Commission, *see* USCIT R. 24(b)(1)(B); (2) whether DIPs would be "adversely affected or aggrieved" by this court's decision, 28 U.S.C. § 2631(j)(1); and (3) whether DIPs' intervention would "unduly delay or prejudice the adjudication of the rights of the original parties," 28 U.S.C. § 2631(j)(2).  DIPs briefed their respective motions to intervene and supplemented such motions with their joint reply, which the court had granted DIPs leave to file.  *See* Order (Mar. 1, 2023), ECF No. 38.  The court reaffirms that DIPs' motions to intervene meet the criteria of USCIT Rule 24(b) and 28 U.S.C. § 2631(j).

## B.    Positions of the parties

Plaintiff claims that the "main action" pertains to the Commission's denial of a requested reconsideration proceeding before the Commission, to which, plaintiff asserts, DIPs were not parties.  Pl. Mot. Recons. at 20.  In its motion for reconsideration, plaintiff reiterates its argument distinguishing the sunset review from the CCR and from the reconsideration request, arguing that DIPs failure to comment on Erdemir's request for reconsideration should bar them from participating in this proceeding as defendant-intervenors:

> [T]wo years after Erdemir's request for reconsideration, DIPs addressed Erdemir's request for reconsideration in the September 2022 hearing in the sunset review and in post-hearing briefing.  The Commission acknowledged in the sunset review the arguments raised by parties relating to a CCR or reconsideration proceeding, but [the Commission] specifically stated that it was not addressing those arguments in the sunset review.

*Id*. at 10.

Further, plaintiff argues that DIPs would not be "adversely affected or aggrieved" by the court's decision on the merits because the instant action cannot itself affect the status of the AD Order or plaintiff's status as being subject to the AD Order.  Pl. Mot. Recons. at 21.  Moreover, plaintiff describes the reconsideration proceeding before the Commission as merely a way for plaintiff to obtain a retroactive end to a remedy to which defendant-intervenors were never entitled.  *Id.* at 24.  Last, plaintiff argues that "DIPs do not address delay during the proceeding or increased cost, effort, and expense caused by additional parties participating, seeking extension of time for briefing, and filing additional volumes of briefing."  *Id.* at 26.  Plaintiff underscores the prior argument by stating that "DIPs have already been the source of unnecessary delay and prejudice by filing inadequate motions to intervene that required 18 additional pages in reply."  *Id*.

DIPs state that their prior participation in the CCR and sunset review, which concerned the same factual basis and legal issues as the requested reconsideration by the Commission demonstrates that DIPs' intervention is warranted in the instant action. DIPs Reply to Pl. Opp'n at 4-6.  Further, DIPs state that they seek to address "jurisdictional issues [that] share common questions of law and fact with those raised by Plaintiff in this action as well as in the underlying proceedings."  *Id.* at 6.  DIPs argue

that they share common questions of law with the "main action" and that they participated in the underlying proceedings, maintaining their respective interests in addressing the legal questions that plaintiff raises in the present action.  *Id.* at 4-5.  DIPs argue further that their intervention was timely and that their interests and arguments concerning "key jurisdictional issues that could greatly assist the Court" outweigh plaintiff's concerns regarding the greater number of briefs and costs, which plaintiff and parties would likely incur as a result of DIPs' intervention.  *Id.* at 11-12.

**C.    Analysis**

**1.    "Claim or defense that shares with the main action a common question of law or fact"**

DIPs' prospective defenses share common questions of law and fact with the "main action" before the court — i.e., Erdemir's request in 2020 that the Commission conduct a reconsideration proceeding.  *Compare* Am. Compl. ¶¶ 26-31 (explaining the procedural background of the Commission's denial of a reconsideration proceeding), *with* DIPs Reply to Pl. Opp'n at 3-4 (recounting the involvement of DIPs in the proceedings in which the Commission requested comments).  The "main action" concerns plaintiff's appeal of the Commission's denial of plaintiff's request to conduct a reconsideration proceeding.  Pl. Mot. Recons. at 5-6.  As such, DIPs' motions have met this criterion of Rule 24(b).  DIPs Reply to Pl. Opp'n at 5-6 (citing USCIT R.24(b)(1)(B)).

The parties disagree about whether DIPs were parties to the underlying "proceeding," which was not actually a proceeding, but a *request* by Erdemir for a reconsideration proceeding before the Commission.  Am. Compl. ¶ 1; *Denial of CCR and Reconsideration*, 87 Fed. Reg. 73,332.  DIPs commented on the CCR and the

sunset review of the injury determination underlying the connected AD Order but did not

file comments with respect to Erdemir's request for reconsideration.  *Denial of CCR and

Reconsideration,* 87 Fed. Reg. at 73,332.  The Commission denied that request without

initiating a reconsideration proceeding.  *Id.*  As such, DIPs did not have an opportunity

to present their views in a reconsideration proceeding before the Commission because

no such proceeding occurred.

