**EXHIBIT A**

**87 Fed. Reg. 73,331 (Nov. 29, 2022)**

**List 1, Doc. No. 356 – EDIS No. 785833**
**87 Fed. Reg. 73,331 (Nov. 29, 2022)**





by accessing its internet server at *https://www.usitc.gov.*

**FOR FURTHER INFORMATION CONTACT:** Pathenia M. Proctor, The Office of Unfair Import Investigations, (202) 205–2560.

**SUPPLEMENTARY INFORMATION:**

*Authority:* The authority for institution of this investigation is contained in section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, and in section 210.10 of the Commission's Rules of Practice and Procedure, 19 CFR 210.10 (2022).

*Scope of Investigation:* Having considered the complaint, the U.S. International Trade Commission, on November 22, 2022, *ordered that*—

(1) Pursuant to subsection (b) of section 337 of the Tariff Act of 1930, as amended, an investigation be instituted to determine whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain products identified in paragraph (2) by reason of infringement of one or more of claims 1–6 and 11–13 of the '760 patent, and whether an industry in the United States exists as required by subsection (a)(2) of section 337;

(2) Pursuant to section 210.10(b)(1) of the Commission's Rules of Practice and Procedure, 19 CFR 210.10(b)(1), the plain language description of the accused products or category of accused products, which defines the scope of the investigation, is ''semiconductor devices, and specifically undiced wafers, diced wafers, packaged chips and chipsets both attached and unattached to printed circuit boards; and end products incorporating such articles, specifically amplifiers, LIDAR sensor systems, automotive control modules, WiFi routers, and cameras'';

(3) Pursuant to Commission Rule 210.50(b)(l), 19 CFR 210.50(b)(1), the presiding administrative law judge shall take evidence or other information and hear arguments from the parties or other interested persons with respect to the public interest in this investigation, as appropriate, and provide the Commission with findings of fact and a recommended determination on this issue, which shall be limited to the statutory public interest factors set forth in 19 U.S.C. 1337(d)(l), (f)(1), (g)(1);

(4) For the purpose of the investigation so instituted, the following are hereby named as parties upon which this notice of investigation shall be served:

(a) The complainant is:

Bell Semiconductor, LLC, One West Broad Street, Suite 901, Bethlehem, PA 18018

(b) The respondents are the following entities alleged to be in violation of section 337, and are the parties upon which the complaint is to be served:

Analog Devices Inc., 1 Technology Way, Norwood, MA 02062
Bose Corporation, 100 The Mountain Road, Framingham, MA 01701
Marvell Technology Group, Ltd., Canon's Court, 22 Victoria Street, Hamilton HM 12, Bermuda
Marvell Semiconductor, Inc., 5488 Marvell Lane, Santa Clara, CA 95054
Suteng Innovation Technology Co., Ltd., d/b/a RoboSense, RoboSense Building, Block 1, South of Zhongguan Hongjualing Industrial District, No. 1213 Liuxian Avenue, Taoyuan Street, Nanshan District, Shenzen 518023, China
Kioxia Corporation, 3–1–21, Shibaura, Minato-ku, Tokyo 108–0023, Japan
Kioxia America, Inc., 2610 Orchard Pkwy., San Jose, CA 95134
MaxLinear, Inc., 5966 La Place Court, Suite 100, Carlsbad, CA 92008
Linksys USA, Inc., 121 Theory Drive, Irvine, CA 92617
MACOM Technology Solutions, Inc., 100 Chelmsford Street, Lowell, MA 01851
Silicon Laboratories, Inc., 400 West Cesar Chavez, Austin, TX 78701
DENSO Corporation, 1 Chome-1 Showacho, Kariya, Aichi 448–0029, Japan
Skyworks Solutions, Inc., 5260 California Avenue, Irvine, CA 02617
OmniVision Technologies, Inc., 4275 Burton Drive, Santa Clara, CA 95054
Arlo Technologies, Inc., 480 N McCarthy Blvd., Suite 200, Milpitas, CA 95035

(c) The Office of Unfair Import Investigations, U.S. International Trade Commission, 500 E Street SW, Suite 401, Washington, DC 20436; and

(5) For the investigation so instituted, the Chief Administrative Law Judge, U.S. International Trade Commission, shall designate the presiding Administrative Law Judge.

Responses to the complaint and the notice of investigation must be submitted by the named respondents in accordance with section 210.13 of the Commission's Rules of Practice and Procedure, 19 CFR 210.13. Pursuant to 19 CFR 201.16(e) and 210.13(a), as amended in 85 FR 15798 (March 19, 2020), such responses will be considered by the Commission if received not later than 20 days after the date of service by the complainant of the complaint and the notice of investigation. Extensions of time for submitting responses to the complaint and the notice of investigation will not be granted unless good cause therefor is shown.

