

CHAMBERS OF
TIMOTHY M. REIF
JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, N.Y. 10278-0001

June 6, 2024

**VIA CM/ECF**

      Re:    *Eregli Demir ve Celik Fabrikalari T.A.S. v. United States International Trade Commission*
             Court No. 22-00349

Dear Counsel:

      Oral argument in this action is scheduled for June 13, 2024, at 10:00am ET in Courtroom No. 1 of the U.S. Court of International Trade, One Federal Plaza, New York, New York, with the option to appear via video conference. In preparation for oral argument, the court would like counsel to be prepared to address the issues noted below. As the court continues to review the documents in this case or as the argument progresses, the court may decide to ask additional questions.

      Please be advised that the court prefers to conduct oral argument interactively, allowing each party to respond to the question presented before moving on to the next question. To facilitate this interaction, counsel are welcome to remain seated for the duration of the hearing. Any counsel who intends to participate virtually via video conference is instructed to inform the case manager, Lewis Hugh, and is further instructed to test their Internet connection, audio performance and video performance prior to joining the oral argument. If counsel experiences any difficulties during the test, the court instructs counsel to connect to the oral argument through the provided telephone dial-in. In this case, counsel may also choose to connect with their computer camera but must speak through the telephone. Finally, counsel is instructed to turn their camera on and to remain visible to the court throughout the duration of the oral argument.

      Please be advised that the use of personal devices with screens is prohibited in the courtroom during the duration of the oral argument.

For the oral argument, the court would like parties to focus primarily on the following issues:

I. **Jurisdiction under 28 U.S.C. § 1581(i)**

   A.  Plaintiff asserts that it "could not have raised . . . a claim appealing the final injury determination" because such a claim "would have [had] to rely upon a speculative result of a separate appeal of a separate administrative action with a separate administrative record." Pl. Br. at 11. "[T]o be manifestly inadequate," the remedy under 28 U.S.C. § 1581(c) "must be an 'exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain.'" *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193-94 (Fed. Cir. 2018) (citation omitted).

   In *Encon Industries, Inc. v. United States*, 18 CIT 867 (1994), this court addressed a plaintiff's argument that plaintiff could not have challenged the determination of the U.S. International Trade Commission (the "Commission") prior to the publication of an amended AD order from the Department of Commerce ("Commerce"). The court rejected plaintiff's argument and stated that "parties can and do challenge ITC's actions on the basis of errors in the information furnished to it by Commerce. It may be that in such cases the ITC litigation must be stayed in order for the plaintiff to have the maximum chance of success, but such stays have been granted." *Id.* (citations omitted).

   - Please explain the reasons that the position of plaintiff in the instant case can or cannot be reconciled with the court's holding in *Encon Industries*.

   B.  "The use of 'the [28 U.S.C. § 1581(c)] remedy' by other litigants in Plaintiff's position is persuasive of its adequacy." *Royal United Corp. v. United States*, 34 CIT 756, 766, F. Supp. 2d 1307, 1317 (2010) (quoting *Miller & Co. v. United States*, 824 F.2d 961, 964 (Fed. Cir. 1987)). Defendant-intervenors cite *Boomerang Tube LLC v. United States*, Ct. No. 14-00196 and *United States Steel Corp. v. United States*, Consol. Ct. No. 14-00232. There, domestic interested parties challenged concurrently the determinations of both Commerce and the Commission following the 2014 antidumping investigations of oil country tubular goods (OCTG). *Id.*

   - Please explain the reasons that the path pursued by domestic interested parties following the determinations of Commerce and the Commission in the investigations of OCTG does or does not establish the adequacy of relief under § 1581(c) in the instant case.

C.  Plaintiff argues that relief under § 1581(c) would have been manifestly inadequate because it would have required a stay, which, according to plaintiff, would not have been granted.  See Pl. Br. at 16 (citing *LG Elecs., Inc. v. United States*, 38 CIT 103 (2014)).  Defendant-intervenors respond by noting that the USCIT has granted contested motions for a stay of a challenge to a Commission injury determination "on the basis of alleged errors in the information furnished to [the Commission] by Commerce."  Def.-Intervenors Br. at 15-16 (citing *DuPont Teijin Films v. United States*, Slip Op. 15-95, 2015 WL 5024950 (CIT Aug. 26, 2015)).

- In light of the court's decision in *DuPont Teijin Films*, please explain the reasons that relief under § 1581(c) would have been manifestly inadequate.

D.  Defendant-intervenors argue that plaintiff "could have pursued the remedy it seeks . . . by timely appealing the Commission's affirmative final determination of material injury in the original investigation under 28 U.S.C. § 1581(c)."  Def.-Intervenors Br. at 3.

- Please explain whether defendant-intervenors' position would require every interested party that challenges a Commerce final determination to challenge also the final determination of the Commission to preserve the interested party's rights.

II. **Whether plaintiff has stated a claim for which relief can be granted**

A.  Parties agree that the Commission has the "inherent authority to reconsider [its] own decisions."  Pl. Br. at 21 (citing *Elkem Metals Co. v. United States*, 26 CIT 234, 239, 193 F. Supp. 2d 1314, 1320 (2002)); Def.-Intervenors Br. at 21.  However, parties disagree as to whether the recalculation of Colakoglu's dumping margin and subsequent exclusion of Colakoglu from the AD order amount to "extraordinary circumstances."  Pl. Br. at 7; Def.-Intervenors Br. at 24.

- Please explain the reasons that this case presents — or does not present — "extraordinary circumstances that . . . strike at the heart of the integrity of the administrative process." *Ferrosilicon from Brazil, China, Kazakhstan, Russia, Ukraine, & Venezuela*, USITC Inv. No. 303-TA-23 (Aug. 1999) (citing *Alberta Gas Chemicals Ltd. v. Celanese Corp.*, 650 F.2d 9, 12-13 (2d Cir. 1981)).

3

B.  19 U.S.C. § 1677(35)(C)(ii) states that "in making a final determination under section 1673d(b)," the "magnitude of the margin of dumping used by the Commission shall be . . . the dumping margin or margins most recently published by the administering authority prior to the closing of the Commission's administrative record." The Statement of Administrative Action states that § 1677(35)(C) "precludes challenges to a Commission determination on the basis that Commerce later modifies the original dumping margin." *See Statement of Administrative Action accompanying the Uruguay Round Agreements Act* ("SAA"), H.R. Doc. No. 103-316 (1994), reprinted in 1994 U.S.C.C.A.N. 4040, at 851.

- Please explain the reasons that the SAA, which states that § 1677(35)(C) precludes reconsideration of the Commission's impact analysis on the basis of recalculated dumping margins of Commerce, makes clear or does not make clear that § 1677(35)(C) precludes reconsideration of the Commission's negligibility analysis.

The court prefers to discuss any confidential information all at once, following the public session, at which time those without authorized access to confidential information will be asked to leave the Courtroom or be dropped from the videoconference.

Parties may raise other issues that they consider to be of highest importance. Thank you for your assistance and cooperation.

Sincerely,

/s/ Timothy M. Reif

_____

Timothy M. Reif, Judge