 Irrespective of the fact that the Commission did not conduct a reconsideration

proceeding, the core issue of whether the Commission should review its material injury

finding in light of Commerce's decision to reduce to zero the AD margin of Çolakoğlu

Dis Ticaret A.Ş. and, therefore, remove the company from the AD Order was addressed

by all parties in the CCR.  *See Denial of CCR and Reconsideration*, 87 Fed. Reg. at

73,332; *see also* Am. Compl. ¶ 18 (citing *Certain Hot-Rolled Steel Flat Products from

Turkey: Notice of Court Decision Not in Harmony with the Amended Final Determination

in the Less-Than-Fair-Value Investigation; Notice of Amended Final Determination,

Amended Antidumping Duty Order; Notice of Revocation of Antidumping Duty Order in

Part; and Discontinuation of the 2017-18 and 2018-19 Antidumping Duty Administrative

Reviews, in Part* ("*Turkey Partial Revocation*"), 85 Fed. Reg. 29,399 (Dep't of

Commerce May 15, 2020)).  That issue is largely the same as the one with respect to

which Erdemir requested reconsideration by the Commission.  *Id.*

 Plaintiff's proffered distinction between the factual and legal issues covered by

the CCR, the sunset review and the requested reconsideration by the Commission is

not persuasive.  To the contrary, DIPs' prospective defenses share common questions

of law and fact with the main action.  Accordingly, DIPs demonstrate that they meet the criterion of commonality with the "main action" pursuant to Rule 24(b).

### 2. "[A]dversely affected or aggrieved"

DIPs demonstrate adequately that they would be "adversely affected or aggrieved" if the court were to decide in favor of plaintiff in the instant case.  28 U.S.C. § 2631(j).  In particular, DIPs show affirmatively in their pleadings that: (1) their interests may not be adequately represented by the Commission; and (2) DIPs' reliance on the AD Order would be jeopardized, which would then require that DIPs participate in a reconsideration proceeding to defend the correctness of the Commission's 2016 injury determination.  DIPs Reply to Pl. Opp'n at 6.

DIPs state expressly in their pleadings that they have substantive legal positions that — based on all parties' pleadings that have been filed to date — will not be defended adequately by the Commission.  *Id.* at 5 (citing *Denial of CCR and Reconsideration*, 87 Fed. Reg. at 73,332).  In particular, DIPs state that they intend to argue that the Commission "does not have the authority to reconsider its final material injury determination," DIPs Reply at 9, whereas the Commission previously stated that it "determined not to *exercise its authority* to undertake a reconsideration of its negligibility analysis in its original material injury determination," *Denial of CCR and Reconsideration*, 87 Fed. Reg. at 73,332 (emphasis supplied).  Notably, the present circumstance is distinct from that considered by the court in *GreenFirst*, in which the court noted that "[proposed defendant-intervenor] has not shown that it will add anything or that Defendant will not adequately defend its position."  46 CIT at __, 577 F. Supp. 3d

at 1353-54.  As such, DIPs show adequately that they would be "adversely affected or aggrieved" by this court's decision and should be afforded the opportunity to present a distinct legal perspective.  DIPs Reply to Pl. Opp'n at 6 (citations omitted).

In addition, the instant matter involves an unusually far-reaching issue of potential consequence for *all* private parties — i.e., the revocation of an AD order if the court remands to the Commission to reconsider the 2016 injury determination that underlies the AD order in this case.  *Id.* at 6.  For the reasons stated above, DIPs show that they would be adversely affected or aggrieved by a decision of this court in this matter.

### 3.    "Unduly delay or prejudice the adjudication of the original parties' rights"

In determining whether a grant of intervention would "unduly delay or prejudice the adjudication of the original parties' rights" under USCIT Rule 24(b),[10] the court will consider the original parties' rights along with the interests and rights of the parties seeking intervention.  Further, in assessing plaintiff's interest, the court must consider the USCIT Rules, which shall "be construed to secure the just, speedy, and inexpensive determination of every action."  USCIT R. 1(a).  "The negative effect of certain classes of intervenors on the orderly progress of certain proceedings has been noted in some of the cases."  *Manuli Autoadesivi*, 9 CIT at 26, 602 F. Supp. at 98.

---

[10] Section 2631(j)(2) provides for a similar analysis as USCIT Rule 24(b), stating that "[i]n those civil actions in which intervention is by leave of court, the [Court] shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  28 U.S.C. § 2631(j)(2).