Failure of a respondent to file a timely response to each allegation in the complaint and in this notice may be deemed to constitute a waiver of the right to appear and contest the allegations of the complaint and this notice, and to authorize the administrative law judge and the Commission, without further notice to the respondent, to find the facts to be as alleged in the complaint and this notice and to enter an initial determination and a final determination containing such findings, and may result in the issuance of an exclusion order or a cease and desist order or both directed against the respondent.

By order of the Commission.

Issued: November 23, 2022.

**Jessica Mullan,**

*Acting Supervisory Attorney.*

[FR Doc. 2022–26055 Filed 11–28–22; 8:45 am]

**BILLING CODE 7020–02–P**

---

## INTERNATIONAL TRADE COMMISSION

**[Investigation No. 731–TA–1296 (Final)]**

## Hot-Rolled Steel Flat Products From Turkey; Denial of Request To Institute a Section 751(b) Review; Denial of Request To Institute a Section 751(b) Review or Reconsideration Proceeding Concerning the Commission's Affirmative Determination in Investigation No. 731–TA–1296 (Final), Hot-Rolled Steel Flat Products From Turkey

**AGENCY:** United States International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** The Commission hereby gives notice that it has declined to institute a review pursuant to section 751(b) of the Tariff Act of 1930 (the Act) or grant reconsideration regarding the Commission's affirmative determination in investigation No. 731–TA–1296 (Final).

**DATES:** *Applicable:* November 22, 2022.

**FOR FURTHER INFORMATION CONTACT:** Douglas Corkran (202–205–3057), Office of Investigations, U.S. International Trade Commission, 500 E Street SW, Washington, DC 20436. Hearing-impaired persons can obtain information on this matter by contacting the Commission's TDD terminal on 202–205–1810. Persons with mobility impairments who will need special

assistance in gaining access to the Commission should contact the Office of the Secretary at 202–205–2000. General information concerning the Commission may also be obtained by accessing its internet server (*http://www.usitc.gov*). The public record for this matter may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov.*

**SUPPLEMENTARY INFORMATION:**

*Background.*—In September 2016, the Commission determined that a U.S. industry was materially injured by reason of imports of hot-rolled steel flat products from Turkey found by the U.S. Department of Commerce (Commerce) to be sold in the United States at less than fair value (81 FR 66996, Sept. 29, 2016). Turkish producer and exporter Eregli Demir ve Celik Fabrikalari T.A.S. (Erdemir) did not appeal the Commission's final affirmative material injury determination in the antidumping duty investigation with respect to Turkey.

On September 1, 2021, Commerce initiated, and the ITC instituted, five-year reviews of the antidumping duty order on hot-rolled steel flat products from Turkey (86 FR 48983 & 86 FR 49057, Sept. 1, 2021). On December 6, 2021, the Commission determined to conduct a full five-year review of the order (87 FR 3123, Jan. 20, 2022).

On September 10, 2021, the Commission received a request from Erdemir to review its affirmative determination in investigation No. 731–TA–1296 (Final) pursuant to section 751(b) of the Act (19 U.S.C. 1675(b)). The request alleged there have been significant changed circumstances since the issuance of the Commission's 2016 determination. Specifically, Erdemir alleged that Commerce's recalculation of Colakoglu Dis Ticaret A.S.'s (Colakoglu) antidumping duty margin to zero percent and Colakoglu's consequent exclusion from the antidumping duty order as a result of judicial review constitute significantly changed circumstances from those in existence at the time of the original investigation. According to Erdemir, the exclusion of Colakoglu from the antidumping duty order places this case *in pari materia* with the Commission's finding of negligibility in the countervailing duty investigation and provides a compelling basis to now find that imports from Turkey were negligible in the original antidumping duty investigation.

On December 2, 2021, the Commission published a **Federal Register** notice inviting comments from the public on whether changed circumstances exist sufficient to warrant the institution of a changed circumstances review (86 FR 68512, Dec. 2, 2021). In response to its **Federal Register** notice soliciting comments, the Commission received a submission opposing the institution of a changed circumstances review jointly filed on behalf of Cleveland-Cliffs Inc., Nucor Corporation, SSAB Enterprises, LLC, Steel Dynamics, Inc., and United States Steel Corporation. The Commission also received separate submissions in favor of instituting a changed circumstances review on behalf of the government of the Republic of Turkey and Erdemir.