The court has clarified that motions for intervention must be weighed against the

principles of USCIT Rule 1:

> [S]ix plaintiffs have expressed opposition to the Coalition's intervention.  In
> exercising its discretion under § 2631(j)(2) and Rule 24(b), the court
> concludes that adding the Coalition as intervenors will burden the plaintiffs
> in all twelve actions with the need to respond to additional submissions and,
> unavoidably, also cause delays.  These burdens and delays are not justified
> by broadening this litigation to allow the intervention that is sought here.  In
> summary, allowing the intervention would not promote the principle
> expressed in USCIT Rule 1 that this Court's rules be "construed,
> administered, and employed by the court and the parties to secure the just,
> speedy, and inexpensive determination of every action and proceeding."

*Primesource,* 494 F. Supp. at 1312-13 (quoting USCIT R.1).  In contrast with the

circumstances presented in *PrimeSource,* the instant case does not present twelve

actions for the court's consideration.  Rather, the main issues in the instant case are: (1)

whether the Court has jurisdiction over the action brought by plaintiff; and (2) whether

the Commission's denial of reconsideration was "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law, and otherwise not lawful . . . ."  Am.

Compl. ¶ 38 (citing 5 U.S.C. § 706).

Last, DIPs state that they will argue that "the Commission does not have the

authority to reconsider its final material injury determination under the circumstances

present here" — an argument that the Commission has indicated that it will not present

to the court.  DIPs Reply to Pl. Opp'n at 9.  Weighing plaintiff's rights under USCIT Rule

1 with the interests and rights of the DIPs and the court's motivation to receive a full

understanding of the legal and factual issues presented and the perspectives of

interested parties, the court determines that the intervention of DIPs would not "unduly

delay or prejudice the adjudication of the original parties' rights."  USCIT R. 24(b).

In conclusion, plaintiff does not demonstrate that the court must reconsider its prior order granting permissive intervention for DIPs.

## IV.    Permissive intervention of USSC

On February 6, 2023, the court denied USSC's motion to intervene pursuant to USCIT Rule 24(a) but indicated that the court would consider without prejudice a motion by USSC, should it elect to file one, for *permissive* intervention.  *See* Order (Feb. 6, 2023), ECF No. 29.  *See supra* Section II (analyzing the standard for intervention as of right under USCIT Rule 24(a)).

On February 21, 2023, USSC filed a motion for permissive intervention.  *See* USSC Mot. to Intervene.  Considering the legal framework delineated above, *supra* Section III, addressing USCIT Rule 24(b) and 28 U.S.C. § 2631(j)(1) and (2), the court denies USSC's motion for permissive intervention.  *See id.*  In contrast with DIPs, USSC asserts but does not explain how it would be "adversely affected or aggrieved" by the court's decision on the merits in this action.  28 U.S.C. § 2631(j)(1).  USSC states only that it "has a strong interest . . . in this litigation as it could jeopardize the [AD] order that [USSC] . . . benefits from as a domestic producer of hot-rolled steel."  USSC Mot. to Intervene at 2.  USSC explains in conclusory fashion that "it makes logical sense to allow U.S. Steel to intervene in this action because issues related to jurisdiction impact the companion cases where U.S. Steel has a statutory right to intervene and any disposition of substantive issues in this appeal may impact those appeals."  USSC Mot. to Intervene at 3 (citing *Ereğli Demir ve Çelik Fabrikaları T.A.Ş. v. United States*, CIT No. 22-00350; *Ereğli Demir ve Çelik Fabrikaları T.A.Ş. v. United States*, CIT No. 22-

00351).  These reasons do not provide a basis to conclude that USSC would be "adversely affected or aggrieved" if it were not granted permissive intervention and the court examines USSC's position as presented in the action before it.  *Id.*

Further, the Court has stated previously that a proposed intervenor must establish the reasons that the defendant will not adequately defend the position of the proposed intervenor.  *See Neo Solar Power*, 2016 WL 3390237, at *2 ("[The proposed intervenor] has not indicated that it will make any arguments distinct from those of the government, accordingly, its participation in the case will be duplicative and unnecessary."); *GreenFirst*, 46 CIT at __, 577 F. Supp. 3d at 1353-54 (noting that the "[proposed defendant-intervenor] has not shown that it will add anything or that [the defendant] will not adequately defend its position").  USSC fails to do so and does not convince the court that its intervention would contribute to the "just, speedy and inexpensive determination" of the instant action."  USCIT R. 1(a).  Issues raised by USSC were not presented with the care, clarity, precision and persuasiveness such that the court could conclude that the party's participation would contribute to the court's fullest understanding of the issues presented.

## CONCLUSION AND ORDER

For the foregoing reasons, plaintiff does not demonstrate that the court should reconsider its prior order granting intervention for DIPs.  In addition, proposed defendant-intervenor USSC fails to show that the Commission and DIPs will not adequately defend its position.  Accordingly, the court denies plaintiff's motion for reconsideration and denies USSC's motion for permissive intervention.

Court No. 22-00349                                                    Page 26

**SO ORDERED.**

                                              /s/     Timothy M. Reif
                                              Timothy M. Reif, Judge

Dated: May 15, 2023
      New York, New York