The Commission has determined not to institute a changed circumstances review of the antidumping duty order on hot-rolled steel flat products from Turkey. At the time Erdemir filed its request for a changed circumstance review, the Commission was already conducting a five-year review of the antidumping duty order on hot-rolled steel flat products from Turkey. Conducting a changed circumstances review at the same time as a five-year review would be unwarranted because it would be duplicative of the full five-year review. *See Eveready Battery Co. Inc.* v. *United States,* 77 F. Supp.2d 1327 (CIT 1999) (finding that a request for a changed circumstances review was rendered moot by the Commission's institution of a full five-year review). Moreover, the result that Erdemir seeks—reexamination of the Commission's original negligibility finding—is not possible in a changed circumstances review because negligibility is not a factor for the Commission to consider under the statute in a changed circumstances review. A changed circumstances review involves a forward-looking inquiry that considers whether in view of changed circumstances an order is no longer needed to prevent the continuation or recurrence of material injury; it does not provide an opportunity for the Commission to reconsider and amend its original injury determination. *Compare* 19 U.S.C. 1675a(a) *with* 19 U.S.C. 1673d(b)(1) & 1677(24).

While not included in its request for a changed circumstances review, Erdemir raised in its comments regarding the changed circumstances request that the Commission consider the alternative of conducting a reconsideration proceeding. After considering this alternative request, the Commission has determined not to exercise its authority to undertake a reconsideration of its negligibility analysis in its original material injury determination with respect to the antidumping duty investigation of imports of hot-rolled steel flat products from Turkey.

In view of the presumption of finality and correctness that underlies past action by the Commission, the Commission has chosen to exercise its authority to reconsider only when "extraordinary circumstances" are present. For example, the Commission reconsidered its determination in *Ferrosilicion* "when a fraud has been perpetrated on the tribunal in its initial proceeding." *Ferrosilicon from Brazil, China, Kazakhstan, Russia, Ukraine, and Venezuela,* Inv. Nos. 731–TA–566–570, 641 and 303–TA–23 (Reconsideration), USITC Pub. 3218 (Aug. 1999) ("*Ferrosilicon Reconsideration*"), *aff'd Elkem Metals Co.* v. *United States,* 193 F.Supp.2d 1314 (CIT 2002). In *Ferrosilicon Reconsideration,* the Commission concluded that the "type of extraordinary circumstances that . . . would warrant reconsideration of a Commission determination—matters that strike at the heart of the integrity of the administrative process" were present because "[d]omestic producers were criminally convicted of an offense concerning an issue—the establishment of prices for ferrosilicon—that was a focal point of the original Commission investigations." *Ferrosilicon Reconsideration* at 8.

Recognizing that the facts presented are unique to each case, and in this case where there is no evidence of fraud or other facts that suggest extraordinary circumstances, we do not find that the recalculation of the dumping margin by Commerce with respect to hot-rolled steel flat products from Turkey warrants reconsideration of our determination. We note that our finding is consistent with the Statement of Administrative Action to the Uruguay Round Agreements Act (SAA) and statutory provisions, in which Congress specifically contemplated subsequent changes to the antidumping duty margins and instructed that such changes would not be a basis to reconsider the Commission's impact analysis.[1] *See* 19 U.S.C. 1677(35)(C) and

[1] Commissioners Kearns and Karpel do not join this sentence. They note that 19 U.S.C. 1677(35)(C) defines the "magnitude of margins of dumping" that the Commission is to consider in its impact analysis in accordance with 19 U.S.C. 1677(7)(C)(iii)(v), and that the section of the SAA referenced above pertains to these provisions. Erdemir, on the other hand, is not asking the Commission to reconsider the "magnitude of margins of dumping" for purposes of its impact analysis pursuant to 19 U.S.C. 1677(7)(C)(iii)(v) and 1677(35)(C), but rather is asking for the Commission to reconsider its negligibility analysis for purposes of 19 U.S.C. 1673d(b)(1) and 19 U.S.C. 1677(24) because the scope of imports subject to Commerce's final affirmative antidumping duty determination

SAA at 851. There was a path for Erdemir to avail itself to preserve its rights to obtain a reexamination of the Commission's original determination in light of the subsequent successful appeal of Commerce's final original determination that resulted in a de minimis dumping margin for Colakoglu and exclusion of imports from Colakoglu from the scope of Commerce's final affirmative antidumping duty determination. The potential impact on Erdemir at the time that Erdemir and Colakoglu appealed Commerce's final antidumping duty determination was known to Erdemir at that time, and in fact, Erdemir joined Colaloglu in appealing Commerce's original determination. Erdemir did not appeal the Commission's final affirmative material injury determination which would have provided it with the opportunity to preserve its rights for further reconsideration of the merits based on the outcome of Commerce's appeal. *Accord Borlem S.A. Empreedimentos Industriais* v. *United States,* 913 F.2d 933, 939 (Fed. Cir. 1990); *LG Electronics, Inc.* v. *U.S. International Trade Commission,* Slip Op. 14–8, 2014 WL 260603, at *3 (CIT Jan. 23, 2014). The interests of the finality of the agency's decision are paramount under the circumstances presented and, absent extraordinary circumstances, we decline the request to revisit the final original determination.

*Authority:* This notice is published pursuant to section 207.45 of the Commission's Rules of Practice and Procedure.[2]

By order of the Commission.

Issued: November 23, 2022.

**Jessica Mullan,**

*Acting Supervisory Attorney.*

[FR Doc. 2022–25984 Filed 11–28–22; 8:45 am]

BILLING CODE 7020–02–P

has changed. Therefore, in their view, it is not clear that 19 U.S.C. 1677(7)(C)(iii)(v) and 1677(35)(C) and the related SAA language address the circumstances presented here.

[2] The Commission has determined the additional analysis needed to consider the alternative reconsideration request was good cause to exercise its authority to waive the institution period pursuant to section 207.45(c) of the Commission's Rules of Practice and Procedure (19 CFR 207.45(c)).

## DEPARTMENT OF LABOR

### Agency Information Collection Activities; Submission for OMB Review; Comment Request; High-Voltage Continuous Mining Machine Standards for Underground Coal Mines

**ACTION:** Notice of availability; request for comments.

**SUMMARY:** The Department of Labor (DOL) is submitting this Mine Safety and Health Administration (MSHA)-sponsored information collection request (ICR) to the Office of Management and Budget (OMB) for review and approval in accordance with the Paperwork Reduction Act of 1995 (PRA). Public comments on the ICR are invited.

**DATES:** The OMB will consider all written comments that the agency receives on or before December 29, 2022.

**ADDRESSES:** Written comments and recommendations for the proposed information collection should be sent within 30 days of publication of this notice to *www.reginfo.gov/public/do/PRAMain.* Find this particular information collection by selecting ''Currently under 30-day Review—Open for Public Comments'' or by using the search function.

*Comments are invited on:* (1) whether the collection of information is necessary for the proper performance of the functions of the Department, including whether the information will have practical utility; (2) if the information will be processed and used in a timely manner; (3) the accuracy of the agency's estimates of the burden and cost of the collection of information, including the validity of the methodology and assumptions used; (4) ways to enhance the quality, utility and clarity of the information collection; and (5) ways to minimize the burden of the collection of information on those who are to respond, including the use of automated collection techniques or other forms of information technology.

**FOR FURTHER INFORMATION CONTACT:** Nora Hernandez by telephone at 202–693–8633, or by email at *DOL_PRA_PUBLIC@dol.gov.*

**SUPPLEMENTARY INFORMATION:** This information collection maintains the safe use of high-voltage continuous mining machines (HVCMMs) in underground coal mines by requiring testing, examination and maintenance on machines to reduce fire, electrical shock, ignition and operation hazards. 30 CFR 75.829(b)(1), 75.831, and 75.832(a) through (c) and (g)(1through (g)(3) contain requirements for examination, maintenance, and recordkeeping on HVCMMs to reduce fire, electrical shock, ignition, and operational hazards. For additional substantive information about this ICR, see the related notice published in the **Federal Register** on August 22, 2022 (87 FR 51448).

This information collection is subject to the PRA. A Federal agency generally cannot conduct or sponsor a collection of information, and the public is generally not required to respond to an information collection, unless the OMB approves it and displays a currently valid OMB Control Number. In addition, notwithstanding any other provisions of law, no person shall generally be subject to penalty for failing to comply with a collection of information that does not display a valid OMB Control Number. *See* 5 CFR 1320.5(a) and 1320.6.

DOL seeks PRA authorization for this information collection for three (3) years. OMB authorization for an ICR cannot be for more than three (3) years without renewal. The DOL notes that information collection requirements submitted to the OMB for existing ICRs receive a month-to-month extension while they undergo review.

*Agency:* DOL–MSHA.

*Title of Collection:* High-Voltage Continuous Mining Machine Standards for Underground Coal Mines.

*OMB Control Number:* 1219–0140.

*Affected Public:* Businesses or other for-profits institutions.

*Total Estimated Number of Respondents:* 3.

*Total Estimated Number of Responses:* 4,092.

*Total Estimated Annual Time Burden:* 192 hours.

*Total Estimated Annual Other Costs Burden:* $0.

(Authority: 44 U.S.C. 3507(a)(1)(D))

**Nora Hernandez,**

*Departmental Clearance Officer.*

[FR Doc. 2022–25977 Filed 11–28–22; 8:45 am]

BILLING CODE 4510–43–P

## DEPARTMENT OF LABOR

### Occupational Safety and Health Administration

**[Docket No. OSHA–2022–0001]**

### Advisory Committee on Construction Safety and Health

**AGENCY:** Occupational Safety and Health Administration (OSHA), Labor.

**ACTION:** Request for nominations.

**SUMMARY:** The Secretary of Labor requests nominations for membership